Thomas Spielbauer, Esq.
SBN 78281
THE SPIELBAUER LAW FIRM
1250 Oakmead Parkway, Suite 210
Sunnyvale, CA 94085
(408)451-8499
Fax: (610)423-1395
thomas@spielbauer.com

Attorneys for Jim E. Moore, Plaintiff

**IN THE SUPERIOR COURT
OF THE STATE OF CALIFORNIA
CONTRA COSTA COUNTY**

| | |
|---|---|
| JIM E. MOORE,<br><br>        Plaintiff.<br><br>v.s.<br><br><br>CHASE BANK; BNC MORTGAGE, INC.; NDEx West LLC; STIRLING FUNDING CORPORATION; KEVIN CAYLOR; and DOES 1-20,<br><br>        Defendants. | No: MSC08-00040<br><br>DOCUMENT PRODUCTION REQUEST TO DEFENDANT BNC MORTGAGE, INC.<br><br>Plaintiff's Set Number One |

To: BNC Mortgage, Inc., also known as BNC Mortgage Corporation and BNC Mortgage, LLC, through its registered agent, Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

Plaintiff Jim E. Moore serves this request for production on BNC, as authorized by California Code of Civil Procedure §2031.  BNC must produce all requested documents for inspection and copying either as they are kept in the ordinary course of business or segregated according to each request.

The documents and tangible things shall be produced for inspection and copy on Thursday, February 21, 2008 at 10:00 a.m. at 341 Lafayette Street, Santa Clara, CA 95050.

In the alternative, the responding party may comply with its obligation to produce documents by providing reproductions equal in quality to the original

documents on or before the date scheduled for production. In such case, the documents must be produced within 40 days of service of this request, at the SPIELBAUER LAW FIRM, 1250 Oakmead Parkway, Suite 210, Sunnyvale, CA 94085.

The documents may be electronically copied in adobe pdf format and furnished in that format (CD ROM or other media) to attorneys for plaintiff.

INSTRUCTIONS

1. Answer each request for production separately by listing the documents and by describing them as defined below. If documents are numbered for production, in each response provide both the information that identifies the document and the document's number.

2. For each document or other requested information that BNC asserts is privileged or is not discoverable, identify that document or other requested information. State the specific grounds for the claim of privilege or other ground for exclusion.

3. For each document that BNC claims is not discoverable, state (1) the information required by the definition of "document" below; (2) the author's job title and address; (3) the recipient's job title and address; (4) the name and job title of all persons to whom it was circulated or who saw it; (5) the name, job title, and address of the person now in possession of the document; and (6) the document's present location.

4. For a document that no longer exists or cannot be located, identify the document, state how and when it passed out of existence or when it could no longer be located, and state the reasons for the disappearance. Also, identify each person having knowledge about the disposition or loss of the document, and identify any other document evidencing the lost document's existence or any facts about the lost document.

//

## DEFINITIONS

The following terms have the following meanings, unless the context requires otherwise:

1. <u>Parties.</u>  The term "plaintiff" or "defendant," as well as a party's full or abbreviated name or a pronoun referring to a party, means the party and, where applicable, its agents, representatives, officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates.

2. <u>Person.</u>  The term "person" means any natural person, any business, a legal or governmental entity, or an association.

3. <u>Document.</u>  The terms "document" and "papers" include writings, drawings, graphs, charts, photographs, phonorecords, telephone records, and other data compilations from which information can be obtained, translated, if necessary, by defendant BNC through detection devices into reasonably usable form.  It includes computer or digital records in any format, to include email.  A draft or nonidentical copy is a separate document within the meaning of this term.  The term "document" also includes "any tangible things".  The term "document" is synonymous in meaning and equal in scope to the usage of this term in California Evidence Code §§250, 255 and 260.

4. <u>Communication.</u>  The term "communication" means the transmittal of information in the form of facts, ideas, inquiries, or otherwise.

5. <u>Identify (person).</u>  When referring to a person, "identify" means to give to the extent known the person's full name, present or last known address, telephone number, and, when referring to a natural person, the present or last known place of employment.  Once a person has been identified in compliance with this paragraph, only the name of that person need be listed in response to later discovery requesting the identification of that person.

