Thomas Spielbauer, Esq.
SBN 78281
THE SPIELBAUER LAW FIRM
1250 Oakmead Parkway, Suite 210
Sunnyvale, CA 94085
(408)451-8499
Fax: (610)423-1395
thomas@spielbauer.com

Attorneys for Jim E. Moore, Plaintiff

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JIM E. MOORE,<br><br>                    Plaintiff.<br><br>v.s.<br><br>J. P. CHASE MORGAN BANK; BNC MORTGAGE, INC.; NDEx West LLC; STIRLING FUNDING CORPORATION; and KEVIN CAYLOR,<br><br>                    Defendants. | No. 3:08-cv-00350-SC<br><br>Contra Costa County Superior Court No: MSC08-00040<br><br>REPLY TO BNC's OPPOSITION TO MOTION TO REMAND |

   BNC's response to plaintiff's motion to remand is distressing due to the fact that it is misleading on multiple levels. BNC's response alone justifies an award of attorney fees beyond the contrived removal.

   The essence of BNC's opposition is that since Jim Moore referenced Truth in Lending, Fair Debt Collections, RESPA, and HOEPA in his complaint, those references constitute causes of action "arising under" the federal laws. BNC then argues federal preemption by HOLA.[1]

//

---

[1] Home Owner Loan Act, 12 U.S.C. §§ 1461 et seq..

-1-

**STATE COURT ACTION**

"In scrutinizing a complaint in search of a federal question, a court applies the well-pleaded complaint rule. [Citation]. For removal to be appropriate under the well-pleaded complaint rule, a federal question must appear **on the face** of a properly pleaded complaint. [Citation]."[Emphasis mine.][2]

The master-of-the-complaint doctrine was established long after the well-pleaded complaint rule, but it rests on the same principles. Under this doctrine, the plaintiff is the master of his own complaint and is permitted to remain in state court if he chooses to forego his federal claims. The master-of-the-complaint doctrine was first announced by Justice Holmes in 1913: "Of course the party who brings a suit is master to decide what law he will rely upon and therefore does determine whether he will bring a 'suit arising under' the. . . law of the United States."[3] The doctrine was reaffirmed in 1918, when the Court declared that "the plaintiff may by the allegations of his complaint determine the status with respect to removability of a case."[4] Even to this day, and in this way, the plaintiff controls the extent to which his claim is removable.[5]

Jim Moore has neither pled nor does there appear federal causes of action in his complaint.

BNC has ignored the significant fact, conceded in plaintiff's motion to

---

[2] *Ansley v. Ameriquest Mortgage Company* (9th Cir. 2003) 340 F.3d 858, 861, citing to *Caterpillar Inc. v. Williams* (1987) 482 U.S. 386, 392 and to *Rivet v. Regions Bank of Louisiana* (1998) 522 U.S. 470, 475.

[3] *Fair v. Kohler Die & Specialty Co.* (1913) 228 U.S. 22, 25.

[4] *Great N. Ry. Co. v. Alexander* (1918) 246 U.S. 276, 282.

[5] See *Billy Jack for Her, Inc. v. New York Coat Workers' Union* (S.D.N.Y. 1981) 511 F. Supp. 1180, 1184 ("[T]he plaintiff, by the allegations of its complaint, really determines whether the case is removable as one arising under the laws of the United States."

remand, that **the statutes of limitation pertaining to the referenced federal statutes have expired**. BNC also ignores the fact that the actions which would be a violation of federal law are also acts in and of themselves which constitute violations of California State law. So desperate is BNC to find federal causes of action that it refers to a letter written on behalf of Jim Moore on December 31, 2007 seeking to delay the foreclosure sale set for January 7, 2008. It was a letter which the defendants ignored, not even bothering to show up for the state court TRO hearing on January 4th. BNC has nonetheless attached this letter as an Exhibit to its opposition.

BNC argues in its response that Jim Moore alleges rescission pursuant to the Truth in Lending Act in his complaint.[6] This is false. Jim Moore prays for the remedy of rescission, a remedy permitted by his pled causes of action of Unconscionableness and Fraud.

