UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIM E. MOORE,<br><br>    Plaintiff,<br><br>  v.<br><br>CHASE BANK; BNC MORTGAGE, INC.;<br>NDEx West LLC; STIRLING FUNDING<br>CORPORATION; KEVIN CAYLOR; and DOES<br>1-20,<br><br>    Defendants. | Case No. 08-0350 SC<br><br>ORDER DENYING<br>PLAINTIFF'S MOTION TO<br>REMAND |

## I.   INTRODUCTION

This matter comes before the Court on the Ex Parte Motion to Remand ("Motion") filed by Plaintiff Jim Moore.  See Docket No. 4. The defendant BNC Mortgage ("BNC") filed an Opposition and Plaintiff submitted a Reply.  See Docket Nos. 7, 8.  For the following reasons, the Court DENIES Plaintiff's Motion to Remand.

## II.  BACKGROUND

The present action arises out of Plaintiff's September 2004 refinancing of his home loan with Defendants.  On January 4, 2007, Plaintiff filed a Complaint in the Superior Court of the State of California for Contra Costa County, alleging six causes of action: (1) declaratory judgment for violations of California Civil Code § 2924 et. seq, which establishes protections and procedures for valid foreclosure sales; (2) unfair business practices under

California Business and Professions Code § 17200; (3) fraud, pursuant to California Civil Code § 1572; (4) unconscionability; (5) breach of contract; and (6) accounting.  In addition, Plaintiff obtained a temporary restraining order from the state superior court prohibiting the foreclosure sale of his home.  Mot. at 2.  Defendants subsequently filed a timely notice for removal, see Docket No. 1, and Plaintiff filed the present Motion to Remand.

### III. DISCUSSION

"The burden of establishing federal jurisdiction is upon the party seeking removal . . . and the removal statute is strictly construed against removal jurisdiction."  Emrich v. Touche Ross & Co., 846 F.2d 1190, 1194-95 (9th Cir. 1988) (internal citations omitted).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

Ordinarily, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).  Thus, "the plaintiff [is] the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law."  Id.

In the present case, Plaintiff asserts that because the causes of action in his Complaint are all California statutory and common law claims, there is no federal jurisdiction and the case must be remanded to state court.  Plaintiff's repeated invocation

2

of federal law in his Complaint, however, belies the fact that resolution of questions of federal law underpin Plaintiff's claims. "Congress has given the lower federal courts jurisdiction to hear, originally or by removal from state court, only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." <u>Franchise Tax Bd. of the State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.</u>, 463 U.S. 1, 27-28 (1983).

In his Complaint, Plaintiff states that Defendants "are subject to and must comply with the Federal Truth in Lending Act (15 U.S.C. §§ 1601-1666j) and with the Act's corresponding Regulation Z (24 C.F.R. §§ 3500.1-3500.17)." Compl. ¶ 6. Plaintiff also alleges that Defendants "are debt collectors . . . as defined by 15 USCA § 1692a(6), the Federal Fair Debt Collection Practices Act," and that Defendants "were at all times alleged in this complaint required to comply with and [sic] the federal Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2601-2617." <u>Id.</u> §§ 7, 8. Plaintiff re-alleges these claims with greater specificity in other sections of the Complaint. <u>See</u> Compl. §§ 33-36. In light of Plaintiff's facial invocation of these federal-statute allegations, Plaintiff's argument that he did not "raise any federal issues," Mot. at 3, is plainly contradicted by his own Complaint.

In addition, several of Plaintiff's causes of action contain predicate federal statutory violations. For example, in

3

1  Plaintiff's second cause of action for unfair business practices,
2  Plaintiff alleges the following:

> Defendants . . . made the following untrue and misleading statements, and engaged in the following unfair business practices. . . . They failed to comply with the disclosure provisions of the Federal Truth in Lending Act. They failed to comply with the disclosure provisions of the Homeowner Equity Protection Act, a part of the Truth in Lending Act.

9  Compl. ¶ 60.  Under this same cause of action, Plaintiff also
10 alleges that various fees demanded by Defendants "are erroneous
11 and fraudulent, and are based on fraudulent representations,
12 violations of the Federal Truth in Lending Act, violations of
13 HOEPA [Home Owners Equity Protection Act], and concealed excessive
14 charges and fees."  Id. § 64.
15    In Plaintiff's third cause of action for fraud, Plaintiff
16 alleges the following: "Defendants . . . committed fraud in the
17 following ways. . . . They failed [to] comply with the disclosure
18 provisions of the Homeowner Equity Protection Act, a part of the
19 Truth in Lending Act."  Id. § 69.  Thus, although Plaintiff has
20 pleaded California state-law causes of action, Plaintiff's
21 decision to include numerous allegations relating to underlying
22 federal statutory violations brings his action within this Court's
23 jurisdiction.  Thus, Plaintiff's "right to relief necessarily
24 depends on resolution of a substantial question of federal law."
25 Franchise Tax Board, 463 U.S. at 27-28.
26    The Court need not reach the issue of whether any of
27 Plaintiff's claims are preempted by federal law as federal

4

subject-matter jurisdiction plainly exists by way of Plaintiff's invocation of federal statutory violations.  The Court also need not reach the issue of which of Plaintiff's causes of action may be characterized as arising under only state law; it suffices to say that Plaintiff's claims for unfair business practices and fraud both explicitly incorporate federal statutory violations and therefore create federal jurisdiction.  At the very least, the remaining claims may remain in federal court based on supplemental jurisdiction.  See 28 U.S.C. § 1367.

In addition, Plaintiff argues that the statutes of limitations for all of the federal statutes relied on in the Complaint have expired.  Even assuming, arguendo, this were so, "a plaintiff should not be permitted to effectuate remand by pointing out the flaws in her own complaint, in effect arguing for dismissal of that claim."  Barraclough v. ADP Auto. Claims Servs., 818 F. Supp. 1310, 1312 (N.D. Cal. 1993) (internal quotation marks omitted).

**IV. CONCLUSION**

For these reasons, the Court DENIES Plaintiff's Motion to Remand.

IT IS SO ORDERED.

Dated: January 31, 2008

_____
UNITED STATES DISTRICT JUDGE

5