JOHN M. SORICH (CA Bar No. 125223)
jsorich@adorno.com
S. CHRISTOPHER YOO (CA Bar No. 169442)
cyoo@adorno.com
ADORNO YOSS ALVARADO & SMITH
A Professional Corporation
1 MacArthur Place, Suite 200
Santa Ana, California 92707
Tel: (714) 852-6800
Fax: (714) 852-6899

Attorneys for Defendant JPMORGAN CHASE BANK, N.A. erroneously sued as J.P. CHASE MORGAN BANK

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIM E. MOORE,<br><br>  Plaintiffs,<br><br>v.<br><br>CHASE BANK; BNC MORTGAGE, INC.; NDEx West LLC; STIRLING FUNDING CORPORATION; KEVIN CAYLOR; and DOES 1-20,<br><br>  Defendant. | CASE NO.: 3:08-cv-00350-SC<br><br>Assigned to: Judge Samuel Conti<br><br>**DEFENDANT JP MORGAN CHASE BANK, N.A.'S NOTICE OF MOTION AND MOTION TO DISMISS THE FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED (FRCP 12(b)(6)); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>DATE:  March 21, 2008<br>TIME:  10:00 a.m.<br>CRTRM:  1, 17th Floor<br><br>**Complaint Filed:** July 25, 2007 |

**TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD HEREIN:**

PLEASE TAKE NOTICE that on March 21, 2008 at 10:00 a.m., or as soon thereafter as the matter may be heard in Courtroom "1", 17th floor, of the above-entitled court, located at Northern Division, 450 Golden Gate Ave., San Francisco, CA 94102-3483, defendant JPMorgan Chase Bank, N.A. erroneously sued as J.P. Chase Morgan Bank will move the court to dismiss the action pursuant

to Federal Rules of Civil Procedure ("FRCP") §12(b)(6) on the grounds that Plaintiff's complaint ("Complaint") fails to state a claim upon which relief can be granted.

Specifically, Defendant will move the Court as follows:

1. Plaintiff's first claim for Declaratory Relief fails to state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6);

2. Plaintiff's second claim for Unfair Business Practices fails to state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6);

3. Plaintiff's third claim for Fraud fails to state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6);

4. Plaintiff's fourth claim for Unconscionability fails to state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6);

5. Plaintiff's fifth claim for Contractual Breach of the Covenant of Good Faith and Fair Dealing fails to state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6);

6. Plaintiff's seventh claim for Accounting fails to state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6);

The motion will be based on this Notice of Motion, the Memorandum of Points and Authorities filed herewith, and the pleadings and papers filed herein.

DATED: February 8, 2008

ADORNO YOSS ALVARADO & SMITH
A Professional Corporation


By: /s/ S. Christopher Yoo
   S. CHRISTOPHER YOO
   JOHN M. SORICH
   Attorneys for Defendant JPMORGAN CHASE
   BANK, N.A. erroneously sued as J.P. CHASE
   MORGAN BANK

# TABLE OF CONTENTS

Page

I. SUMMARY OF ARGUMENT – THE COMPLAINT IS FLAWED ................................. 1

II. SUMMARY OF FACTS ALLEGED IN THE FAC ......................................................... 2

III. STANDARD FOR A MOTION TO DISMISS ................................................................. 3

IV. NO CLAIM FOR DECLARATORY JUDGMENT CAN BE ASSERTED AGAINST JP MORGAN ..................................................................................................... 4

V. NO CLAIM FOR UNFAIR BUSINESS PRACTICES CAN BE ASSERTED AGAINST JP MORGAN BECAUSE IT MADE REPRESENTATIONS REGARDING THE TERMS OF THE SUBJECT LOAN ................................................. 6

VI. NO CLAIM FOR FRAUD CAN BE ASSERTED AGAINST JPMORGAN BECAUSE CHASE MADE NO REPRESENTATION REGARDING THE TERMS OF THE SUBJECT LOAN ........................................................................................... 7

VII. THE FOURTH CLAIM FOR UNCONSCIONABILITY FAILS AS ASSERTED AGAINST JPMORGAN BECAUSE JPMORGAN HAS NO INTEREST IN THE SUBJECT LOAN OR THE DOT ................................................................................ 10

VIII. THE FIFTH CLAIM FOR CONTRACTUAL BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING FAILS BECAUSE THERE IS NO AGREEMENT BETWEEN JPMORGAN AND PLAINTIFF ....................................... 11

