JOHN M. SORICH (CA Bar No. 125223)
jsorich@adorno.com
S. CHRISTOPHER YOO (CA Bar No. 169442)
cyoo@adorno.com
ADORNO YOSS ALVARADO & SMITH
A Professional Corporation
1 MacArthur Place, Suite 200
Santa Ana, California 92707
Tel: (714) 852-6800
Fax: (714) 852-6899

Attorneys for Defendant JPMORGAN CHASE BANK, N.A. erroneously sued as J.P. CHASE MORGAN BANK

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIM E. MOORE, <br><br> Plaintiffs, <br><br> v. <br><br> CHASE BANK; BNC MORTGAGE, INC.; NDEx West LLC; STIRLING FUNDING CORPORATION; KEVIN CAYLOR; and DOES 1-20, <br><br> Defendant. | CASE NO.: 3:08-cv-00350-SC <br><br> Assigned to: Judge Samuel Conti <br><br> **DEFENDANT JP MORGAN CHASE BANK, N.A.'S NOTICE OF MOTION AND MOTION TO STRIKE THE COMPLAINT (FRCP 12(F)); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** <br><br> DATE: March 21, 2008 <br> TIME: 10:00 a.m. <br> CRTRM: "1", 17th Floor <br><br> Complaint Filed: July 25, 2007 |

**TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD HEREIN:**

PLEASE TAKE NOTICE that on March 21, 2008 at 10:00 a.m., or as soon thereafter as the matter may be heard in Courtroom "1" of the above-entitled court, located at Northern Division, 450 Golden Gate Ave., San Francisco, CA 94102-3483, defendant JPMorgan Chase Bank, N.A. erroneously sued as J.P. Chase Morgan Bank ("JPMorgan") will move the Court for an order striking the prayers for punitive damages ("Motion to Strike") improperly asserted in the Complaint

1
MOTION TO STRIKE

1048835.1

("Complaint") of plaintiff Jim E. Moore ("Moore" or "Plaintiff") pursuant to Rule 12(f) of Federal Rules of Civil Procedure ("FRCP"). Specifically, JPMorgan seeks to strike the following provisions:

- The prayer for punitive damages in paragraph 98 under the claim for punitive damages;
- The prayer for punitive damages in paragraph 99 under the claim for punitive damages;
- The prayer for punitive damages in paragraph 10 of the prayer for relief.

This Motion is based on this Notice, the concurrently filed Memorandum of Points and Authorities, the pleadings and papers on file in this action, and such further oral and documentary evidence as may be presented at the hearing on this Motion.

DATED: February 8, 2008

ADORNO YOSS ALVARADO & SMITH
A Professional Corporation

By: /s/ S. Christopher Yoo
JOHN M. SORICH
S. CHRISTOPHER YOO
Attorneys for Defendant JPMORGAN CHASE BANK, N.A. erroneously sued as J.P. CHASE MORGAN BANK COMPANY, improperly sued as AETNA HEALTH OF CALIFORNIA, INC.

## MEMORANDUM OF POINTS & AUTHORITIES

Defendant JPMorgan Chase Bank, N.A. erroneously sued as J.P. Chase Morgan Bank ("JPMorgan"), respectfully submits this Memorandum of Points and Authorities in support of its Motion to Strike Prayers for Punitive Damages Improperly Asserted in the complaint ("Complaint") of plaintiff Jim E. Moore ("Moore" or "Plaintiff").

### I. SUMMARY OF ARGUMENT

Federal Rule of Civil Procedure ("FRCP") 12(f) provides that the court may order stricken from any pleading any insufficient defense or redundant, immaterial, impertinent, or scandalous matter. A motion to strike may be used to strike the prayer for relief where the damages sought are not recoverable as a matter of law. *Tapley v. Lockwood Green Engineers, Inc.,* 502 F.2d 559 (8th Cir. 1974). This Motion to Strike is directed toward the prayer for punitive damages which are not supported by the factual allegations in the Second Amended Complaint.

Simply put, Plaintiff has failed to allege <u>any fact</u> showing malicious, wanton or oppressive behavior on JPMorgan's part in this matter. *See,* Complaint. In fact, the Complaint is devoid of any allegations of malicious, wanton or oppressive behavior by JPMorgan. *Id.*

Accordingly, portions of the JPMorgan relating to such requests for punitive or exemplary damages and attorneys fees are improper and should be stricken.

