1  Thomas Spielbauer, Esq.
   SBN 78281
2  THE SPIELBAUER LAW FIRM
   1250 Oakmead Parkway, Suite 210
3  Sunnyvale, CA 94085
   (408)451-8499
4  Fax: (610)423-1395
   thomas@spielbauer.com
5
   Attorneys for Jim E. Moore, Plaintiff
6
7              **UNITED STATES DISTRICT COURT**
              **NORTHERN DISTRICT OF CALIFORNIA**
8

9  JIM E. MOORE,                              No. 3:08-cv-00350-SC

10                          Plaintiff.
                                              Contra Costa County Superior Court
11                                            No: MSC08-00040

12 v.s.
                                              RESPONSE TO CHASE'S
13                                            OBJECTION TO NOTICE OF
                                              JURY TRIAL REQUEST
14

15 J. P. CHASE MORGAN BANK; BNC
   MORTGAGE, INC.;  NDEx West LLC;
16 STIRLING FUNDING
   CORPORATION; and KEVIN
17 CAYLOR,

18                          Defendants.

19
        J.P. Chase Morgan Bank misrepresents the law, and withholds significant
20
   facts, in its objection to Jim Moore's jury trial demand.
21
        In citing to its objection to Mr. Moore's request for a jury trial in this
22
   matter, Chase refers to Federal Rule of Civil Procedure 81(c).  Chase claims that,
23
   "a party who did not remove the action must demand jury trial within ten (10)
24
   days of service of removal."[1]  Mr.  Moore's request for a jury trial is therefore
25
   untimely according to Chase.
26
        Federal Rule of Civil Procedure 81(c)(3), which is the removal statute
27

28
        _____

           [1] Chase Objection to Notice of Jury Trial Request, page 2, lines 3-5.

1  dealing with jury trial demands, states the following:

2          (3) Demand for a Jury Trial.
                (A) As Affected by State Law. A party who,
3      before removal, expressly demanded a jury trial in
       accordance with state law need not renew the demand
4      after removal.  If the state law did not require an express
       demand for a jury trial, a party need not make one after
5      removal unless the court orders the parties to do so
       within a specified time. The court must so order at a
6      party's request and may so order on its own. A party
       who fails to make a demand when so ordered waives a
7      jury trial.
                (B) Under Rule 38. If all necessary pleadings have
8      been served at the time of removal, a party entitled to a
       jury trial under Rule 38 must be given one if the party
9      serves a demand within 10 days after:
                (i) it files a notice of removal; or
10               (ii) it is served with a notice of removal filed by
       another party.

11

12         Chase ignores the exception of FRCP 81(c)(3)(A).  A review of the

13  complaint which Jim Moore filed in State Court clearly shows that Jim Moore

14  made a jury trial demand at the time he filed his complaint in state court on

15  January 8, 2008.  In paragraph 15 of the state court complaint, Jim Moore

16  demanded a jury trial on all issues.   This demand makes timely Jim Moore's jury

17  trial demand in Federal Court.[2]

18         Inexplicably, Chase neglects to address this significant fact in its objection.

19         Additionally, all necessary pleadings have not been served as required by

20  FRCP 81(c)(3)(B).  Concerning a jury trial demand, Rule 38(b) states:

21          (b) Demand.
                On any issue triable of right by a jury, a party may
22      demand a jury trial by:
                (1) serving the other parties with a written
23      demand — which may be included in a pleading — no
        later than 10 days after the last pleading directed to the
24      issue is served; and
                (2) filing the demand in accordance with Rule
25      5(d).

26

27

28  _____

    [2] *Blau v. Del Monte Corporation* (9th Circuit 1985) 748 F.2d 1348, 1357.

All of the necessary pleadings have not been served.  None of the defendants to this action, to include Chase, have filed an answer to the state court and now removed federal complaint.  The term "last pleading" in FRCP 38(b) includes those listed in FRCP 7(a): a complaint, an answer, an answer to a counterclaim, and answer to cross-claim, a third-party complaint, an answer to a third-party complaint.[3]   Under Rule 38, a party's jury demand is timely if served within ten days after the defendant's answer to the complaint.[4]   In a removed case,  the ten day deadline is triggered when the defendant files his answer, not when the notice of removal is filed or served.[5]

Chase's objection to Jim Moore's request for a jury trial is unfounded and without legal nor factual basis.   The proper vehicle for Chase to have challenged Jim Moore's jury trial demand is to file a motion to strike plaintiff's jury trial request.[6]   Chase has not done this.

