Thomas Spielbauer, Esq.
SBN 78281
THE SPIELBAUER LAW FIRM
1250 Oakmead Parkway, Suite 210
Sunnyvale, CA 94085
(408)451-8499
Fax: (610)423-1395
thomas@spielbauer.com

Attorneys for Jim E. Moore, Plaintiff

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JIM E. MOORE,<br><br>Plaintiff.<br><br>v.s.<br><br>J. P. CHASE MORGAN BANK; BNC MORTGAGE, INC.; NDEx West LLC; STIRLING FUNDING CORPORATION; and KEVIN CAYLOR,<br><br>Defendants. | No. 3:08-cv-00350-SC<br><br>Contra Costa County Superior Court No: MSC08-00040<br><br>OPPOSITION TO MOTION TO DISMISS<br><br>Date: Friday, March 21, 2008<br>Time: 10:00 a.m.<br>The Honorable Samuel Conti<br>Courtroom 1, 17th Floor<br>450 Golden Gate Avenue<br>San Francisco, CA 94102 |

Plaintiff Jim Moore submits this responsive opposition to J. P. Morgan Chase Bank's motion to dismiss.

Much like J.P. Morgan Chase Bank's (Chase) objection to plaintiff Jim Moore's demand for a jury trial, Chase's motion to dismiss is misleading and based on misinterpretation of law.

//

//

## LEGAL STANDARD

When considering defendant's motion, the court must construe the factual allegations in the complaint in the light most favorable to plaintiff.[1] Only if no possible construction of the alleged facts will entitle plaintiff to relief should the court grant defendant's motion.[2] If the factual allegations in plaintiff's complaint support any legal theory that entitles plaintiff to some relief, the court should overrule defendant's motion.

## DECLARATORY JUDGMENT

Chase's first assertion is that there can be no declaratory relief against Chase since it does not have an ownership interest in the loan nor the deed of trust. It is simply a servicer. That is nonsense. This argument is a red herring.

Chase is seeking to foreclose on Jim Moore's home by utilizing California non-judicial foreclosure law, California Civil Code §2924 et seq.. To undertake this action, Chase retained the services of a trustee, NDEx West LLC, as foreclosure trustee. Both NDEx West and Chase are obligated to follow strictly the procedures of 2924 et seq..

Chase attempts to argue that it is entitled to utilize the rights, but it cannot be bound by any of the requirements, accorded to a beneficiary under California 2924 et seq..

Jim Moore's declaratory judgment request in his complaint asks this court to find the following:

1. Chase and NDEx West have violated California Civil Code §2924f(b)(1) by stating grossly inaccurate amounts in the notices of default and trustee sale so as to invalidate the foreclosure process;

---

[1] *Collins v. Morgan Stanley Dean Witter* (5th Cir. 2000) 224 F.3d 496, 498-99; *In re Stac Elecs. Sec. Litig.* (9th Cir. 1996) 89 F.3d 1399, 1403.

[2] *Hishon v. King & Spalding* (1984) 467 U.S. 69, 73.

2. The loan agreement of September 23, 2004 is unconscionable;

3. The notice of trustee sale is void for failure to comply with California Civil Code §2924f(b)(1) since it does not contain all of the information that this code section mandates;

4. That the loan agreement of September 23, 2004 is void and subject to rescission.

All of these declaration judgment requests go directly to the validity of the security which is the sole basis of the foreclosure sale. If the mortgage note which Jim Moore executed on September 23, 2004 is found to be unenforceable or void, the underlying security is likewise void and the foreclosure sale without legal foundation.[3]

Chase became subject to this litigation by its actions in undertaking and ordering the foreclosure sale of Jim Moore's home.

**STRICT COMPLIANCE**

California foreclosure law is different from the law which governs most other legal proceedings since it is intended to be totally non-judicial. "The comprehensive statutory framework established to govern nonjudicial foreclosure sales is intended to be exhaustive."[4]

Concerns have been raised in the past that there was an inherent unfairness, or denial of due process, given this lack of judicial oversight and the substantive

---

[3] Miller & Starr, California Real Estate (3d ed.), Deeds of Trust and Mortgages, Chapter 10 §10.10; *Alliance Mortgage Co. v. Rothwell* (1995) 10 Cal. 4th 1226, 1235; *Goodfellow v. Goodfellow* (1933) 219 Cal. 548, 554; *Fleming v. Kagan* (2d Dist. 1961) 189 Cal. App. 2d 791, 796; *Turner v. Gosden* (1st Dist. 1932) 121 Cal. App. 20, 22.