6. <u>Identify (document).</u>  When referring to a document, "identify" means to give, to the extent known, the following information: (a) the type of

document; (b) the general subject matter of the document; (c) the date of the document; (d) the authors, addressees, and recipients of the document; (e) the location of the document; (f) the identity of the person or entity who has custody of the document; and (g) whether the document has been destroyed, and, if so, the (i) date of its destruction, (ii) reason for its destruction, and (iii) identity of the person who destroyed it.

    7.    <u>Relating.</u>  The term "relating" means concerning, referring, describing, evidencing, or constituting, directly or indirectly.

    8.    <u>All/Each.</u>  The terms "all" and "each" should be construed as all and each.

    9.    <u>Any.</u>  The term "any" should be understood in either its most or its least inclusive sense as necessary to bring within scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

    10.    <u>And/Or.</u>  The connectives "and" and "or" should be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

    11.    <u>Number.</u>  The use of the singular form of any word includes the plural and vice versa.

    12.    <u>Master Servicer.</u> A Master Servicer is the person or entity which oversees the servicing operations of a loan.

    13.    <u>Sub Servicer.</u>  A Sub Servicer is the person or entity which collects payments and maintains borrower escrow accounts.

    14.    <u>Special Servicer.</u> A Special Servicer is the person or entity which engages in loss mitigation and forecloses on a loan.

    15.    <u>Securitization.</u>  The term Securitization is defined as the process of investing and providing capital for the creation of mortgage loans. In this process, loans are pooled and assigned to a trustee that supervises the servicers of

the loans and distributes the monthly returns to the securities holders.  The pools of loans may be insured and may be rated by a bond-rating agency.  An investment firm normally invites investors to buy certificates or mortgage-backed securities that pay an attractive interest rate over a specific term.  Investors are compensated through interest payments that may be guaranteed by a bond insurance company.

**DEMAND FOR PRODUCTION AND INSPECTION OF DOCUMENTS**

1. Cancelled checks from the settlement agent showing all disbursements made from the loan proceeds and any other payments made that in possession of BNC or readily available to it.

2. Written agreements in this matter and pertaining to the Jim E. Moore loan of September 23, 2004, between and among:

    a. BNC with any other party in this matter;

    b. Broker and BNC;

    c. BNC and an assignee;

    d. BNC, any servicer, and any trustee;

    e. Master Servicer and any Sub Servicer;

    f. Master Servicer and any Special Servicer; and

    g. Any Sub Servicer and any Special Servicer.

3. Rate sheets from BNC and any broker or agent showing the interest rates available at the time of the loan.  This is particularly relevant in light of the fact that a yield spread premium was paid.

4. BNC Underwriting guidelines.

5. Entire creditor file.

6. Entire assignee file.

7. Entire mortgage broker file.

8. Any and all Loan Submission forms for plaintiff's September 2004 Loan.

9.  Transmittal Form.

10.  Document Order Form.

11.  Initial Loan Application.

12.  Final Loan Application.

13.  Property Appraisal.

14.  Loan Benefit Analysis.

15.  BNC's Mortgage Loan Credit Guidelines.

16.  BNC's Underwriting Guidelines.

17.  Underwriter's Worksheet.

18.  All documents regarding the sale or attempted sale of the loan to Investors and any subsequent repurchase.

19.  All documents pertaining to the securitization or attempted securitization of this loan.

20.  Yield Spread Premiums earned in this matter, by the brokers or through the sale to investors of this September 23, 2004 loan.

21.  Commissions and or Premiums paid to BNC Mortgage Corporation or BNC Employees or Kevin Caylor or Sterling Funding, or any of their successors from this loan event.

22.  Identify any prior and current complaints to BNC or an assignee of any of the parties from other borrowers about any party involved in the transaction.

23.  Identify information about the number of loans originated by the BNC which went into default and in foreclosure, to include the number of foreclosures and foreclosure rates over the last five years in the State of California.

24.  Identify the files of other borrowers of BNC who have gone through foreclosure in California as a result of Adjustable loans on their homes for the last five years.

25.  Identify all employees of BNC involve with the loan of September 23, 2004 and which is the subject matter of this litigation.

26. BNC Employee training manuals concerning adjustable rate mortgages.

27. The loan note in this case to include all riders, the deed of trust, the Truth in Lending Disclosure, and the HUD-1 settlement statement.