BNC argues that since it has a completed copy of the federal TILA right to cancel in its files, which it has attached as Exhibit 3 to its response, necessarily two completed copies were provided to Jim Moore at the time of signing, on September 23, 2004.[7] TILA is thereby implicated.

The facts are, as established in the verified complaint, that Jim Moore has attached an exact copy of the notice of the right to cancel given to him as an exhibit to his complaint. BNC provided this cancellation notice to Mr. Moore in a blank condition. This failure to provide the required disclosures extended his right to rescind for up to three years.[8] Furthermore, such omission has been found to be a material violation of the Truth in Lending Act, and as such, triggers the

---

[6] See BNC Response, page 2, lines 1-3.

[7] See BNC Response, page 5, lines 6-9.

[8] 15 U.S.C. § 1635(f).

consumer's extended right to rescind the transaction.[9]

Again, Jim Moore's three year right to rescind has expired. He no longer has a right to rescind arising under TILA. However, these circumstances of BNC furnishing blank copies of the right to rescind is evidence of the fraud and unfair business practices which characterized the execution of this entire loan transaction. Yet BNC would seek to mislead this Court into believing that since a TILA cancellation notice was involved, this TILA reference necessarily gives rise to original federal jurisdiction, even though this cause of action cannot be pled.

## MINIMIZED URGENCY

In an attempt to minimize the danger of the pending foreclosure sale of Jim Moore's home, Eric Houser states, "I have been informed by John Sorich, counsel for JP Morgan Chase that the foreclosure sale has been postponed to April 7, 2008. I have informed plaintiff's counsel in writing that the foreclosure sale will not proceed on February 7, 2008."[10] There are multiple problems with this statement.

Mr. Houser, however good his intentions may be, does not have any authority to bind the beneficiary nor the trustee. BNC is neither. Mr. Houser is counsel for BNC. The proper person to have submitted a declaration is Mr. Sorich. The absence of Mr. Sorich's declaration, in light of his joinder, is striking. Beyond this, however, is the advisement of Priority Posting which belies Mr. Houser's statement. This website in fact calendars the foreclosure sale of Mr. Moore's home for February 7, 2008, not April 7, 2008. This website posting is attached as an exhibit to this reply.

---

[9] See *Semar v. Platte Valley Fed. Sav. & Loan Ass'n*, 791 F.2d 699 (9th Cir. 1986).

[10] Declaration of Eric D. Houser, BNC Opposition to Exparte Motion to Remand, ¶3.

This observation is made with the full recollection that the only thing which stopped JP Chase Morgan and NDEx West from auctioning Jim Moore's home on January 7, 2008 was an order from the Contra Costa County Superior Court prohibiting them from doing this.

**FEDERAL PREEMPTION**

BNC goes on to argue that the fraudulent circumstances of the September 23, 2004 loan from BNC is completely preempted by federal law, specifically the Home Owners Loan Act, 12 U.S.C. §1461.

Federal preemption of state law can occur in three circumstances: (1) clear and express preemption where Congress explicitly preempts state law; (2) implied preemption where Congress has intended to occupied the entire field (field preemption); and (3) implied preemption where there is an actual conflict between federal and state law (conflict preemption).[11]

Concerning express preemption, the United States Supreme Court has found only three statutes which expressly preempt, and HOLA and TILA are not on that short list.[12]

As to conflict preemption, state jurisdiction is preempted by the operation of federal law only if it interferes or is incompatible with federal law, unless the state interests at stake are sufficient to justify the assertion of state authority.[13] For conflict preemption to exist, it must be impossible to comply with both the federal

---

[11] *Choy v. Redland Ins. Co.* (2d Dist. 2002) 103 Cal. App. 4th 789, review denied, (Feb. 11, 2003); *Dwayne P. v. Superior Cour t* (4th Dist. 2002) 103 Cal. App. 4th 247, review denied, (Jan. 15, 2003).

[12] *Ansley v. Ameriquest Mortgage Company* (9th Cir. 2003) 340 F.3d 858, 862.