IX. PLAINTIFFS SEVENTH CLAIM FOR ACCOUNTING ALSO FAILS ..................... 12

X. CONCLUSION ............................................................................................................. 12

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

# TABLE OF AUTHORITIES

Page

**Cases**

*Ach v. Finkelstein*, 264 Cal.App.2d 667, 674 (1968) ...................................................................7

*Balisteri v. Pacifica Police Department*, 901 F.3d 696, 699 (9th Cir. 1990) ..................4

*Barquis v. Merchants Collection Assn.*, 7 Cal.3d 94, 113 (1972) ................................6

*Committee on Children's Television, Inc. v. General Foods Corp.* 35 Cal.3d at 216 (1983) ..................................................................................................................8

*Doherty v. Knapp,* 123 Cal.App.4th 76, 88-89 (2004) ...........................................5, 7, 10

*Gully v. Interstate Natural Gas Co.*, 82 F.2d 145, 149 (C.A.5th 1936) ........................4

*Hewlett v. Squaw Valley Ski Corp.*, 54 Cal.App.4th 499, 519 (1977)............................6

*Hewlett v. Squaw Valley Ski Corp.*, 54 Cal.App.4th 499, 519 (1977).............................7

*Hill Trans. Co. v. Southwest Forest Industries Inc.* 266 Cal.App.2d 702, 707 (1968) ..8

*In Re GlenFed Inc. Securities Litigation*, 42 F.3d 1541, 1547 (en banc) (9th Cir. 1994) ..................................................................................................................................8

*Lancaster Security Inv. Corp. v. Kessler,* 159 Cal.App.2d 649, 652 (1958) ..................5

*Lupertino v. Cabahal*, 35 Cal.App.3d 742, 746-747 (1973)..........................................5

*Microsoft Corp. v. A-Tech Corp*, 855 F. Supp. 308, 313 (C.D. Cal. 1994)....................6

*Newman v. Universal Pictures*, 813 F.2d 1519, 1521-22 (9th Cir. 1987) .....................4

*People v. McKale*, 25 Cal. 3d 626 (1979)......................................................................6

*People v. McKale*, 25 Cal.3d 626, 635 (1979) ..............................................................6

*Smith v. San Francisco*, 225 Cal.App.3d 38, 49 (1990) ..............................................11

*Stansfield v. Starkey*, 220 Cal.App.3d 59, 73 (1990)....................................................8

*Tarmann v. State Farm Mutual Auto Insurance Co.*, 2 Cal.App.4th at 157...................8

*Tarmann v. State Farm Mutual Auto. Ins. Co.*, 2 Cal.App.4th at 157......................9, 10

*Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)............................4

**Statutes**

Business and Professions Code § 17200.....................................................................6, 7

Civil Code § 2924f...........................................................................................................6

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

## TABLE OF AUTHORITIES

Page

*Khoury v. Maly's of California*, 14 Cal.App.4th 612, 619 (1993) .................................. 6

**Other Authorities**

5 Witkin, California Procedure, Pleadings, § 668, at 123 (4th ed. 1997) ....................... 7

# MEMORANDUM OF POINTS & AUTHORITIES

## I. SUMMARY OF ARGUMENT – THE COMPLAINT IS FLAWED

Plaintiff Jim E. Moore's ("Plaintiff" or "Moore") entire action must be dismissed with respect to JPMorgan Chase Bank, N.A. ("JPMorgan") because JPMorgan is not a proper party to the action. JPMorgan did not commit any of the wrongful conduct alleged in the Complaint and it holds <u>no interest</u> in the deed of trust securing the subject property pursuant to Plaintiff's refinancing loan.

The premise of this entire action is that Plaintiff was induced by defendants other than JPMorgan, namely Kevin Caylor, BNC Mortgage, and Stirling Funding Corporation, to obtain a mortgage refinancing loan by fraudulently misrepresenting the terms of the loan, providing improper loan disclosure statements, and failing to give Plaintiff sufficient time to review the loan documents prior to signing the agreement. Thus, Plaintiff contends that the loan is void and he is entitled to rescission. Assuming the allegations asserted are true, which JPMorgan does not concede, JPMorgan is not a proper party to this action because it did not make any of the alleged misrepresentations or participate in any wrongful conduct. *See*, Complaint. All purported fraudulent conduct was committed by Kevin Caylor, BNC Mortgage, and Stirling Funding Corporation. *See*, Complaint. As such, no claim for unfair business practices, unconscionability, declaratory relief, or fraud can be asserted against JPMorgan.