### II. THE REFERENCES TO PUNITIVE DAMAGES IN THE FAC MUST BE STRICKEN

To warrant punitive damages, a complaint must allege conduct of "such severity or shocking character that it warrants the same treatment as that accorded to willful misconduct – conduct in which the defendant intends to cause harm." *Nolan v. National Convenience Stores*, 95 Cal.App.3d 279, 286 (1979). Ultimate facts of the defendant's oppression, fraud or malice must be alleged. *Cyrus v. Havision*, 65 Cal.App.3d 306, 316-317 (1976). Moreover, facts alleging actual malice must be pleaded. *Toole v. Richardson-Merrell, Inc.*, 251 Cal.App.2d 689, 711 (1967).

Under California Civil Code § 3294, punitive damages are permitted only "where defendant has been guilty of oppression, fraud or malice." The terms "oppression," "fraud" and "malice" are

defined by Section 3294. Malice is "despicable" conduct of the defendant with a willful and conscious disregard of the rights or safety of others. Oppression is despicable conduct that exposes an individual to cruel and unjust hardship in conscious disregard of that individual's rights. Fraud is intentional misrepresentation, deceit, or concealment of a material fact known to the defendant with the intention on the part of the defendant of thereby depriving a person of property or legal rights or otherwise causing injury.

A pleading is not sufficient if it merely alleges the statutory language. Rather, sufficient facts must be pleaded to show a party's acts are oppressive, fraudulent or malicious. *Hilliard vs. A.H. Robbins Co.*, 148 Cal.App.3d 374, 392 (1983). Moreover, a prayer for punitive damages may not be based on conclusory allegations. *G.D. Searle & Co. vs. Superior Court*, 49 Cal.App.3d 22, 29 (1975). Where a prayer for relief for punitive damages is not based on supported conclusions, those conclusions are properly stricken. "Whatever words are found in pleading (such, for instance, as 'carelessly, negligently, willfully, wrongfully, and in fraud of the right of these plaintiffs') going to state the pleader's conclusions, may be disregarded. A motion to strike out would be the proper way to seek their elimination…." *Smithson v. Sparber*, 123 Cal.App. 225, 232 (1932). "Allegations that the acts of [defendant] were 'arbitrary, capricious, fraudulent, wrongful and unlawful' like other adjectival descriptions of such proceedings, constitute mere conclusions of law." *Faulkner v. California Toll Bridge Authority*, 40 Cal.2d 317, 319 (1952). These rules are consistent with California's general disfavor of -- and strict pleading requirements for -- punitive damages. *Henderson vs. Security Pac. Nat'l. Bank*, 72 Cal.App.3d 764 (1977).

The requirement that a plaintiff allege facts which demonstrate "despicable" conduct to support a prayer for punitive damages reflects the higher burden placed upon a plaintiff to plead particular facts.

Plaintiff has failed to allege <u>any fact</u> showing "malice," "oppression," or "fraud" on JP's part. In fact, the Complaint is completely devoid of <u>specific factual allegations</u> against JPMorgan which indicates "malice," "oppression," or "fraud." Here, Plaintiff alleges that BNC Mortgage Inc., Kevin Caylor, and Stirling Funding Corporation misrepresented the terms of the loan, and failed to comply

2
JPMORGAN CHASE BANK'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT
CASE NO. 08-0350 SC

1048835.1

1  with the provision of the Federal Truth in Lending Act ("TILA"), and rushed him through the
2  singing of the loan documents. *See,* Complaint ¶ 13-36. In fact, JPMorgan never made any
3  representation to Plaintiff.
4      Rather, the Plaintiff alleges in conclusory terms because JPMorgan collected payments
5  pursuant to the loan agreement that Plaintiff was purportedly induced to enter by other defendants,
6  that JPMorgan's conduct was "oppressive, fraudulent, despicable, and malicious." *See* Complaint,
7  ¶¶ 61, 70, 99. Such allegations are nonsensical, because even if Plaintiff's allegations are true,
8  contrary to Plaintiff's assertion, JPMorgan <u>has not</u> been assigned the mortgage agreement. The
9  beneficiary of the deed of trust is currently LaSalle Bank, N.A., the trustee is NDEx West, LLC, and
10 the originating lender was BNC Mortgage Inc. JPMorgan is the mere loan servicer. *See,* Request
11 for Judicial Notice ("RJN"), Exhibits 1-3, and Complaint, Exhibt 5.
12     Moreover, even if the subject loan was found to be void, none of JPMorgan's actions, namely
13 collecting mortgage payments and notifying the trustee pursuant to the deed of trust that the loan was
14 in default, can be deemed improper. There is no allegation that JPMorgan had any involvement in
15 underlying loan transaction, the signing of the loan agreement, or made any misrepresentations
16 regarding the term of the subject loan. *See,* Complaint. As such, by collecting mortgage payments
17 that were properly due pursuant to the terms of the note, JPMorgan merely complied with its
18 obligations as a loan servicer.
19     Therefore, Plaintiff's prayer for punitive damages is therefore unsupported, irrelevant, and
20 improper, and must be stricken from the Second Amended Complaint pursuant to FRCP 12(f).