A final point that Jim Moore wishes to point out to this court is that he filed in State Court an Amendment to the complaint prior to its removal.  In the amendment was the fact that Chase Bank was amended to J.P. Chase Morgan Bank.  This amendment was not included as a part of the removed state court pleadings even though this amendment was filed over a week before this matter was removed.  This Amendment is attached as an Exhibit.

//

//

---

[3] *Burns v. Lawther* (11th Circuit 1995) 53 F.3d 1237, 1241.

[4] *McAfee v. Martin* (5th Circuit 1995) 63 F.3d 436, 437.

[5]  *Blau v. Del Monte Corporation* (9th Circuit 1985) 748 F.2d 1348, 1357.

[6] See *Akin v. PAFEC, Ltd.* (11th Circuit 1993) 991 F.2d 1550, 1555.

1    Plaintiff Jim Moore requests that this action be designated on the docket as

2  a jury action pursuant to FRCP 39(a).

3  Dated:  February 14, 2008

4

5                           THE SPIELBAUER LAW FIRM

6

7

8                           by Thomas Spielbauer, Esq.
                             Attorney for Plaintiff, Jim Moore
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Thomas Spielbauer, Esq.
SBN 78281
THE SPIELBAUER LAW FIRM
1250 Oakmead Parkway, Suite 210
Sunnyvale, CA 94085
(408)451-8499
Fax: (610)423-1395
thomas@spielbauer.com

F I L E D

JAN 1 0 2008

K TORLEY CLERK OF THE COURT
SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF CONTRA COSTA
By_____ , Deputy Clerk

Attorneys for Jim E. Moore, Plaintiff

## IN THE SUPERIOR COURT
## OF THE STATE OF CALIFORNIA
## CONTRA COSTA COUNTY

| | |
|---|---|
| JIM E. MOORE, | No: MSC08-00040 |
| Plaintiff. | AMENDMENT TO COMPLAINT |
| v.s. | |
| J.P. CHASE MORGAN BANK; BNC MORTGAGE, INC.; NDEx West LLC; STIRLING FUNDING CORPORATION; KEVIN CAYLOR; and DOES 1-20, | |
| Defendants. | |

Plaintiff Jim Moore makes the following amendments to his complaint:

1. In the caption of the complaint, change the named party from "Chase Bank" to "J.P. Chase Morgan Bank."

2. At page 1, line 22, change "J.P. Chase Bank" to "J. P. Chase Morgan Bank."

3. At page 20, line 19, change "Alameda County Trust Deed x1" to read "Alameda County Trust Deed 2004-037887220."

//

//

-1-

1    Dated: January 8, 2008

2

                      THE SPIELBAUER LAW FIRM

3

4

5

                      by Thomas Spielbauer, Esq.
6                       Attorney for Plaintiff, Jim Moore

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-

*Moore v. J. P. Chase Morgan Bank et Al.*
Northern District of California Case Number 3:08-cv-00350-SC

## CERTIFICATE OF SERVICE

I, Thomas Spielbauer, declare:

I am a resident of Santa Clara County, California.  I am now, and at all times herein mentioned was, over the age of eighteen years.  I am not a party to this action.  My business address is 1250 Oakmead Parkway, Suite 210, Sunnyvale, CA 94085.

On February 14, 2008, I filed electronically Plaintiff Jim Moore's RESPONSE TO CHASE'S OBJECTION TO NOTICE OF JURY TRIAL REQUEST with supporting exhibit via the Northern District of California Court's website.  Counsel for BNC Mortgage, Inc., aka BNC Mortgage, LLC is a registered user of the ECF for the Northern District of California Federal Court.  Additionally, counsel for J. P. Chase Morgan Bank is a registered user of the ECF for the Northern District of California Federal Court. Their names and email addresses appear on the docket of this matter.

Pursuant to Northern District General Order 45, the service of the Plaintiff Jim Moore's RESPONSE TO CHASE'S OBJECTION TO NOTICE OF JURY TRIAL REQUEST with supporting exhibit was effected at the time of filing, and notification by email to counsel for BNC and Chase by the ECF website.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.  Executed in San Jose, California this February 14, 2008.

Thomas Spielbauer