[4] *Moeller v. Lien* (1994) 25 Cal.App.4th 822, 834 citing to *Homestead Savings v. Darmiento* (1991) 230 Cal.App.3d 424, 432-433.

loss of property rights involved.[5] The harshness of non-judicial foreclosure has been recognized. "The exercise of the power of sale is a harsh method of foreclosing the rights of the grantor."[6]

To compensate for this lack of judicial oversight, the concept of strict compliance is the standard applied to non-judicial foreclosure actions. The statutory requirements are intended to protect the trustor from a wrongful or unfair loss of the property[7], and a valid foreclosure by the private power of sale requires ***strict compliance*** with the requirements of the statute.[8] It has been a cornerstone of foreclosure law that the statutory requirements, intending to protect the trustor from a wrongful or unfair loss of the property, must be complied with strictly.[9] Close does not count.

As a result, any trustee's sale based on a statutorily deficient Notice of

---

[5] Miller & Starr, California Real Estate (3d ed.), Deeds of Trust and Mortgages, Chapter 10 §10.179; *I. E. Associates v. Safeco Title Ins. Co.* (1985) 39 Cal. 3d 281.

[6] *Anderson v. Heart Federal Savings* (1989) 208 Cal.App.3d 202, 215, citing to *System Inv. Corporation v. Union Bank* (1971) 21 Cal.App.3d 137, 153.

[7] *Moeller v. Lien* (1994) 25 Cal.App.4th 822, 830; accord, *Hicks v. E.T. Legg & Associates* (2001) 89 Cal.App.4th 496, 503; *Lo Nguyen v. Calhoun* (6th District 2003) 105 Cal.App.4th 428, 440.

[8] Miller & Starr, California Real Estate (3d ed.), Deeds of Trust and Mortgages, Chapter 10 §10.179; *Anderson v. Heart Federal Sav. & Loan Assn.*, 208 Cal. App. 3d 202, 211 (3d Dist. 1989), reh'g denied and opinion modified, (Mar. 28, 1989); *Miller v. Cote* (4th Dist. 1982) 127 Cal. App. 3d 888, 894; *System Inv. Corp. v. Union Bank* (2d Dist. 1971) 21 Cal. App. 3d 137, 152-153; *Bisno v. Sax* (2d Dist. 1959) 175 Cal. App. 2d 714, 720.

[9] Miller & Starr, California Real Estate (3d ed.), Deeds of Trust and Mortgages, Chapter 10 §10.182.

Trustee Sale is invalid.[10]

Courts will set aside a foreclosure sale when there has been fraud, when the sale has been improperly, unfairly, or unlawfully conducted, or when there has been such a mistake that it would be inequitable to let it stand.[11]

Aside from names, addresses and telephone numbers, a notice of trustee sale ***must contain a statement of the total amount*** of the unpaid balance of the obligation secured by the property to be sold and reasonably estimated costs, expenses and advances at the time of the initial publication of the notice of sale.[12] Inherent in this requirement is the fact that the notice must contain an accurate statement of the total amount.[13]

The question arises, what does this statement of total amount as required by California Civil Code §2924f(b)(1) mean in this matter? In notice of trustee sale, Chase, through NDEx West, demanded $307,967 as the reasonably estimated costs and expenses. A trustee, NDEx West, does not make up the amounts due but receives this information from the servicer or beneficiary, in this case Chase.

This amount of $308,000 is demanded on a $302,600 loan with a 15.225% interest ceiling and after Jim Moore has paid $2,000 per month for over three years on this loan (inaccurately stated as two years in the complaint). Mr. Moore

---

[10] *Anderson v. Heart Federal Sav. & Loan Assn*. (3d Dist. 1989) 208 Cal. App. 3d 202, 211, reh'g denied and opinion modified, (Mar. 28, 1989).

[11] *Bank of America Nat. Trust & Savings Ass'n v. Reidy* (1940) 15 Cal. 2d 243, 248; *Whitman v. Transtate Title Co.*(4th Dist. 1985) 165 Cal. App. 3d 312, 322-323; *In re Worcester* (9th Cir. 1987) 811 F.2d 1224, 1228.