28. All loan applications in this matter, to include handwritten and typed, credit insurance application, and credit report.

29. Complete life-of-the-loan payment history for Jim E. Moore's account in a complete and comprehensible format in which all codes are translated, or one in which a separate explanation of all transactions codes used by the servicer or by BNC is provided.

30. Contact history detailing communications with the borrower Jim E. Moore, trustor, and other third parties. This contact history is to include events in the loan's history such as the date the loan was referred to a servicer and all automated and personal calls to Jim E. Moore which were made.

31. Pooling and servicing agreements regarding the securitization or servicing of loan or trust deed, which loan or trust deed is the subject matter of this litigation.

32. All documents which state who is the owner of the loan or mortgage or the Master Servicer of the loan or mortgage, and the name, address, and telephone number of such owner or Master Servicer.

33. All documents which state who are and were Sub Servicers of the loan or mortgage, and the name, address, and telephone number of such Sub Servicers.

34. All documents which state who are and were Special Servicers of the loan or mortgage, and the name, address, and telephone number of such Special Servicers.

35. All documents concerning the sale or assignment of this September 23, 2004 secured note.

36. All documents concerning the sale or assignment of the servicing

1  rights to this September 23, 2004 secured note.

2  37. Copies of the articles of incorporation and annual reports for the past five years of BNC. (This information is relevant to know who stands behind the corporation).

38. Copies of all reports BNC has filed or has caused to be filed with the Securities and Exchange Commission for the past five years. (Entities which must file with the SEC also include trusts that are frequently involved in the securitization process.)

39. Identify information about other lawsuits against BNC involving non-judicial foreclosures in the State of California and which have been filed against the BNC during the past five years. This information is to include the County in which the lawsuit was filed, the docket or court case number of the matter, the date in which it was filed, the names of the parties in the matter, the identities of the attorneys (to include name, address, telephone number, fax number, and email address) for opposing side, and the current status of the matter.

Dated: January 5, 2008

THE SPIELBAUER LAW FIRM

*[signature: Thomas J. Spielbauer]*

by Thomas Spielbauer, Esq.
Attorney for Plaintiff, Jim E. Moore

Thomas Spielbauer, Esq.
SBN 78281
THE SPIELBAUER LAW FIRM
1250 Oakmead Parkway, Suite 210
Sunnyvale, CA 94085
(408)451-8499
Fax: (610)423-1395
thomas@spielbauer.com

Attorneys for Jim E. Moore, Plaintiff

**IN THE SUPERIOR COURT
OF THE STATE OF CALIFORNIA
CONTRA COSTA COUNTY**

| | |
|---|---|
| JIM E. MOORE,<br><br>    Plaintiff.<br><br>v.s.<br><br>CHASE BANK; BNC MORTGAGE, INC.; NDEx West LLC; STIRLING FUNDING CORPORATION; KEVIN CAYLOR; and DOES 1-20,<br><br>    Defendants. | No: MSC08-00040<br><br>PROOF OF SERVICE OF DOCUMENT PRODUCTION REQUEST TO DEFENDANT BNC MORTGAGE, INC.<br>Plaintiff's Set Number One<br><br>BY FAX/EMAIL |

I, Marshal Manlove, declare:

I am a resident of Castle County in the State of Delaware. I am a registered process server in the State of Delaware. I am now, and at all times herein mentioned, was over the age of eighteen years and not a party to the above-mentioned matter. My business address is 230 N. Market Street, Wilmington, DE 19801.

On Monday, January 7, 2008, I served a copy of the following document: **DOCUMENT PRODUCTION REQUEST TO DEFENDANT BNC MORTGAGE, INC., Plaintiff's Set Number One** . I completed service by delivering a copy of this document to the Registered Agent for BNC Mortgage, Inc.. The Registered Agent is the Corporation Service Company. I delivered

-1-

1  these papers to the Corporation Service Company at 2711 Centerville Road,
2  Wilmington, DE 19808.
3      I declared under penalty of perjury under the laws of the State of California
4  and of Delaware that the foregoing is true and correct to the best of my knowledge.
5  Executed in Wilmington, Delaware on January 7, 2008.

*[signature]*
Marshal Manlove