[13] *Dwayne P. v. Superior Court* (4th Dist. 2002) 103 Cal. App. 4th 247, review denied, (Jan. 15, 2003).

and state laws.[14]

That leaves implied or field preemption. The key is congressional intent. The critical question in any preemption analysis is always whether Congress intended that federal regulation supersede state law.[15] **The starting presumption is that Congress has not intended federal preemption**.[16]

The Federal Appellate case of *Schmeling v. Nordam*[17] aids in evaluation the concept of total federal preemption. In S*chmeling*, plaintiff Curtis Schmeling sued Nordam Corporation following the termination of his employment with Nordam. Schmeling had tested positive for drugs but also had thereafter completed a drug program. He subsequently tested negative for drugs but was nonetheless fired. Nordam was an air repair station, certified by the Federal Aviation Administration (FAA), that contracts with commercial airlines to manufacture and perform maintenance work on aircraft parts. Schmeling sued in Oklahoma state court, and Nordam removed the case to federal district court. The 10th Circuit ordered the matter remanded state court finding no federal preemption.

The Court found the test for complete federal preemption to be strict. In determining whether total federal preemption exists, the following two questions must be answered with a firm yes: (1) Whether the regulations and law have preempted the relied- upon state laws, and (2) whether Congress intended to

---

[14] *Consumer Justice Center v. Olympian Labs, Inc*. (4th Dist. 2002) 99 Cal. App. 4th 1056.

[15] *Washington Mutual Bank v. Superior Court* (2d Dist. 2002) 95 Cal. App. 4th 606, as modified, (Feb. 15, 2002).

[16] *City of Rancho Palos Verdes v. Abrams* (2d Dist. 2002) 101 Cal. App. 4th 367, as modified on denial of reh'g, (Sept. 11, 2002) and review denied, (Nov. 13, 2002).

[17] *Schmeling, v. Nordam* (10th Circuit 1996) 97 F.3d 1336.

mandate removal, as manifested by the specific provision of a federal cause of action.[18]

The *Schmeling Court* examined the second part of the test first so as to avoid looking at the merits without first establishing some potential for jurisdiction. [19] Following this analysis, the court found removal <u>improper</u> because Congress, "neither expressly nor impliedly provided Schmeling with a federal cause of action to enforce the FAA drug testing laws."[20]

Laws concerning consumer protection, such as the Unfair Practices Act (Business & Prof. Code, §§ 17200 et seq.) and the Consumers Legal Remedies Act (Civ. Code, §§ 1750 et seq.), are included within the states' police power. As a result, they are subject to a heightened presumption **against** preemption. **The party claiming federal preemption bears the burden of establishing it.**[21]

*Black v. Financial Freedom Senior Funding Corporation*[22] is remarkably similar to this matter. In an action for elder abuse, unlawful business practices, fraudulent concealment, and negligent misrepresentation in which homeowners alleged inadequate disclosures and false representations by defendants regarding reverse mortgages, the trial court erred in finding that the Truth in Lending Act (15 U.S.C.A. §§ 1601 et seq.) preempted plaintiffs' claims. The Appellate Court found no preemption. As this Court should in this matter, the Appellate Court

---

[18] *Schmeling, v. Nordam* (10th Circuit 1996) 97 F.3d 1336, 1342.

[19] *Id.* at 1343.

[20] *Id.* at 1344.

[21] *Washington Mutual Bank v. Superior Court* (2d Dist. 2002) 95 Cal. App. 4th 606, as modified, (Feb. 15, 2002); *City of San Jose v. Department of Health Services* (6th Dist. 1998) 66 Cal. App. 4th 35.

[22] *Black v. Financial Freedom Senior Funding Corp.* (1st Dist. 2001) 92 Cal. App. 4th 917.

found that the plaintiffs' claims did not thwart but in fact advanced the stated purpose of TILA, which is to protect customers from inaccurate and unfair credit practices. The Appellate Court found that States remained free to impose greater protections for borrowers.[23]

## HOME OWNERS' LOAN ACT

BNC argues that the Home Owners' Loan Act requires exclusive federal jurisdiction, and preemption. This argument is similar to the argument advanced by Ameriquest in the Ninth Circuit case of *Ansley v. Ameriquest Mortgage Company*[24].