Moreover, contrary to Plaintiff's assertion, JPMorgan <u>has not</u> been assigned the mortgage agreement. The beneficiary of the deed of trust is currently to LaSalle Bank National Association, trustee for structured asset investment loan trust (SAIL) 2004-BNC2. The trustee is NDEx West, LLC, and the originating lender was BNC Mortgage Inc. JPMorgan is the mere loan servicer. As such, JPMorgan has no agreement with Plaintiff and no claim for unconscionability, or contractual breach of the covenant of good faith and fair dealing, or declaratory relief can be asserted because there is no agreement between Plaintiff and JPMorgan.

Furthermore, even if the subject loan was found to be void, none of JPMorgan's actions, namely collecting mortgage payments and notifying the trustee pursuant to the deed of trust that the loan was in default, can be deemed improper. There is no allegation that JPMorgan had any

involvement in underlying loan transaction, the signing of the loan agreement, or made any misrepresentations regarding the term of the subject loan. As such, by collecting mortgage payments that were properly due pursuant to the terms of the note, JPMorgan merely complied with its obligations as a loan servicer.

In short, Plaintiff's entire complaint is fatally flawed with respect to all claims asserted against JPMorgan. Thus, the motion to dismiss should be granted in its entirety with respect to JPMorgan.

## II.    SUMMARY OF FACTS ALLEGED IN THE FAC

- On or about September 2004, <u>Kevin Caylor ("Caylor") of Stirling Funding Corporation</u> ("Stirling") telephoned Plaintiff concerning a refinance of his home and represented that <u>Stirling Funding</u> could refinance Plaintiff's home, located at 1258 Duffy Way, Brentwood, California ("Subject Property") under very favorable terms, including a lower interest rate and lower monthly mortgage payments. Complaint ¶ 16.
- Plaintiff accepted Caylor's offer. Complaint ¶ 17.
- Thereafter <u>Caylor, Stirling, and BNC Mortgage, Inc.</u> ("BNC") provided to Plaintiff initial disclosure documents quoting an APR of 7.706 percent and a mortgage payment of $1948.23 for the first two years. Thereafter his mortgage payments would increase to $1,957.44. The representations were confirmed by the initial Truth in Lending Disclosure statement. Complaint ¶ 18-19.
- Plaintiff's loan was approved and on September 23, 2004 a notary appeared at Plaintiff's home to have Plaintiff sign the loan documents ("Subject Loan"). The notary did not provide Plaintiff with sufficient time to review the loan documents prior to signing. Complaint ¶¶ 21, 26.
- The new Truth in Lending Disclosure statement ("TILA Statement") advised that the Subject Loan required twenty-four ("24") monthly mortgage payments of $2,268.02, three hundred and thirty five ("335") payments of $2,428.98, and a last payment of $2,420.87. The TILA Statement did not disclose that the Subject Loan had an adjustable

interest after two years, or that the ceiling on the interest rate was 15.225 percent. This information was also concealed from Plaintiff by <u>Caylor, Stirling, and BNC</u>. Complaint ¶¶ 22-24, 31.

- The Good Faith Estimate provided at signing did not reflect the Subject Loan's real interest rate, and did not disclose all the broker fees. Complaint ¶¶ 24-25, 29-30.
- The Subject Loan's Notice of the Right to Cancel was purportedly defective. Complaint ¶ 28.
- A deed of trust encumbering the Subject Property and securing the Subject Loan ("DOT") was recorded on or about October 1, 2004. Mortgage Electronic Registration Systems, Inc. ("MERS") was the nominal beneficiary and BNC was identified as the lender. Complaint, Exhibit "6."
- Plaintiff was not able to make monthly payments in the year 2007. Complaint ¶ 37.
- A Notice of Default was recorded in August 2007. Complaint ¶ 38.
- The DOT was assigned to LaSalle Bank National Association, trustee for structured asset investment loan trust (SAIL) 2004-BNC2 ("LaSalle") on or about September 24, 2007 ("Assignment"). The Assignment was properly recorded in the Contra Costa Recorders Office. *See,* Request for Judicial Notice ("RJN"), Exhibit 1.
- A Substitution of Trustee for the DOT was recorded on about September 24, 2007 whereby NDEX West, LLC ("NDEX") was named as the trustee. *See,* RJN, Exhibit 2.
- A Notice of Trustee's Sale was recorded on November 2007. Complaint ¶ 39, RJN, Exhibit 3.
- JPMorgan <u>has no interest</u> in the Subject Property. *See,* RJN, Exhibits 1-3; and Complaint, Exhibits 1-5.
- JPMorgan is the loan servicer for the Subject Loan. *See,* RJN, Exhibits 1-3.
- The Trustee's foreclosure sale has not been completed.