### III. THERE ARE NO ALLEGATIONS THAT JPMORGAN, A CORPORATE EMPLOYER, KNEW OF THE ALLEGED OPPRESSION, FRAUD, OR MALICE ON THE PART OF ANY OF ITS EMPLOYEES

Civil Code § 3294(b) states in relevant part:

> "…With respect to a corporate employer, the advance knowledge and conscious disregard, authorization, ratification or act of oppression, fraud, or malice must be on the part of an officer, director, or managing agent of the corporation."

Here, Plaintiff admits that JPMorgan is each a corporation. *See*, FAC, ¶ 2. As discussed above, and in the accompanying demurrer, the Complaint is completely devoid of any allegation that any officer, director, or managing agent of the defendants had advance knowledge and with conscious disregard, authorized or ratified the acts of oppression, fraud or malice against Plaintiff. *See*, Complaint. As such, no claim for punitive damages can be stated against the defendants and the request for punitive or exemplary damages must be stricken from the Complaint.

## IV. CONCLUSION

For the foregoing reasons, the Motion to Strike must be granted in its entirety.

DATED: February 8, 2008

ADORNO YOSS ALVARADO & SMITH
A Professional Corporation


By: /s/ S. Christopher Yoo
JOHN M. SORICH
S. CHRISTOPHER YOO
Attorneys for Defendant JPMORGAN CHASE BANK, N.A. erroneously sued as J.P. CHASE MORGAN BANK

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 years and not a party to the within action. My business address is **ADORNO YOSS ALVARADO & SMITH, 1 MacArthur Place, Santa Ana, CA 92707.**

On February 8, 2008, I served the foregoing document described as **DEFENDANT JP MORGAN CHASE BANK, N.A.'S NOTICE OF MOTION AND MOTION TO STRIKE THE COMPLAINT (FRCP 12(F)); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** on the interested parties in this action.

☒ by placing the original and/or a true copy thereof enclosed in (a) sealed envelope(s), addressed as follows:

**SEE ATTACHED SERVICE LIST**

☒ **BY REGULAR MAIL:** I deposited such envelope in the mail at 1 MacArthur Place, Santa Ana, California. The envelope was mailed with postage thereon fully prepaid.

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

**BY THE ACT OF FILING OR SERVICE, THAT THE DOCUMENT WAS PRODUCED ON PAPER PURCHASED AS RECYCLED.**

☐ **BY FACSIMILE MACHINE:** I Tele-Faxed a copy of the original document to the above facsimile numbers.

☐ **BY OVERNIGHT MAIL:** I deposited such documents at the Overnite Express or Federal Express Drop Box located at 1 MacArthur Place, Santa Ana, California 92707. The envelope was deposited with delivery fees thereon fully prepaid.

☐ **BY PERSONAL SERVICE:** I caused such envelope(s) to be delivered by hand to the above addressee(s).

☐ (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒ (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

Executed on February 8, 2008, at Santa Ana, California.

_Veronica Delgado_
Veronica Delgado

## SERVICE LIST
### Jim E. Moore v. J.P. Morgan Bank, et al.
### USDC, Northern District Case No. C 08-0350 SC

Thomas Spielbauer, Esq.
The Spielbauer Law Firm
Spielbauer Law Firm
50 Airport Pkwy
San Jose, CA 95110

(408) 451-8499-telephone
(610) 423-1395-facsimile
thomas@spielbauer.com

**Attorneys for Plaintiff, Jim E. Moore**

Eric D. Houser, Esq.
Houser & Allison
A Professional Corporation
9970 Research Drive
Irvine, CA 92618

(949) 679-1111-telephone
(949) 679-1112-facsimile
ehouser@houser-law.com

**Attorneys for Defendant,
BNC Mortgage, LLC**

Edward A. Treder, Esq.
Robert E. Weiss Incorporated
920 S. Village Oaks Drive
Covina, CA 91724

(626) 967-4302-telephone
(626) 339-7103-facsimile
etreder@rewlaw.com

**Attorney for Defendant, NDEx West, LLC**

PROOF OF SERVICE

1048748.1