See also *Smith v. Williams* (1961) 55 Cal. 2d 617, 621; *Stirton v. Pastor* (4th Dist. 1960) 177 Cal. App. 2d 232, 234; *Brown v. Busch* (3d Dist. 1957) 152 Cal. App. 2d 200, 203-204.

[12] California Civil Code §2924f(b)(1); Miller & Starr, California Real Estate (3d ed.), Deeds of Trust and Mortgages, Chapter 10 §10.198.

[13] *Anderson v. Heart Federal Savings* (1989) 208 Cal.App.3d 202, 217.

has paid over $70,964 in payments on this loan, none of which is reflected in a reduction in principal. He also incurred $10,214 in loan costs in September 2004. This totals an $81,178 reduction in the $302,600 principal if this court finds the loan to be subject to rescission, and even less if found to be void or unenforceable. An $80,000 disparity, or even a portion thereof on a $310,000 loan, is inaccurate by any definition.

**CHASE IS NOT THE TRUSTEE**

Chase then attempts to mislead this court by arguing that it has no liability under California Civil Code §2924(b)(1). On page 5, lines 6-11 of its motion to dismiss, Chase EMPHASIZES the following, "provided that the trustee shall incur no liability for any good faith error in stating the proper amount, including any amount provided in good faith by or on behalf of the beneficiary."

This is a very odd argument since NDEx West is the trustee and Chase stands in the shoes of the beneficiary. It is Chase which provided to NDEx West the amounts allegedly due, not vice versa. In fact, Chase admits that it is not the trustee on page 6, line 1-20 and again on page 10, line 1-2.

California non-judicial foreclosure law grants a special protection to trustees. California Civil Code §2924l permits a trustee to file a declaration of non-monetary status and thereby be excused from a lawsuit. NDEx West in fact did file such a declaration in the Contra Costa Superior Court on the day of this matter being removed into federal court. This declaration is attached to this opposition as an exhibit. Chase does not have the legal right to file this 2924l declaration since it is not a trustee. Nor is Chase subject to any of the protections accorded a trustee.

**BUSINESS and PROFESSIONS CODE §17200**

Chase next argues that since Jim Moore failed to make mortgage payments commencing in late 2007, there can be no violation of California Business and Professions Code §17200. TILA and RESPA violations do not pertain to Chase, it

argues, even though it promises to comply with plaintiff's RESPA "Qualified Written Request" pursuant to 12 U.S.C. §2605(e). See footnote 2, page 12 of Chase's motion. Chase then argues that there has to be an ongoing pattern of conduct, not just one instance, it argues. It then bootstraps this 17200 argument with its previous argument that no violation of California Civil Code §2924(b)(1) can be alleged against Chase. This bootstrap argument has been addressed above.

Again, these arguments are specious. California Business and Professions Code §17200 by its own language does not require an ongoing pattern of conduct. Section 17200, "include[s] any unlawful, unfair or fraudulent business act or practice and ... any act prohibited" by Business and Professions Code §17500. One act will suffice. An "unfair business practice" has been described as a practice which, "offends public policy ... is immoral, unethical, oppressive, or unscrupulous [or] ... causes substantial injury to consumers (or competitors or other businessmen).'"[14]

The bases for the action, i.e., that the act or practice is unfair, unlawful or fraudulent, operate in the alternative and only one of the three need be shown.[15] Thus, even if it is not unlawful, a business practice is still subject to regulation under section 17200 so long as it is "unfair" or "fraudulent."[16] And an unfair business practice may even include conduct that is otherwise nothing more than a "mere" breach of contract.[17]

---

[14] *People v. Casa Blanca Convalescent Homes* (1984) 159 Cal.App.3d 509, 530.

[15] *Cel-Tech Communications v. Los Angeles Cellular Tel. Co.* (1999) 20 Cal.4th 163, 180; *State Farm Fire & Casualty Company v. Superior Court (Allegro) (1996)* 45 Cal.App.4th 1093.

[16] *People v. Dollar Rent-a-Car Systems* (1989) 211 Cal.App.3d 119, 129.

[17] *Allied Grape Growers v. Bronco Wine Co.* (1988) 203 Cal.App.3d 432.