The paramount purpose of the Home Owners' Loan Act[25] is to ensure the solvency of federal associations. Causes of action for Unfair Business practices do not directly affect the institution's solvency operations under the regulations and federal preemption does not apply.[26] Thus in *Sepulveda*[27], the Court found that conduct in perpetuating slum conditions by Highland Federal's lending practices was not subject to federal preemption under HOLA even though Highland Federal Savings and Loan was a federally chartered savings and loan.

In *McKell v. Washington Mutual., Inc.*,[28] residential borrowers filed a class

---

[23] *Black v. Financial Freedom Senior Funding Corp.* (1st Dist. 2001) 92 Cal. App. 4th 917, review denied, (Jan. 23, 2002) and cert. denied, 122 S. Ct. 2662 (U.S. 2002).

[24] *Ansley v. Ameriquest Mortgage Company* (9th Cir. 2003) 340 F.3d 858.

[25] 12 U.S.C. §§ 1461 et seq..

[26] *People ex rel. Sepulveda v. Highland Fed. Savings & Loan* (2d Dist. 1993) 14 Cal. App. 4th 1692.

[27] *People ex rel. Sepulveda v. Highland Fed. Savings & Loan* (2d Dist. 1993) 14 Cal. App. 4th 1692.

[28] *McKell v. Washington Mutual, Inc.* (2d Dist. 2006) 142 Cal. App. 4th 1457.

action suit against Washington Mutual claiming that Washington Mutural had overcharged their settlement costs. The amended complaint alleged violations California's Unfair Competition Law ("UCL"). The court of appeal rejected the Washington Mutual's claim that the UCL and other state law causes of action were preempted by RESPA and Regulation X or by the Home Owners' Loan Act ("HOLA"). The court noted that RESPA and Regulation X do not expressly preempt state law causes of action by their provisions. As for HOLA, the Borrowers were not trying to use the UCL to enforce a state law purporting to regulate lending activities of federal savings associations. Rather, the Borrowers were using the UCL to attempt to enforce general duties imposed on all businesses.

In *Gibson v. World Savings & Loan Association*[29], the California Court of Appeal held that a state Unfair Competition Law ("UCL") claim was not subject to federal preemption because the claim only incidentally involved lending. *Gibson* was a case brought by borrowers against World Savings, a savings and loan association, concerning forced insurance. After borrowers failed to maintain hazard insurance on real property securing loans made or serviced by World Savings and Loan Association, World purchased replacement hazard insurance (forced order insurance or "FOI") from another carrier at a substantially higher cost instead of reinstating the policies. According to the borrowers, World violated California's Unfair Competition Law (Bus. & Prof. Code, §§ 17200 et seq.) by violating the terms of the borrowers' deeds of trust, which authorized it to advance funds on behalf of the borrowers only to the extent necessary to protect creditor's rights. World claimed that the state claim was preempted by federal law regulating savings and loan associations, the Home Owners' Loan Act ("HOLA"),

---

[29] *McKell v. Washington Mutual., Inc.* (4th Dist. 2002) 103 Cal. App. 4th 1291, as modified, (Dec. 24, 2002) and review denied, (Mar. 19, 2003).

codified in title 12 of the United States Code, §§ 1461 et seq.. The Court of Appeal examined the nature of the claim, which involved state laws of general application that affected lending only incidentally, and concluded that the UCL claims were not preempted by federal law.

BNC has done nothing to fulfil its affirmative obligation, its burden of proof, of establishing federal preemption. It has, however, attempted to misrepresent that the Home Owners Loan Act requires federal preemption. BNC has stretched and bent the facts, and the law, and the pled causes of action in this matter, in its effort to manufacture federal jurisdiction.