III. **STANDARD FOR A MOTION TO DISMISS**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) may be brought where a

plaintiff fails to state a claim upon which relief can be granted. Under such a motion, although the court must assume the truth of all well-pleaded factual allegations, the court need not accept, as true or factual, any contentions, argument, or conclusions of law stated in the Complaint. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). A Rule 12(b)(6) dismissal is proper where there is either a "lack of cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Department,* 901 F.3d 696, 699 (9th Cir. 1990); *Newman v. Universal Pictures*, 813 F.2d 1519, 1521-22 (9th Cir. 1987).

## IV. NO CLAIM FOR DECLARATORY JUDGMENT CAN BE ASSERTED AGAINST JP MORGAN

When an actual controversy exists, the Court may grant the relief of declaration, either before or after the stage of relief by coercion has been reached. *Gully v. Interstate Natural Gas Co.*, 82 F.2d 145, 149 (C.A.5th 1936). In this case, Plaintiff seeks a judicial declaration that the Notice of Trustee's sale violated Civil Code section 2924f by providing an inaccurate statement of the total amount of the unpaid balance of the Subject Loan and not providing a toll free number that allowed Plaintiff to speak to a "live person or leave a message." *See*, Complaint ¶¶ 44-53. The claim fails as asserted against Chase for several reasons, namely, because Chase has no interest in the Subject Property.

The deed of trust encumbering the Subject Property recorded pursuant to the terms of the Subject Loan agreement identified MERS as the nominal beneficiary and BNC as the lender. *See,* Complaint, Exhibit "6." The DOT was <u>assigned to LaSalle Bank National Association</u>, trustee for structured asset investment loan trust (SAIL) 2004-BNC2 on or about September 24, 2007. The Assignment was properly recorded in the Contra Costa Recorders Office. *See,* RJN, Exhibit 1. A Substitution of Trustee for the DOT was recorded on about September 24, 2007 whereby NDEX was named as the trustee. *See,* RJN, Exhibit 2. JPMorgan is the mere loan servicer.

Moreover, there can be no declaration that the Notice of Trustee's sale is void merely because it purportedly did not provide the exact amount owed. Civil Code sections 2924-2924h, inclusive, simply mandate certain procedural requirements reasonably calculated to inform those

who may be affected by a foreclosure sale and who have requested notice in the statutory manner that a default has occurred and a foreclosure sale is imminent." *Doherty v. Knapp,* 123 Cal.App.4th 76, 88-89 (2004) (emphasis in original); *see also, Lupertino v. Cabahal,* 35 Cal.App.3d 742, 746-747 (1973), *Lancaster Security Inv. Corp. v. Kessler,* 159 Cal.App.2d 649, 652 (1958)

In fact, Section 2924f(b)(1), the statute purportedly violated, states that:

> "The notice of sale shall contain a statement of total amount of the unpaid balance of the obligation...; <u>provided that the trustee shall incur no liability for any good faith error in stating the proper amount, including any amount provided in good faith by or on behalf of the beneficiary</u>. An inaccurate statement of this amount shall not affect the validity of any sale to a bona fide purcharsor..." (Emphasis added).

Thus, even assuming that the payoff amount set forth the notice of sale was "inaccurate" it would not affect the validity of any foreclosure sale conducted pursuant to the notice.

In *Doherty*, the Court held that so long as the Default Notice properly stated the nature of the default (failure to make installment payments and to pay late charges), or the amount of the default the erroneous statement does no invalidate the default notice. *Id.* at 98. Thus,

> "[T]he statute is sufficiently complied with if the notice of default contains a correct statement of some breach or breaches sufficiently substantial in their nature to authorize the trustee or beneficiary to declare a default and proceed with a foreclosure." *Id.* at 99 (citations omitted).

In this case, Plaintiff was provided with a notice of default and notice of trustee's sale that adequately provided notice of Plaintiff's breach, in short, failure to make mortgage payments and that foreclosure was imminent.