Also notable is that under the "unlawful" prong of the statute, the statute "'borrows' violations of other laws—civil or criminal, federal, state, or municipal, statutory, regulatory, or court-made—and treats them as unlawful practices independently actionable under" the act.[18] To be actionable under the act, the "borrowed" statute need not be subject to any private enforcement scheme, either civil or criminal. In other words, the fact that the underlying statute cannot be enforced through a private right of action does not preclude enforcement under by action brought under section 17200.[19]

The Legislature has provided the courts with broad equitable powers under section 17203, designed to fashion remedies appropriate to the specifics of the case at hand. Those include injunctive relief as well as the power to issue such orders as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition. That, in turn, allows the court to order the defendant to disgorge the profits illegally gained by the defendant's unfair competition, even when it is too difficult or too cumbersome to identify individual victims harmed by the unfair competition.[20]

The fundamental goal of the statutory scheme is to assure that the wrongdoer is not permitted to retain the illegally-gained profits.[21] Disgorgement or restitution ordered in an action under section 17200 does not constitute damages and does not collaterally estop an injured victim from seeking damages

---

[18] *Allegro*, 45 Cal.App.4th at 1103; *Hewlett v. Squaw Valley Ski Corp.* (1997) 54 Cal.App.4th 499.

[19] *Stop Youth Addiction*, 17 Cal.4th at 565.

[20] *People v. Thomas Shelton Powers, M.D., Inc.* (1992) 2 Cal.App.4th 330, 341-343.

[21] Id.

for the same wrongful conduct under an appropriate private right of action, if one exists.[22] And, a court can order disgorgement even where injunctive relief is not warranted, i.e., where the defendant has already ceased engaging in the improper conduct.[23]

**FRAUD**

Chase next argues that the allegations made against it are not specific enough. It reargues its previous 2924(b)(1) argument, addressed above. Then it complains that the specific Chase perpetrators are not identified by name in the complaint.

The complaint speaks for itself. The allegations of fraud are set forth in Plaintiff's Third Cause of Action. Paragraph 69 sets forth the wrongdoing of BNC, Caylor and Stirling. Paragraphs 70 through 74 detail how Chase aided an abetted in these actions, picking up the ball and running with it after BNC, Caylor and Stirling were finished with their misdeeds.

Chase then, in its argument, states that it had no knowledge of the loan transaction. This is incredible. There is no evidence to support Chase's bold assertion, not even an affidavit from a person most knowledgeable or officer. Why? Because Chase received the loan file or a copy thereof prior to undertaking the servicing of this loan. It could not service the loan without it, particularly since it became obligated (by its own admission in footnote 2) to respond to a borrower's RESPA Qualified Written Request. Discovery will disclose this fact. For Chase to say that it was not aware of the illegal and predatory aspects of this September 23, 2004 is an outright misrepresentation.

Chase then argues that its officers or agents are not specifically identified in

---

[22] *Bronco Wine Company v. Frank A. Logoluso Farms* (1990) 214 Cal.App.3d 699, 719-720.

[23] *ABC Int'l Traders, Inc. v. Matsushita Elec. Corp.* (1997) 14 Cal.4th 1247.

the complaint. It neglects to mention paragraph 12 of the complaint, which specifically addresses these allegations. That paragraph pleads that an act by any agent or employee of the corporation was authorized by the officers and directors of the corporation.

Jim Moore could not plead the exact names of Chase's representatives as the declined to provide their specific identities when Jim Moore attempted contact. They identified themselves with general appellations such as "customer service" or other similar generic titles. Hiding the ball, Chase now seeks to blame Jim Moore for his inability to plead specific names and titles. He will be better able to do this once discovery has completed. However, Chase's complaint of lack of names reminds one of California Civil Code §3517, which states, "No one can take advantage of his own wrong."

**UNCONSCIONABILITY**

Chase then argues that it cannot be a named party to an action which seeks to declare the very note that it is seeking to enforce unconscionable. This is thoroughly non-sensical. Chase does not argue that this court cannot find the note to unconscionable, just that the court cannot make such a finding against Chase.

Chase, of course, does not address the issue of effect of a judicial declaration of unconscionableness, and the court's reformation, on the note and security it is attempting to foreclose on. Should this Court make a finding of unconscionableness, it would clearly have the collateral consequence of establishing that Chase's acts in attempting to foreclose on Jim Moore's home were unlawful and without legal basis. Chase attempted to take the benefits of its foreclosure activity on Jim Moore's home. California Civil Code §3521 reminds us, "He who takes the benefit must bear the burden."