## ATTORNEY FEES

As mentioned in the motion to remand, a District Court can award attorney fees when the removing party lacked an "objectively reasonable basis" for seeking removal.[30] The standard for awarding fees turns on the reasonableness of the removal.[31]

In *Ansley v. Ameriquest Mortgage Company*[32], the Ninth Circuit Court of Appeals affirmed the district court's award of attorney's fees to a borrower following the court's order remanding the complaint against Ameriquest back to state court. Initially, Ameriquest had successfully removed the action to federal court by arguing that the federal Alternative Mortgage Transaction Parity Act of 1982 completely preempted California law. BNC has made that exact same argument concerning HOLA. Concluding that the lender failed to provide any authority in support of its position to justify removal, the court held that the

---

[30] *Martin v. Franklin Capital Corporation* (2005) No. 04-1140 (Supreme Court 12/7/2005); see *Valdes v. Wal-Mart Stores, Inc.* (5th Circuit 2000) 199 F.3d 290, 293.

[31] *Martin v. Franklin Capital Corporation* (2005) No. 04-1140 (Supreme Court 12/7/2005).

[32] *Ansley v. Ameriquest Mortgage Company* (9th Cir. 2003) 340 F.3d 858.

district court's award of attorney's fees to the borrower was proper.

BNC has approached this Court with the same lack of authority, and misrepresentation, as did Ameriquest. Indeed, so has JP Morgan Chase Bank by virtue of its joinder in the removal request. BNC, and Chase, should enjoy the same reward as did Ameriquest Mortgage Company.

## CONCLUSION

Jim Moore mentioned in his motion to remand that Courts strictly construe the removal statutes in favor of remand and against removal.[33] The plausible assumption guiding this strict construction standard, and the reality from 1789 to the present, is that **state courts will hear most cases**. Again, this assumption is reflected in the fact that the removal statute is to be strictly construed.[34] As one commentator put it, "[I]t is a more serious error for the federal courts to hear a case they ought not to have heard than to decline to hear a case they might have heard."[35] Federal appellate review is always possible from a State Supreme Court determination. The placing of a predominately state law claim in federal court, however, denies the state courts any opportunity to comment on the state law issues.

//

//

---

[33] *Bosky v. Kroger Tex., LP* (5th Circuit 2002) 288 F.3d 208, 211; *Diaz v. Sheppard* (11th Circuit 1996) 85 F.3d 1502, 1505; *Brown v. Francis* (3rd Circuit 1996) 75 F.3d 860-864-865; see *Duncan v. Stuetzle* (9th Circuit 1996) 76 F.3d 1480, 1485.

[34] See, e.g., *Shamrock Oil & Gas Corporation v. Sheets* (1941) 313 U.S. 100, 106-07; *Carpenter v. Wichita Falls Independent School District* (5th Cir. 1995) 44 F.3d 362, 365-66.

[35] Robert A. Ragazzo, Reconsidering the Artful Pleading Doctrine, 44 Hastings L.J. 273, 323 (1993).

1  For the reasons stated in this reply, and in the motion to remand, plaintiff
2  Jim Moore requests that this matter be remanded forthwith to State Court, from
3  whence it came. Jim Moore further prays that this court award attorney fees in
4  accordance with the declaration of Thomas Spielbauer, which declaration is
5  attached to this reply.
6  Dated: January 25, 2008

Respectfully Submitted
THE SPIELBAUER LAW FIRM

*[signature]*

by Thomas Spielbauer, Esq.
Attorney for Plaintiff, Jim Moore

Thomas Spielbauer, Esq.
SBN 78281
THE SPIELBAUER LAW FIRM
1250 Oakmead Parkway, Suite 210
Sunnyvale, CA 94085
(408)451-8499
Fax: (610)423-1395
thomas@spielbauer.com

Attorneys for Jim E. Moore, Plaintiff

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JIM E. MOORE,<br><br>                Plaintiff.<br><br>v.s.<br><br>J. P. CHASE MORGAN BANK; BNC MORTGAGE, INC.; NDEx West LLC; STIRLING FUNDING CORPORATION; and KEVIN CAYLOR,<br><br>                Defendants. | No. 3:08-cv-00350-SC<br><br>Contra Costa County Superior Court No: MSC08-00040<br><br>DECLARATION OF THOMAS SPIELBAUER IN SUPPORT OF MOTION TO REMAND AND FOR ATTORNEY FEES |

    I, Thomas Spielbauer, do hereby declare.