Therefore, as a matter of law, no violation of section 2924f occurred and there is no claim for Declaratory Relief.

## V. NO CLAIM FOR UNFAIR BUSINESS PRACTICES CAN BE ASSERTED AGAINST JP MORGAN BECAUSE IT MADE REPRESENTATIONS REGARDING THE TERMS OF THE SUBJECT LOAN

Establishing a cause of action under Business and Professions Code § 17200, requires the violation of an independent underlying law or statute often referred to as the "borrowed claim." *People v. McKale*, 25 Cal. 3d 626 (1979). Facts supporting a Business and Professions Code § 17200 cause of action must be pled with reasonable particularity. *Khoury v. Maly's of California*, 14 Cal.App.4th 612, 619 (1993).

Additionally, a claim of unfair business practice under Section 17200 must be premised upon a "pattern of behavior" or a "course of conduct." *Hewlett v. Squaw Valley Ski Corp.*, 54 Cal.App.4th 499, 519 (1977). Thus, as a general rule, Section 17200 is typically found to encompass an action which constitutes a business practice and that "at the same time is forbidden by law." *Id.*, citing *Barquis v. Merchants Collection Assn.*, 7 Cal.3d 94, 113 (1972). In order to allege a claim for an unlawful business practice under 17200, the plaintiff must allege facts to demonstrate that the practice violates the law. *See, People v. McKale*, 25 Cal.3d 626, 635 (1979); *Microsoft Corp. v. A-Tech Corp*, 855 F. Supp. 308, 313 (C.D. Cal. 1994).

Here, the only statute that JPMorgan purportedly violated is Civil Code § 2924f et seq. For the reasons stated above, JPMorgan did not violate Civil Code § 2924f, namely because JPMorgan has no interest in the Subject Property or the Subject Loan and JPMorgan is not the Trustee in connection in the DOT that prepared the Notice of Trustee's Sale. *See,* RJN, Exhibits 1-3, and Complaint, Exhibit 6.

Moreover, even JPMorgan violated Civil Code § 2924f by failing to provide the exact amount that was in default, no violation of section 2924f can be asserted. Plaintiff admits that he <u>failed</u> to tender full monthly payments "during the year 2007". *See,* Complaint ¶37. Even if there was a small error in the estimate of amount owed, Civil Code sections 2924 *et seq.,* simply mandates that certain procedural requirements be reasonably calculated to inform those who may be affected by a foreclosure sale and who have requested notice in the statutory manner <u>that a default has</u>

6
JPMORGAN CHASE BANK'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT
CASE NO. 08-0350 SC
1048755.2

Adorno Yoss Alvarado & Smith
Attorneys At Law
Santa Ana

occurred and a foreclosure sale is imminent. *Doherty v. Knapp,* 123 Cal.App.4th 76, 88-89 (2004). As discussed above, in *Doherty*, the Court held that so long as the Default Notice properly stated the nature of the default (failure to make installment payments and to pay late charges), or the amount of the default the erroneous statement does no invalidate the default notice. Id. at 98. More importantly, pursuant to the very language of section 2924f(b)(1), even assuming that the payoff amount set forth the notice of sale was "inaccurate," it would not affect the validity of any foreclosure sale conducted pursuant to the notice.

In this case, Plaintiff was provided with a notice of default and notice of trustee's sale that adequately provided notice of Plaintiff's breach, in short, failure to make mortgage payments and that foreclosure was imminent. As such, there can be no violation of section 2924f. Therefore, as a matter of law, Plaintiff cannot prevail on their claim for violation of Business and Professions Code § 17200.

Additionally, Plaintiff failed to establish that the purported wrongful conduct of JPMorgan demonstrated a "pattern of behavior" or a "course of conduct." Plaintiff merely recites to the purported wrongdoings of JPMorgan with respect to his loan only. *See*, Complaint ¶¶ 57-66. Such allegations do not establish that JPMorgan has a <u>general</u> business practice of violating some law. *Hewlett v. Squaw Valley Ski Corp.*, 54 Cal.App.4th 499, 519 (1977). Further, all other allegations of purported violations of TILA and RESPA do not apply to Chase because Chase was only the servicer of the loan. For this reason, Plaintiff cannot prevail on his claim for violation of Business and Professions Code § 17200.