**COVENANT OF GOOD FAITH AND FAIR DEALING**

Of all of Chase's arguments, this may be its best, although not impressive in itself. True, Chase was not a signatory to the promissory note between Jim Moore

and BNC. However, assuming LaSalle in fact is the current beneficiary, Chase is now its agent. LaSalle took the note subject to any and all defenses which Jim Moore has to this note . These defenses passed on to Chase. The fact of the matter is that all defenses which Jim Moore can raise contractually to the note pass on to subsequent assignees, with a narrow exception which does not apply here. These defenses would likewise pass on to Chase which is the admitted agent of the current alleged holder of the note, LaSalle.

**ACCOUNTING**

Chase's argument that it is not, as agent and servicer for LaSalle, required to provide an accounting is nonsense. Chase is demanding $307,967 through NDEx West, as stated in the notice of trustee sale. It then argues that it can make this demand and Jim Moore has no right to require an itemization and accounting of these amounts. It is amazing that Chase makes this argument, particularly since Jim Moore cites his authority for this demand in his complaint.

There is a special relationship between Jim Moore and each of the defendants, particularly Chase in this matter. This relationship exists by virtue of the mortgage and the foreclosure activities Chase has initiated. The justification, the accounting or itemization, for the $306,967 which Chase is demanding in the notice of trustee sale comes only from information within the possession of Chase. The only way that Jim Moore, and this Court, can establish was is legitimately owed, and what is impermissible, is for Chase to render an accounting.

*Whann v. Doell*[24] and *James Church v. Superior Court*[25] , two cases cited in the complaint, mandate an accounting.

//

//

---

[24] *Whann v. Doell* (1923) 192 Cal. 680, 684.

[25] *James Church v. Superior Court* (1955) 135 Cal.App.2d 352, 359.

## CONCLUSION

Because plaintiff's factual allegations support a claim on which relief can be granted, the court should deny defendant CHASE's motion and retain the case on the court's docket. In the alternative, if the court determines plaintiff has failed to properly state a claim, plaintiff asks the court to grant leave to amend the complaint.

Respectfully Submitted
THE SPIELBAUER LAW FIRM

by Thomas Spielbauer, Esq.
Attorney for Plaintiff, Jim Moore

EDWARD A. TREDER
State Bar No. 116307
Law Offices
ROBERT E. WEISS INCORPORATED
920 S. Village Oaks Drive
Covina, CA 91724
(626) 967-4302
etreder@rewlaw.com

Attorneys for Defendant NDEx WEST, LLC

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF CONTRA COSTA

JIM E. MOORE,

Plaintiffs,

vs.

J.P. MORGAN BANK; BNC MORTGAGE, INC. NDEx WEST, LLC; STIRLING FUNDING CORPORATION; KEVIN CA YLOR; and DOES 1 through 20, Inclusive,

Defendants.

CASE NO. C08-00040

ASSIGNED FOR ALL PURPOSES TO:
HON. THOMAS M. MADDOCK, DEPT. 16

NOTICE OF FILING OF DECLARATION OF NON-MONETARY STATUS

*(Cal. Civ. Code §2924l)*

Law Offices
ROBERT E. WEISS INCORPORATED
920 VILLAGE OAKS DRIVE
COVINA, CA 91724
TELEPHONE (626) 967-4302 FAX (626) 339-7103

TO: ALL INTERESTED PARTIES; AND

TO: THEIR ATTORNEYS OF RECORD:

YOU ARE HEREBY NOTIFIED that Defendant NDEx WEST, LLC has filed a Declaration of Non-Monetary Status in the above-captioned action or proceeding as authorized by *California Civil Code §2924l(a)*. A true and correct copy of its Declaration of Non-Monetary Status is attached hereto as Exhibit "1" and incorporated herein by this reference.

YOU ARE FURTHER NOTIFIED that, in accordance with *California Civil Code §2924l(c)*, any parties who have appeared in the above-captioned action or proceeding shall have fifteen (15) days from the service of the Declaration of Non-Monetary Status in which to file and serve written objections to the non-monetary status of said defendant. Any written objections shall set forth the factual basis on which the objections are based and shall be served upon the undersigned counsel for said defendant. During the time for filing written objections, the time within which Defendant NDEx WEST, LLC is required to file a responsive pleading to plaintiffs' complaint shall be tolled in accordance with the provisions of *California Civil Code §2924l(f)*.