    I am the attorney for Jim E. Moore in this matter.

    I am not a party to the within action.

    If called to testify, I could and would testify competently to the facts as stated within.

    I am informed and believe that the foreclosure sale date which was, originally set on January 7, 2008 has been continued to February 7, 2008. The attached exhibit reflecting the sale date of February 7, 2008 is a true and correct copy of the posting which appears on Priority Posting. I copied this posting on January 24, 2008.

The property which is subject to foreclosure sale on that date and time is 1258 Duffy Drive, Brentwood, CA 94513. Jim Moore is married and lives on a modest income. He has a wife and three children. They all live at the residence on Duffy Drive in Brentwood, CA.

The complaint which is attached as Exhibit 1 to the motion to remand is a true and correct copy of the complaint which was filed in Contra Costa County Superior Court Action MSC08-00040 on January 4, 2008.

I have invested on Friday, January 18th, and then Saturday, January 19th, and finally on Sunday, January 21st a total of 9 hours in the preparation and filing of this motion to remand this matter to State Court. I personally have researched and written this motion. I spent 2 hours researching and preparing this motion on Friday, the 18th, after I became aware of the removal. I spent 6 hours researching and writing this motion to remand on the following day, Saturday, January 19, 2008. I further spent 1 hour and completing, serving and filing this motion on Sunday, January 20, 2008.

Beyond this initial investment of time, I spent four hours researching and writing the reply to BNC's opposition on January 24, 2008 and an additional three hours completing and then filing this reply on January 25, 2008. As a result, I have invested an additional seven hours in the reply.

Thereafter, I anticipate 1 hour for the court appearance in this matter.

The total time I will have invested in this motion to remand and my reply to BNC's response is 17 hours.

The hourly fee which Jim Moore has agreed to in this matter is $500. This hourly fee takes into consideration the potential of delayed compensation in this case as well as the uncertainty of payment due to the uncertainty of outcome in this foreclosure matter.

I will have, as a result, invested approximately 17 hours in the filing and argument of this motion to remand. In light of my hourly fee of $500, the

1  attorney fees due to me for this motion is $8,500.
2       I declare under penalty of perjury that the foregoing is true and correct to
3  the best of my information and knowledge, and wherein alluded to, belief.
4  Executed this January 25, 2008 in San Jose, California.

                    THE SPIELBAUER LAW FIRM

                    *[signature: Thomas J Spiel]*

                    by Thomas Spielbauer, Esq.
                    Attorney for Plaintiff, Jim Moore



**Auctions**  |  **Holiday Calendar**  Login

### Quick Search

TS Number: 20070161903

Search

### Options

Advanced Search

**AUCTIONS matching | TS#: 20070161903582**

| TS Number | Address | Estimated Debt | Opening Bid | Status | Auction Time | User Local Time |
|---|---|---|---|---|---|---|
| Thursday, February 07, 2008 | | | | | | |
| 20070161903582 | 1258 Duffy Wy, Brentwood, CA 94513 | $307,967.68 | | Postponed to 2/7/2008 @ 01:30PM - BENEFICIARY REQUEST | 1:30 PM | 1:30 PM |

*Moore v. J. P. Chase Morgan Bank et Al.*
Northern District of California Case Number 3:08-cv-00350-SC

# CERTIFICATE OF SERVICE

I, Thomas Spielbauer, declare:

I am a resident of Santa Clara County, California. I am now, and at all times herein mentioned was, over the age of eighteen years. I am not a party to this action. My business address is 1250 Oakmead Parkway, Suite 210, Sunnyvale, CA 94085.