## VI. NO CLAIM FOR FRAUD CAN BE ASSERTED AGAINST JPMORGAN BECAUSE CHASE MADE NO REPRESENTATION REGARDING THE TERMS OF THE SUBJECT LOAN

The elements for intentional misrepresentation are: 1) a false representation of a material fact, 2) knowledge of the falsity (scienter), 3) intent to induce another into relying on the representation, 4) reliance on the representation, and 5) resulting damage. *Ach v. Finkelstein,* 264 Cal.App.2d 667, 674 (1968); 5 Witkin, California Procedure, Pleadings, § 668, at 123 (4th ed. 1997).

A plaintiff must plead a fraud claim specifically and not generally. Specific pleading requires facts that clearly allege every element of the fraud. *Stansfield v. Starkey,* 220 Cal.App.3d 59, 73 (1990).

Additionally, FRCP 9 has a specificity or particularity requirement. FRCP 9(b) states that "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Rule 9(b) serves to furnish defendant with notice, but also imposes the additional obligation on plaintiff to "aver with particularity the circumstances constituting the fraud." *In Re GlenFed Inc. Securities Litigation,* 42 F.3d 1541, 1547 (en banc) (9th Cir. 1994). The *GlenFed* court interpreted 9(b) to require allegations not only the time, place and content of the alleged misrepresentation, but also the circumstances indicating false statements:

> "[t]o allege fraud with particularity a plaintiff must set forth more than the mutual facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false. In other words, the plaintiff must set forth an explanation as to why the statements or omissions complained are misleading."

*Id.* at 1547-48.

The particularity requirement for fraud mandates pleading facts that "show how, when, where, to whom, and by what means the representations were tendered." *Stansfield v. Starkey,* supra, 220 Cal.App.3d at 73; *Hill Trans. Co. v. Southwest Forest Industries Inc.* 266 Cal.App.2d 702, 707 (1968). The rationale for this strict pleading requirement is not to merely provide notice to the defendant. "The idea seems to be that allegations of fraud involve a serious attack on character, and fairness to the defendant demands that he should receive the fullest possible details of the charge in order to prepare his defense . . . and the policy of liberal construction of the pleadings . . . will not ordinarily be invoked to sustain a pleading defective in any material respect." *Committee on Children's Television, Inc. v. General Foods Corp.* 35 Cal.3d at 216 (1983). Thus, each element of fraud must be alleged factually and specifically. *Tarmann v. State Farm Mutual Auto Insurance Co.,* 2 Cal.App.4th at 157.

To assert a fraud action against a corporation, a plaintiff must also allege that names of the person or persons <u>who</u> allegedly made the fraudulent representation, <u>their authority to speak</u>, to whom they spoke, what they said or wrote, and when it was said or written. *Tarmann v. State Farm Mutual Auto. Ins.* Co., 2 Cal.App.4th at 157.

In Plaintiff's third claim for fraud, Plaintiff alleges that <u>BNC, Caylor, and Stirling</u> misrepresented the terms of the loan, and failed to comply with the provision of the TILA, and rushed him through the singing of the loan documents. *See,* Complaint ¶ 69. Thereafter, Plaintiff contends that JPMorgan committed fraud because, based on the purported fraudulently obtained loan, JPMorgan "unlawfully initiated" a foreclosure on the Subject Property, stated a "false" amount owed in the Notice of Trustee's sale. *See,* Complaint ¶¶ 70-71. Specifically, Plaintiff alleges that the amounts demanded by JPMorgan:

> "are erroneous fraudulent, and are based on fraudulent representations violation of the Federal Truth in Lending Act, and concealed excessive charges and fees. These are facts which the defendants, and each of them, knew and should have reasonably known." *See*, Complaint ¶ 72.

Once again, Plaintiff's claim fails, because none of the underlying purportedly fraudulent conduct regarding the terms of the Subject Loan were committed by JPMorgan. JPMorgan had no knowledge of any of the underlying loan transaction, the signing of the loan agreement, or the purported misrepresentations regarding the term of the subject loan. JPMorgan's actions, namely collecting mortgage payments and notifying the trustee pursuant to the deed of trust that the loan was in default, can not be deemed improper. <u>JPMorgan was not the lender, the beneficiary pursuant to the DOT, or the Trustee pursuant to the DOT</u>. *See,* RJN, Exhibits 1-3 and Complaint, Exhibit 6.

Thus, JPMorgan could not have committed by commencing foreclosure because, as Plaintiff admits, he <u>failed</u> to tender full monthly payments during the year 2007. *See,* Complaint ¶37. The Subject Loan was in default and as the servicer of the loan, Chase was entitled to commence foreclosure.