YOU ARE FURTHER NOTIFIED that, in accordance with *California Civil Code §2924l(d)*, if no timely written objections are filed and served, Defendant, NDEx WEST, LLC shall not be subject to any monetary awards as and for damages, attorneys fees or costs, shall be required to respond to any discovery requests as a nonparty and shall be bound by any court order relating to the deed of trust that is the subject of the action or proceeding.

Law Offices
ROBERT E. WEISS INCORPORATED
920 VILLAGE OAKS DRIVE
COVINA, CA 91724
TELEPHONE (626) 967-4302 – FAX (626) 339-7103

ROBERT E. WEISS INCORPORATED

Dated: January 18, 2008

By: ____________________
EDWARD A. TREDER, Attorneys for Defendant NDEx WEST, LLC

**PROOF OF SERVICE BY MAIL (C.C.P. 1013a, 2015.5)**

STATE OF CALIFORNIA )
)
COUNTY OF LOS ANGELES )

I, Tiffany Jensen, declare as follows:

I am employed in Los Angeles County, I am over the age of eighteen years and am not a party to the within entitled action; my business address is 920 S. Village Oaks Drive, Covina, California.

On January 18, 2008, I served the following:

**NOTICE OF FILING OF DECLARATION OF NON-MONETARY STATUS**

on the interested parties in said action by first class mail, postage prepaid, addressed as follows:

**THOMAS SPIELBAUER, ESQ.**
**THE SPIELBAUER LAW FIRM**
**1250 OAKMEAD PARKWAY, SUITE 210**
**SUNNYVALE, CA 94085**

I am "readily familiar" with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Covina, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing affidavit/declaration.

I declare under penalty of perjury and the laws of the State of California that the foregoing is true and correct.

Executed on January 18, 2008, at Covina, California.

TIFFANY JENSEN

Law Offices
ROBERT E. WEISS INCORPORATED
920 VILLAGE OAKS DRIVE
COVINA, CA 91724
TELEPHONE (626) 967-4302 - FAX (626) 339-7103

# EXHIBIT 1

EDWARD A. TREDER
State Bar No. 116307
Law Offices
ROBERT E. WEISS INCORPORATED
920 S. Village Oaks Drive
Covina, CA 91724
(626) 967-4302
etreder@rewlaw.com

Attorneys for Defendant NDEx WEST, LLC

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF CONTRA COSTA

JIM E. MOORE,

Plaintiffs,

vs.

J.P. MORGAN BANK; BNC MORTGAGE, INC. NDEx WEST, LLC; STIRLING FUNDING CORPORATION; KEVIN CA YLOR; and DOES 1 through 20, Inclusive,

Defendants.

CASE NO. C08-00040

ASSIGNED FOR ALL PURPOSES TO:
HON. THOMAS M. MADDOCK, DEPT. 16

DECLARATION OF NON-MONETARY STATUS

*(Cal. Civ. Code §29241)*

I, EDWARD A. TREDER, declare as follows:

1. I am attorney at law, duly admitted to practice before all courts in the State of California, and I am associated with the Law Offices of Robert E. Weiss, Inc., attorneys for Defendant NDEx WEST, LLC, a named defendant in the above-captioned matter.



Law Offices
ROBERT E. WEISS INCORPORATED
920 VILLAGE OAKS DRIVE
COVINA, CA 91724
TELEPHONE (626) 967-4302 FAX (626) 339-7103

2. Defendant, NDEx WEST, LCC is the duly substituted foreclosure trustee under that certain Deed of Trust executed by JAMES E. MOORE, to secure a debt in the original sum of $302,600.00 in favor of BNC MORTGAGE, INC., a Delaware Corporation and recorded on October 1, 2004 as Instrument No. 2004-0378872-00, Official Records of Contra Costa County, California. Said Deed of Trust was a first priority lien against the real property described therein and commonly known as 1258 Duffy Way, Brentwood, CA 94513.

3. I have reviewed the claims alleged in plaintiff's Complaint, and I have spoken with plaintiff's counsel to discuss the relief requested as to Defendant NDEx WEST, LLC. Based thereon, Defendant NDEx WEST, LLC knows or maintains a reasonable belief that it has been named as a defendant in the above-captioned action or proceeding solely in its capacity as a foreclosure trustee under said Deed of Trust and that plaintiff does not assert any claims for monetary relief against Defendant NDEx WEST, LLC.