On January 25, 2008, I filed electronically plaintiff's REPLY TO BNC'S OPPOSITION TO THE MOTION TO REMAND with supporting documents via the Northern District of California Court's website. Counsel for BNC Mortgage, Inc., aka BNC Mortgage, LLC is a registered user of the ECF for the Northern District of California Federal Court. His name is Eric D. Houser, Esq.. His email address of ehouser@houser-law.com appears on the docket of this matter. Counsel for Chase Bank, aka JP Morgan Chase Bank, John M. Sorich, Esq. and Sung-Min Christopher Yoo, Esq. are likewise registered users of the ECF for the Northern District of California Federal Court. Their email addresses of jsorich@adorno.com and cyoo@asands.com appear on the docket of this matter.

Pursuant to Northern District General Order 45, the service of plaintiff's REPLY TO BNC'S OPPOSITION TO THE MOTION TO REMAND and supporting documents was effected at the time of filing, and notification by email to counsel for BNC by the ECF website.

However, out of an abundance of caution, I emailed a copy of this reply to Mr. Houser at his email address of ehouser@houser-law.com with a request for acknowledgment of receipt. I also emailed a copy of this pleading to John M. Sorich, Esq. at his email address of jsorich@adorno.com with a request for acknowledgment of receipt. I further emailed a copy of this pleading to S. Christopher Yoo at his email addresses of cyoo@asands.com and

1  cyoo@adorno.com, with a request for acknowledgment of receipt.  I did this on
2  January 25, 2008.
3      I declare under penalty of perjury that the foregoing is true and correct to
4  the best of my knowledge.  Executed in San Jose, California this January 25, 2008.

                          */s/ Thomas Spielbauer*

                          Thomas Spielbauer

Thomas Spielbauer, Esq.
SBN 78281
THE SPIELBAUER LAW FIRM
1250 Oakmead Parkway, Suite 210
Sunnyvale, CA 94085
(408)451-8499
Fax: (610)423-1395
thomas@spielbauer.com

Attorneys for Jim E. Moore, Plaintiff

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JIM E. MOORE,<br><br>       Plaintiff.<br><br>v.s.<br><br>J. P. CHASE MORGAN BANK; BNC MORTGAGE, INC.; NDEx West LLC; STIRLING FUNDING CORPORATION; and KEVIN CAYLOR,<br><br>       Defendants. | No. 3:08-cv-00350-SC<br><br>Contra Costa County Superior Court No: MSC08-00040<br><br>[PROPOSED] ORDER OF REMAND |

  FOR GOOD CAUSE SHOWN, this Court hereby and forthwith remands this action to the Contra Costa County Superior Court, the California State jurisdiction from which this matter was removed by Defendant BNC Mortgage on January 18, 2008 and joined by defendant JP Morgan Chase on January 22, 2008.

  This Court finds from the documents which have been filed both by defendant BNC and plaintiff Jim Moore and JP Morgan Chase that, on its face, the removed case does not arise under federal law. This Federal Court thereby lacks subject-matter jurisdiction. This lack of removal jurisdiction is clearly apparent on the face of the pleadings in this matter.

  This Court further orders that defendant BNC pay plaintiff's court costs,

1  expenses and attorney fees in the amount of $_____ pursuant to 28
2  U.S.C. §1447(c). Defendant BNC is to pay to counsel for plaintiff this amount by
3  no later than February _____, 2008.
4        This Court further orders that defendant JP Morgan Chase pay plaintiff's
5  court costs, expenses and attorney fees in the amount of $_____ pursuant
6  to 28 U.S.C. §1447(c). Defendant JP Morgan Chase is to pay to counsel for
7  plaintiff this amount by no later than February _____, 2008.
8        This Court retains jurisdiction of this matter solely on the issue of the
9  payment of expenses and attorney fees. This matter is continued for a compliance
10 hearing to _____, 2008. In the event that BNC or JP Morgan Chase does
11 not tender payment of fees as ordered herein, this continuance date shall also be a
12 hearing date for BNC and JP Morgan Chase to show legal cause for its failure to
13 comply with this Court's order.
14                       **END OF ORDER**