Similarly, Plaintiff's allegation that JPMorgan committed fraud because the Notice of

Trustee sale was "false" has no merit as asserted against JPMorgan because JPMorgan is not the Trustee. *See,* RJN, Exhibits 2-3.

Furthermore, <u>Plaintiff admits that he failed to tender full monthly payments "during the year 2007"</u>. *See,* Complaint ¶37. Even if there was a small error in the estimate of amount owed, Civil Code sections 2924 *et seq.,* simply mandates that certain procedural requirements be reasonably calculated to inform those who may be affected by a foreclosure sale and who have requested notice in the statutory manner <u>that a default has occurred and a foreclosure sale is imminent</u>. *Doherty v. Knapp,* 123 Cal.App.4th 76, 88-89 (2004). As discussed above, JPMorgan met these requirements providing Plaintiff with notice that the account was in default and that foreclosure was imminent.

Finally, Plaintiff admits that JPMorgan is a Corporation. See, Complaint ¶ 2. Yet, the Complaint is completely devoid of facts indicating <u>who</u> at JPMorgan made the purported false representation and <u>what that person's authority to speak</u> was. *See,* Complaint. Instead, the Complaint vaguely alleges that JPMorgan collected payments and initiated foreclosure. *See,* Complaint, ¶¶ 71-72. Such allegations are insufficient to establish a claim for fraud against a corporation. Without identifying who at JPMorgan made the purported false representation and that person's authority to speak for the corporation, Plaintiff's fraud claim is deficient as a matter of law. *See, Tarmann v. State Farm Mutual Auto. Ins. Co.,* 2 Cal.App.4th at 157.

### VII.  THE FOURTH CLAIM FOR UNCONSCIONABILITY FAILS AS ASSERTED AGAINST JPMORGAN BECAUSE JPMORGAN HAS NO INTEREST IN THE SUBJECT LOAN OR THE DOT

Plaintiff's entire fourth claim for relief is premised on the allegation that "the mortgage agreement which plaintiff entered into with BNC and which was apparently assigned to JPMorgan is unconscionable." See, Complaint ¶ 77. Plaintiff's claim fails for a simple, basic reason. No such assignment has occurred. Therefore, there is no contract between Plaintiff and JPMorgan.

The deed of trust encumbering the Subject Property recorded pursuant to the terms of the Subject Loan agreement identified MERS as the nominal beneficiary and BNC as the lender. *See,* Complaint, Exhibit "6." The DOT was <u>assigned to LaSalle Bank National Association</u>, trustee for

structured asset investment loan trust (SAIL) 2004-BNC2 on or about September 24, 2007. The Assignment was properly recorded in the Contra Costa Recorders Office. *See,* RJN, Exhibit 1. A Substitution of Trustee for the DOT was recorded on about September 24, 2007 whereby NDEX was named as the trustee. *See,* RJN, Exhibit 2. JPMorgan is the mere loan servicer.

Thus, no claim for unconscionability can be asserted against JPMorgan because there is no agreement between JPMorgan and Plaintiff.

### VIII. THE FIFTH CLAIM FOR CONTRACTUAL BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING FAILS BECAUSE THERE IS NO AGREEMENT BETWEEN JPMORGAN AND PLAINTIFF

The prerequisite for any action for "breach of implied covenant of good faith and fair dealing" is the existence of a contractual relationship between the parties, since the covenant is an implied term in the contract. *Smith v. San Francisco*, 225 Cal.App.3d 38, 49 (1990).

Again, as stated above in the fourth claim for relief, the cause of action for breach of covenant of good faith and fair dealing fails against JPMorgan for a basic reason – there was no contract between JPMorgan and Plaintiff. The deed of trust encumbering the Subject Property recorded pursuant to the terms of the Subject Loan agreement identified MERS as the nominal beneficiary and BNC as the lender. *See,* Complaint, Exhibit "6." The DOT was assigned to LaSalle Bank National Association, trustee for structured asset investment loan trust (SAIL) 2004-BNC2 on or about September 24, 2007. The Assignment was properly recorded in the Contra Costa Recorders Office. *See,* RJN, Exhibit 1. A Substitution of Trustee for the DOT was recorded on about September 24, 2007 whereby NDEX was named as the trustee. *See,* RJN, Exhibit 2. JPMorgan is the mere loan servicer.