4. Defendant NDEx WEST, LLC reasonably believes that it has not been named as a defendant in the above-captioned action or proceeding due to any acts or omissions on its part in the performance of its duties as foreclosure trustee because the facts alleged in the Complaint relate primarily to a loan origination and/or accounting dispute between plaintiffs, the mortgage lender and/or the loan servicer.

5. Defendant NDEx WEST, LLC agrees to be bound by any non-monetary order or judgment that may be issued by the court regarding said Deed of Trust.

6. I have personal knowledge of the foregoing facts, and if called as a witness, I would testify competently thereto.

Law Offices
ROBERT E. WEISS INCORPORATED
920 VILLAGE OAKS DRIVE
COVINA, CA 91724

I declare under penalty of perjury under the laws of the State of California that the foregoing facts are true and correct.

Executed this 18th day of January, 2008 at Covina, California

EDWARD A. TREDER

Law Offices
ROBERT E. WEISS INCORPORATED
920 VILLAGE OAKS DRIVE
COVINA, CA 91724
TELEPHONE (626) 967-4302 - FAX (626) 339-7103

**PROOF OF SERVICE BY MAIL (C.C.P. 1013a, 2015.5)**

STATE OF CALIFORNIA )
)
COUNTY OF LOS ANGELES )

I, Tiffany Jensen, declare as follows:

I am employed in Los Angeles County, I am over the age of eighteen years and am not a party to the within entitled action; my business address is 920 S. Village Oaks Drive, Covina, California.

On January 18, 2008, I served the following:

**DECLARATION OF NON-MONETARY STATUS**

on the interested parties in said action by first class mail, postage prepaid, addressed as follows:

**THOMAS SPIELBAUER, ESQ.
THE SPIELBAUER LAW FIRM
1250 OAKMEAD PARKWAY, SUITE 210
SUNNYVALE, CA 94085**

I am "readily familiar" with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Covina, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing affidavit/declaration.

I declare under penalty of perjury and the laws of the State of California that the foregoing is true and correct.

Executed on January 18, 2008, at Covina, California.

TIFFANY JENSEN

Law Offices
ROBERT E. WEISS INCORPORATED
920 VILLAGE OAKS DRIVE
COVINA, CA 91724
TELEPHONE (626) 857-4302 - FAX (626) 339-7103

EDWARD A. TREDER
State Bar No. 116307
Law Offices
ROBERT E. WEISS INCORPORATED
920 S. Village Oaks Drive
Covina, CA 91724
(626) 967-4302
etreder@rewlaw.com

Attorneys for Defendant NDEx WEST, LLC

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF CONTRA COSTA

JIM E. MOORE,

Plaintiffs,

vs.

J.P. MORGAN BANK; BNC MORTGAGE, INC. NDEx WEST, LLC; STIRLING FUNDING CORPORATION; KEVIN CA YLOR; and DOES 1 through 20, Inclusive,

Defendants.

CASE NO. C08-00040

ASSIGNED FOR ALL PURPOSES TO:
HON. THOMAS M. MADDOCK, DEPT. 16

DECLARATION OF NON-MONETARY STATUS

*(Cal. Civ. Code §2924l)*

I, EDWARD A. TREDER, declare as follows:

1. I am attorney at law, duly admitted to practice before all courts in the State of California, and I am associated with the Law Offices of Robert E. Weiss, Inc., attorneys for Defendant NDEx WEST, LLC, a named defendant in the above-captioned matter.

Law Offices
ROBERT E. WEISS INCORPORATED
920 VILLAGE OAKS DRIVE
COVINA, CA 91724
TELEPHONE (626) 967-4302 - FAX (626) 339-7103

2. Defendant, NDEx WEST, LCC is the duly substituted foreclosure trustee under that certain Deed of Trust executed by JAMES E. MOORE, to secure a debt in the original sum of $302,600.00 in favor of BNC MORTGAGE, INC., a Delaware Corporation and recorded on October 1, 2004 as Instrument No. 2004-0378872-00, Official Records of Contra Costa County, California. Said Deed of Trust was a first priority lien against the real property described therein and commonly known as 1258 Duffy Way, Brentwood, CA 94513.