As such, any agreement regarding the Subject Loan was between Plaintiff and DNC, and later, between Plaintiff and La Salle. There was no agreement between JPMorgan and Plaintiff that JPMorgan could have breached.

As such, the motion to dismiss must be granted with respect to the fifth cause of action.

1  ///

2  ///

3  ///

### IX. PLAINTIFFS SEVENTH[1] CLAIM FOR ACCOUNTING ALSO FAILS

As set forth herein, the gravamen of Plaintiff's Complaint is whether Defendants violated TILA or Civil Code section 2924f. Since Plaintiff cannot establish the threshold violations of the TILA or Civil Code section 2924f against JPMorgan, Moore's cause of action for accounting, must also fail.[2] Accordingly, this Court should dismiss this fourth cause of action as against JPMorgan, without leave to amend.

### X. CONCLUSION

Based on the foregoing, JPMorgan respectfully requests that the Court enter an order dismissing the Complaint as to the second through sixth claims for relief, without leave to amend, pursuant to FRCP Rule 12(b)(6).

DATED: February 8, 2008

ADORNO YOSS ALVARADO & SMITH
A Professional Corporation


By: /s/ S. Christopher Yoo
    JOHN M. SORICH
    S. CHRISTOPHER YOO
    Attorneys for Defendant JPMORGAN CHASE BANK, N.A. erroneously sued as J.P. CHASE MORGAN BANK

---

[1] Plaintiff's claim was erroneously named the "seventh" claim. However, no sixth claim for relief is alleged in the Complaint.

[2] Plaintiff further alleges that he made a request pursuant to Real Estate Settlement Procedures Act ("RESPA") for an accounting. See, Complaint ¶ 42. As such, the information, if properly requested, will be provided within 60 days from receipt of the request as provided by section 12 U.S.C. § 2605(e).

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 years and not a party to the within action. My business address is **ADORNO YOSS ALVARADO & SMITH, 1 MacArthur Place, Santa Ana, CA 92707**.

On February 8, 2008, I served the foregoing document described as **DEFENDANT JP MORGAN CHASE BANK, N.A.'S NOTICE OF MOTION AND MOTION TO DISMISS THE FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED (FRCP 12(b)(6)); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** on the interested parties in this action.

☒   by placing the original and/or a true copy thereof enclosed in (a) sealed envelope(s), addressed as follows:

**SEE ATTACHED SERVICE LIST**

☒   **BY REGULAR MAIL:** I deposited such envelope in the mail at 1 MacArthur Place, Santa Ana, California. The envelope was mailed with postage thereon fully prepaid.

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

**BY THE ACT OF FILING OR SERVICE, THAT THE DOCUMENT WAS PRODUCED ON PAPER PURCHASED AS RECYCLED.**

☐   **BY FACSIMILE MACHINE:** I Tele-Faxed a copy of the original document to the above facsimile numbers.

☐   **BY OVERNIGHT MAIL:** I deposited such documents at the Overnite Express or Federal Express Drop Box located at 1 MacArthur Place, Santa Ana, California 92707. The envelope was deposited with delivery fees thereon fully prepaid.

☐   **BY PERSONAL SERVICE:** I caused such envelope(s) to be delivered by hand to the above addressee(s).

☐   (State)  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒   (Federal)  I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

Executed on February 8, 2008, at Santa Ana, California.

*/s/ Veronica Delgado*
Veronica Delgado

## SERVICE LIST
### Jim E. Moore v. J.P. Morgan Bank, et al.
### USDC, Northern District Case No. C 08-0350 SC

Thomas Spielbauer, Esq.
The Spielbauer Law Firm
Spielbauer Law Firm
50 Airport Pkwy
San Jose, CA 95110

(408) 451-8499-telephone
(610) 423-1395-facsimile
thomas@spielbauer.com

**Attorneys for Plaintiff, Jim E. Moore**

Eric D. Houser, Esq.
Houser & Allison
A Professional Corporation
9970 Research Drive
Irvine, CA 92618

(949) 679-1111-telephone
(949) 679-1112-facsimile
ehouser@houser-law.com

**Attorneys for Defendant,
BNC Mortgage, LLC**

Edward A. Treder, Esq.
Robert E. Weiss Incorporated
920 S. Village Oaks Drive
Covina, CA 91724

(626) 967-4302-telephone
(626) 339-7103-facsimile
etreder@rewlaw.com

**Attorney for Defendant, NDEx West, LLC**

PROOF OF SERVICE

1048748.1