3. I have reviewed the claims alleged in plaintiff's Complaint, and I have spoken with plaintiff's counsel to discuss the relief requested as to Defendant NDEx WEST, LLC. Based thereon, Defendant NDEx WEST, LLC knows or maintains a reasonable belief that it has been named as a defendant in the above-captioned action or proceeding solely in its capacity as a foreclosure trustee under said Deed of Trust and that plaintiff does not assert any claims for monetary relief against Defendant NDEx WEST, LLC.

4. Defendant NDEx WEST, LLC reasonably believes that it has not been named as a defendant in the above-captioned action or proceeding due to any acts or omissions on its part in the performance of its duties as foreclosure trustee because the facts alleged in the Complaint relate primarily to a loan origination and/or accounting dispute between plaintiffs, the mortgage lender and/or the loan servicer.

5. Defendant NDEx WEST, LLC agrees to be bound by any non-monetary order or judgment that may be issued by the court regarding said Deed of Trust.

6. I have personal knowledge of the foregoing facts, and if called as a witness, I would testify competently thereto.

Law Offices
ROBERT E. WEISS INCORPORATED
920 VILLAGE OAKS DRIVE
COVINA, CA 91724
TELEPHONE (626) [illegible] - FAX (626) [illegible]

I declare under penalty of perjury under the laws of the State of California that the foregoing facts are true and correct.

Executed this 18th day of January, 2008 at Covina, California

EDWARD A. TREDER

Law Offices
ROBERT E. WEISS INCORPORATED
920 VILLAGE OAKS DRIVE
COVINA, CA 91724

**PROOF OF SERVICE BY MAIL (C.C.P. 1013a, 2015.5)**

STATE OF CALIFORNIA )
)
COUNTY OF LOS ANGELES )

I, Tiffany Jensen, declare as follows:

I am employed in Los Angeles County, I am over the age of eighteen years and am not a party to the within entitled action; my business address is 920 S. Village Oaks Drive, Covina, California.

On January 18, 2008, I served the following:

**DECLARATION OF NON-MONETARY STATUS**

on the interested parties in said action by first class mail, postage prepaid, addressed as follows:

**THOMAS SPIELBAUER, ESQ.**
**THE SPIELBAUER LAW FIRM**
**1250 OAKMEAD PARKWAY, SUITE 210**
**SUNNYVALE, CA 94085**

I am "readily familiar" with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Covina, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing affidavit/declaration.

I declare under penalty of perjury and the laws of the State of California that the foregoing is true and correct.

Executed on January 18, 2008, at Covina, California.

TIFFANY JENSEN

Law Offices
ROBERT E. WEISS INCORPORATED
920 VILLAGE OAKS DRIVE
COVINA, CA 91724
TELEPHONE (626) 967-4302 – FAX (626) 339-7103

*Moore v. J. P. Chase Morgan Bank et Al.*
Northern District of California Case Number 3:08-cv-00350-SC

**CERTIFICATE OF SERVICE**

I, Thomas Spielbauer, declare:

I am a resident of Santa Clara County, California. I am now, and at all times herein mentioned was, over the age of eighteen years. I am not a party to this action. My business address is 1250 Oakmead Parkway, Suite 210, Sunnyvale, CA 94085.

On February 29, 2008, I filed electronically plaintiff's OPPOSITION TO MOTION TO DISMISS via the Northern District of California Court's website.

Counsel for BNC Mortgage, Inc., aka BNC Mortgage, LLC is a registered user of the ECF for the Northern District of California Federal Court. His name is Eric D. Houser, Esq.. His email address of appears on the docket of this matter.

Counsel for J.P. Chase Morgan Bank aka J.P. Morgan Chase Bank is a registered user of the Northern District of California Federal Court. His name is John M. Sorich, Esq.. His email address of appears on the docket of this matter.

Counsel for NDEx West is a registered user of the Northern District of California Federal Court. His name is Edward Treder, Esq.. His email address of appears on the docket of this matter. It should be noted that NDEx West filed a declaration pursuant to California Civil Code §29241 in the Contra Costa Superior Court at the time of or just prior to removal, on January 18, 2008.

Pursuant to Northern District General Order 45, the service of the OPPOSITION TO MOTION TO DISMISS was effected at the time of filing, and notification by email to counsel by the ECF website.

//

//

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. Executed in San Jose, California this February 29, 2008.

Thomas Spielbauer