JOHN M. SORICH (CA Bar No. 125223)
jsorich@adorno.com
S. CHRISTOPHER YOO (CA Bar No. 169442)
cyoo@adorno.com
ROCIO HERRERA (CA Bar No. 237139)
rherrera@adorno.com
ADORNO YOSS ALVARADO & SMITH
A Professional Corporation
1 MacArthur Place, Suite 200
Santa Ana, California 92707
Tel: (714) 852-6800
Fax: (714) 852-6899

Attorneys for Defendant JPMORGAN CHASE BANK, N.A. erroneously sued as J.P. CHASE MORGAN BANK

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIM E. MOORE,<br><br>    Plaintiffs,<br><br>v.<br><br>CHASE BANK; BNC MORTGAGE, INC.; NDEx West LLC; STIRLING FUNDING CORPORATION; KEVIN CAYLOR; and DOES 1-20,<br><br>    Defendant. | CASE NO.: 3:08-cv-00350-SC<br><br>Assigned to: Judge Samuel Conti<br><br>**REPLY TO PLAINTIFF'S OPPOSITION TO JP MORGAN CHASE BANK, N.A.'S MOTION TO DISMISS THE COMPLAINT**<br><br>(FRCP 12(b)(6))<br><br>DATE:   March 21, 2008<br>TIME:   10:00 a.m.<br>CRTRM: 1, 17th Floor<br><br>**Complaint Filed:** July 25, 2007 |

Defendant JPMorgan Chase Bank, N.A. ("JPMorgan") hereby submits the following Reply Memorandum in response to the opposition to the motion to dismiss ("Opposition") of plaintiff Jim E. Moore ("Moore" or "Plaintiff").

///

# MEMORANDUM OF POINTS & AUTHORITIES

## I. INTRODUCTION – PLAINTIFF'S OPPOSITION IS MERE ARGUMENT WITHOUT LEGAL SUPPORT

Plaintiff's entire Opposition is nothing more than a recitation of inflammatory language and cases that do nothing to defeat JPMorgan's motion to dismiss. The fact remains that JPMorgan is not a proper party to the action. JPMorgan did not commit any of the wrongful conduct alleged in the Complaint and it holds <u>no interest</u> in the deed of trust securing the subject property pursuant to Plaintiff's refinancing loan.

Thus, the motion to dismiss should be granted in its entirety with respect to JPMorgan.

## II. PLAINTIFF IDENTIFIES THE WRONG STANDARD FOR A MOTION TO DISMISS

Plaintiff sets forth the wrong legal standard for granting a motion to dismiss. *See,* Opposition, p. 2:2-7. In 2007, the United States Supreme Court held that in order to defeat a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff is obligated to provide the grounds of his entitlement to relief. This requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1959 (2007). Instead, the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.*

Thus, contrary to Plaintiff's contention, a mere recital of allegations that may support any legal theory is insufficient to overcome a motion to dismiss.

## III. NO CLAIM FOR DECLARATORY JUDGMENT CAN BE ASSERTED AGAINST JP MORGAN

In deciding a motion to dismiss for failure to state a claim, the court's review is generally limited to the contents of the complaint. *Campanelli v. Bockrath*, 100 F.3d 1476, 1479 (9th Cir. 1996). "It is axiomatic that the complaint may not be amended by briefs in opposition to a motion to dismiss." *Car Carriers, Inc. v. Ford Motor Co.,* 745 F.2d 1101, 1107 (7th Cir.1984).

In the Opposition, Plaintiff now contends that the first claim for relief for Declaratory

Judgment asks this Court to find four things:

> "1. Chase and NDEx West have violated California Civil Code § 2924f(b)(1) by stating grossly inaccurate amounts in the notices of default and trustee sale so as to invalidate the foreclosure process;
>
> 2. The loan agreement of September 23, 2004 is unconscionable;
>
> 3. The notice of trustee sale is void for failure to comply with California Civil Code § 2924(f)(b)(1) since it does not contain all of the information that this code section mandates;
>
> 4. That the loan agreement of September 2004 is void and subject to rescission."

*See*, Opposition p. 2:23-3:4. However, nothing in the convoluted Complaint indicates that Plaintiff was making four such separate requests.

As pled in the complaint, the only thing that is apparent from the allegations is that Plaintiff seeks a declaration that the refinancing agreement with BNC Mortgage Inc. ("BNC") is unconscionable and that Plaintiff's agreement with BNC is void. *See,* complaint ¶¶ 52, 54. In the remaining paragraphs of the first claim for relief, Plaintiff merely asserts that the Notice of Trustee's sale violated Civil Code section 2924f by providing an inaccurate statement of the total amount of the unpaid balance of the Subject Loan and not providing a toll free number that allowed Plaintiff to speak to a "live person or leave a message." *See,* Complaint ¶¶ 44-53. None of the allegations in the claim request that the Court declare that such violations took place. *See, id.*

Thus, the first claim for relief is unclear and uncertain based on the allegations included in the complaint. At a minimum, the first claim for relief must be amended to provide a more definite statement of the claims asserted against JPMorgan as required by Rule 12(e) of Federal Rules of Civil Procedure ("FRCP").

A. **JPMorgan Has No Interest in the Subject Loan, therefore, a Judicial Declaration that the Loan is Void or Unconscionable Cannot be Asserted Against JPMorgan**

As pled in the complaint, Plaintiff seeks a declaration refinancing agreement with BNC is unconscionable and that Plaintiff's agreement with BNC is void. *See,* complaint ¶¶ 52, 54. JPMorgan is not a proper party to the cause of action for declaratory relief. JPMorgan is not a party to the refinancing agreement. As evidenced by Plaintiff's own allegations, he entered into a

refinancing agreement with BNC. *Id.* The loan agreement was secured by a deed of trust encumbering the subject property ("DOT") that was recorded on or about October 1, 2004. Mortgage Electronic Registration Systems, Inc. ("MERS") was the <u>nominal beneficiary and BNC was identified as the lender</u>. *See,* Complaint, Exhibit "6."

The DOT was assigned to LaSalle Bank National Association, trustee for structured asset investment loan trust (SAIL) 2004-BNC2 ("LaSalle") on or about September 24, 2007 ("Assignment"). *See,* Request for Judicial Notice filed with motion to dismiss, ("RJN"), Exhibit 1. A Substitution of Trustee for the DOT was recorded on about September 24, 2007 whereby NDEX West, LLC ("NDEX") was named as the trustee. *See,* RJN, Exhibit 2.

As such, JPMorgan has no interest in the subject loan and it is an improper party to a claim for relief that seeks the Court to find that the refinancing agreement with BNC is both void and unconscionable.

**B.    <u>An estimate of the Total Unpaid Balance Meets the Requirements of Civil Code § 2924, et seq.</u>**

Civil Code sections 2924-2924h, inclusive, simply mandate certain procedural requirements <u>reasonably calculated</u> to inform those who may be affected by a foreclosure sale and who have requested notice in the statutory manner that a default has occurred and a foreclosure sale is imminent." *Doherty v. Knapp,* 123 Cal.App.4th 76, 88-89 (2004) (emphasis in original); *see also, Lupertino v. Cabahal*, 35 Cal.App.3d 742, 746-747 (1973), *Lancaster Security Inv. Corp. v. Kessler,* 159 Cal.App.2d 649, 652 (1958).

In fact, so long as the Default Notice properly stated the nature of the default (failure to make installment payments and to pay late charges), or the amount of the default the erroneous statement does no invalidate the default notice. *Doherty v. Knapp,* 123 Cal.App.4th at 98. In this case, the foreclosure notices complied with the requirements because, the Notice of Default and Notice of Trustee's sale adequately informed Plaintiff that he failed to make installment payments. *See,* RJN, Exhibit 3. Thus, all notices complied with section 2924f.

Plaintiff simply contends that the reinstatement estimate is inaccurate is because, despite

making payments for two years (and failing to make payments in 2007), the amount demanded in the notice of trustee's sale was greater than the original amount of the loan. *See,* Complaint ¶ 37, Opposition p. 5:16-18. It is illogical, however, that Plaintiff would expect that his failure to make loan payments in 2007 would not increase the amount owed.

Moreover, even if there was a discrepancy in the notice of trustee's sale, Section 2924f(b)(1), the statute purportedly violated, states that:

> "The notice of sale shall contain a statement of total amount of the unpaid balance of the obligation…; <u>provided that the trustee shall incur no liability for any good faith error in stating the proper amount, including any amount provided in good faith by or on behalf of the beneficiary</u>. An inaccurate statement of this amount shall not affect the validity of any sale to a bona fide purcharsor…" (Emphasis added).

As such, even assuming that the payoff amount set forth the notice of sale was "inaccurate" the validity of any foreclosure sale conducted pursuant to the notice would not be affected. JPMorgan is not contending, as Plaintiff erroneously states, that JPMorgan cannot be liable for a violation of Civil Code § 2924f(b)(1), but is simply pointing out that even if there was an inaccuracy in the estimate to reinstate the loan provided in the Notice of Trustee's Sale or the Notice of Default, any sale conducted would remain valid. *See,* Opposition p. 6:8-25. <u>Thus, a claim for a judicial declaration that the Civil Code § 2924f(b)(1) invalidates the foreclosure process has no merit</u>.

### IV. <u>NO CLAIM FOR UNFAIR BUSINESS PRACTICES CAN BE ASSERTED AGAINST JPMORGAN</u>

As in the opposition to JPMorgan's motion to dismiss the first claim for relief, Plaintiff misstates JPMorgan's position and engages in a long winded discussion of Business and Professions Code without discussing the merits of the arguments presented by JPMorgan.

In the Motion, JPMorgan set forth two manners in which a claim for violation of Business and Professions Code § 17200 could be asserted (and upon which JPMorgan believed Plaintiff was attempting to assert a claim). The first, is a violation premised on a the violation of an independent

underlying law or statute often referred to as the "borrowed claim." *People v. McKale*, 25 Cal. 3d 626 (1979). Asserting a "borrowed claim" requires that a Plaintiff plead facts supporting the violation with reasonable particularity. *Khoury v. Maly's of California*, 14 Cal.App.4th 612, 619 (1993). In addition, a claim of unfair business practice under Section 17200 may be premised upon a "pattern of behavior" or a "course of conduct." *Hewlett v. Squaw Valley Ski Corp.*, 54 Cal.App.4th 499, 519 (1977).

In this case, it appears from Plaintiff's convoluted complaint, that Plaintiff is attempting to assert a claim for violation of Section 17200 based on the argument that JPMorgan violated Civil Code § 2924, et seq., and the Truth in Lending Act ("TILA"). The Opposition now appears to indicate that a Section 17200 is also premised on the Real Estate Settlement and Procedures Act ("RESPA"). No claim for Unfair Business practices, however, can be stated because JPMorgan committed no violations under any provision.

For the reasons stated above, JPMorgan did not violate Civil Code § 2924f, namely because JPMorgan has no interest in the Subject Property or the Subject Loan and JPMorgan is not the Trustee in connection in the DOT that prepared the Notice of Trustee's Sale. *See*, RJN, Exhibits 1-3, and Complaint, Exhibit 6. Moreover, even JPMorgan failed to provide the exact amount that was in default, no violation of section 2924f can be asserted. Even if there was a small error in the estimate of amount owed, Civil Code sections 2924 *et seq.*, simply mandates that certain procedural requirements be reasonably calculated to inform those who may be affected by a foreclosure sale and who have requested notice in the statutory manner <u>that a default has occurred and a foreclosure sale is imminent</u>. *Doherty v. Knapp*, 123 Cal.App.4th 76, 88-89 (2004). In this case, Plaintiff was provided with a notice of default and notice of trustee's sale that adequately provided notice of Plaintiff's breach, in short, failure to make mortgage payments and that foreclosure was imminent. As such, there can be no violation of section 2924f. Therefore, as a matter of law, Plaintiff cannot prevail on their claim for violation of Business and Professions Code § 17200.

Further, all other allegations of purported violations of TILA and RESPA do not apply to JPMorgan because JPMorgan was only the servicer of the loan. The only parties who can be liable

1  for TILA violations are the original creditor and assignees of that creditor, 15 USC §§ 1640, 1641.
2  Servicers of consumer obligations are <u>not</u> to be treated as assignees for purposes of imposing
3  liability unless they are also the owner of the obligation. 15 U.S.C. § 1641(f). *Chow v. Aegis Mortg.*
4  *Corp.*, 286 F.Supp.2d 956 (N.D. Ill. 2003).

5      In *Chow*, the Plaintiff brought an action for TILA violations against various parties,
6  including the loan servicer. The loan servicer, GMAC, brought a summary judgment motion and
7  argued that because it was only the servicer of the mortgage loan, <u>not the owner</u>, it could not be
8  liable as an assignee. The Plaintiff argued that there were still questions to be resolved as to whether
9  GMAC had violated TILA because the violations appeared on the face of the TILA statements and
10 GMAC profited from the errors and omissions. The Court, however, found that GMAC was only
11 the servicer of the mortgage and could not be held liable as an assignee for the alleged TILA
12 violations.

13     As such, JPMorgan cannot be liable for a violation of TILA and, in turn, no violation of
14 Section 17200 can be asserted. Furthermore, while Plaintiff now attempts to argue that a 17200
15 violation has occurred because JPMorgan violated RESPA, the Complaint contains no such
16 allegations. *See,* Opposition pp. 6-9, *cf,* Complaint, p. 13-14. In deciding a motion to dismiss for
17 failure to state a claim, the court's review is generally limited to the contents of the complaint.
18 *Campanelli v. Bockrath*, 100 F.3d 1476, 1479 (9th Cir. 1996). Thus, Plaintiff cannot seek to amend
19 his complaint through this Opposition.

20     Plaintiff cannot prevail on his claim for violation of Business and Professions Code § 17200
21 and the claim must be dismissed.

22 **V.   NO CLAIM FOR FRAUD CAN BE ASSERTED AGAINST JPMORGAN**

23     In the Opposition to the third claim for relief, Plaintiff, once again, relies on the use of
24 dramatic language to distract the court from the real issue at hand, namely, that no claim for fraud
25 can be asserted against JPMorgan because, based on Plaintiff's own allegations, <u>JPMorgan was not</u>
26 <u>involved in the underlying loan transaction</u>. Furthermore, Plaintiff has identified no case or legal
27 theory, including any provision of RESPA, that would require JPMorgan to review the loan file prior
28

1  to undertaking the servicing of a loan to determine if the originating lender or broker had committed
2  any fraud by hiding provision or misrepresenting the terms of the loan.

3  Furthermore, the elements for intentional misrepresentation are clear and Plaintiff cannot
4  escape the pleading requirements simply by stating in the Opposition that "Chase received the loan
5  file or a copy thereof prior to undertaking the servicing of the loan…For Chase to say it was not
6  ware of the illegal and predatory aspects of this September 23, 2004 is an outright
7  misrepresentation." *See,* Opposition, p. 9:18-24. Contrary to Plaintiff's contention, there is no
8  authority that places the burden on a loan servicer to meet with a borrower to ensure that the terms of
9  a loan meet the borrower's expectations before the servicer begin to service the loan.

10  The elements of the fraud claim are: 1) a false representation of a material fact, 2) knowledge
11  of the falsity (scienter), 3) intent to induce another into relying on the representation, 4) reliance on
12  the representation, and 5) resulting damage. *Ach v. Finkelstein*, 264 Cal.App.2d 667, 674 (1968); 5
13  Witkin, California Procedure, Pleadings, § 668, at 123 (4th ed. 1997). A plaintiff must plead a fraud
14  claim specifically and not generally. Specific pleading requires facts that clearly allege every
15  element of the fraud. *Stansfield v. Starkey,* 220 Cal.App.3d 59, 73 (1990).

16  Additionally, FRCP 9 has a specificity or particularity requirement. FRCP 9(b) states that
17  "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated
18  with particularity." Rule 9(b) serves to furnish defendant with notice, but also imposes the
19  additional obligation on plaintiff to "aver with particularity the circumstances constituting the
20  fraud." *In Re GlenFed Inc. Securities Litigation*, 42 F.3d 1541, 1547 (en banc) (9th Cir. 1994).

21  Plaintiff has failed to properly plead a claim for fraud against JPMorgan because all the
22  allegations in the Complaint indicate that <u>BNC, Caylor, and Stirling</u> misrepresented the terms of the
23  loan, and failed to comply with the provision of the TILA, and rushed him through the singing of the
24  loan documents. *See,* Complaint ¶ 69. Plaintiff, however, insists that JPMorgan committed fraud
25  because, based on the terms of the loan, JPMorgan "unlawfully initiated" a foreclosure on the
26  Subject Property. *See,* Complaint ¶¶ 70-71. <u>By Plaintiff's own admission, he made no payments on
27  the subject loan in 2007.</u> *See,* Complaint ¶ 37.

28

Simply put, Plaintiff's claim fails, because none of the underlying purportedly fraudulent conduct regarding the terms of the Subject Loan was committed by JPMorgan. JPMorgan had no knowledge of any of the underlying loan transaction, the signing of the loan agreement, or the purported misrepresentations regarding the term of the subject loan. JPMorgan's actions, namely collecting mortgage payments and notifying the trustee pursuant to the deed of trust that the loan was in default, can not be deemed improper. The Subject Loan was in default and as the servicer of the loan, JPMorgan was entitled to commence foreclosure.

Finally, Plaintiff admits that JPMorgan is a Corporation. *See*, Complaint ¶ 2. Therefore, he cannot escape the heightened pleading requirements for a fraud claim and identify <u>who</u> at JPMorgan made any purported false representation and <u>what that person's authority to speak</u> was. *See*, Complaint. Without identifying who at JPMorgan made the purported false representation and that person's authority to speak for the corporation, Plaintiff's fraud claim is deficient as a matter of law. *See, Tarmann v. State Farm Mutual Auto Insurance Co.*, 2 Cal.App.4th 153, 157 (Cal.App.6.Dist. 1991) (to assert a fraud action against a corporation, a plaintiff must also allege that names of the person or persons <u>who</u> allegedly made the fraudulent representation, <u>their authority to speak</u>, to whom they spoke, what they said or wrote, and when it was said or written).

## VI. THE FOURTH CLAIM FOR UNCONSCIONABILITY FAILS BECAUSE JPMORGAN HAS NO INTEREST IN THE SUBJECT LOAN OR THE DOT

Like the improperly pled and convoluted complaint, Plaintiff's Opposition to JPMorgan's Motion to Dismiss the fourth claim has no merit. Plaintiff simply asserts that if the subject loan is found unconscionable, then the foreclosure proceedings commenced by JPMorgan would be found unlawful and without legal basis. *See,* Opposition p. 14-26. There is no authority for such a proposition because the entire argument is nonsensical. Civil Code § 1670(a) merely states that:

> "If the court as a matter of law finds the contract or any clause of the contract to have been unconscionable at the time it was made the court may refuse to enforce the contract, or it may enforce the remainder of the contract without the unconscionable clauses, or it may so limit the application of any unconscionable clause as to avoid

any unconscionable result."

Thus, if the loan is found unconscionable, the loan will simply become unenforceable and JPMorgan will not continue foreclosure proceedings based on Plaintiff's failure to make any payments on the subject loan in the year 2007. *See,* complaint ¶ 37.

The fact remains that the DOT identified MERS as the nominal beneficiary and BNC as the lender. *See,* Complaint, Exhibit "6." The DOT was <u>assigned to LaSalle Bank National Association</u>, trustee for structured asset investment loan trust (SAIL) 2004-BNC2 on or about September 24, 2007. *See,* RJN, Exhibit 1. A Substitution of Trustee for the DOT was recorded on about September 24, 2007 whereby NDEX was named as the trustee. *See,* RJN, Exhibit 2. JPMorgan is the mere loan servicer.

Thus, no claim for unconscionability can be asserted against JPMorgan because there is no agreement between JPMorgan and Plaintiff.

## VII. THE FIFTH CLAIM FAILS BECAUSE THERE IS NO AGREEMENT BETWEEN JPMORGAN AND PLAINTIFF

Once again, Plaintiff has sued the wrong party in the fifth claim for relief. Instead of simply amending the complaint to name the proper parties, Plaintiff makes the same flawed argument that JPMorgan should be held liable for any breach of the covenant of good faith of fair dealing because it is an assignee of La Salle. *See,* p. 10:27-11:7. This contention is fatally flawed for one basic reason, the title documents evidence that there has been <u>no assignment</u> from La Salle to JPMorgan. The deed of trust encumbering the Subject Property recorded pursuant to the terms of the subject loan agreement identified MERS as the nominal beneficiary and BNC as the lender. *See,* Complaint, Exhibit "6." The DOT was <u>assigned to LaSalle Bank National Association</u>, trustee for structured asset investment loan trust (SAIL) 2004-BNC2 on or about September 24, 2007. *See,* RJN, Exhibit 1. A Substitution of Trustee for the DOT was recorded on about September 24, 2007 whereby NDEX was named as the trustee. *See,* RJN, Exhibit 2.

Therefore, JPMorgan is not the beneficiary or trustee pursuant to the DOT. The prerequisite for any action for "breach of implied covenant of good faith and fair dealing" <u>is the existence of a</u>

contractual relationship between the parties, since the covenant is an implied term in the contract. *Smith v. San Francisco*, 225 Cal.App.3d 38, 49 (1990). Thus, the claim for breach of covenant of good faith and fair dealing fails against JPMorgan for a basic reason – there was no contract between JPMorgan and Plaintiff.

As such, no claim for violation of good faith and fair dealing can be asserted against JPMorgan.

### VIII. PLAINTIFFS CLAIM FOR ACCOUNTING ALSO FAILS

Again, despite the inflammatory nature of Plaintiff's Opposition no claim for an accounting can be asserted against JPMorgan. The gravamen of Plaintiff's Complaint is whether Defendants violated TILA or Civil Code section 2924f. Since Plaintiff cannot establish the threshold violations of the TILA or Civil Code section 2924f against JPMorgan, Moore's cause of action for accounting, must also fail. Accordingly, this Court should dismiss this fourth cause of action as against JPMorgan, without leave to amend.

### IX. CONCLUSION

Based on the foregoing, JPMorgan respectfully requests that the Court enter an order dismissing the Complaint as to the second through sixth claims for relief, without leave to amend, pursuant to FRCP Rule 12(b)(6).

DATED: March 7, 2008

ADORNO YOSS ALVARADO & SMITH
A Professional Corporation

By: /s/ S. Christopher Yoo
JOHN M. SORICH
S. CHRISTOPHER YOO
ROCIO HERRERA
Attorneys for Defendant JPMORGAN CHASE BANK, N.A. erroneously sued as J.P. CHASE MORGAN BANK

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 years and not a party to the within action. My business address is **ADORNO YOSS ALVARADO & SMITH, 1 MacArthur Place, Santa Ana, CA 92707**.

On March 7, 2008, I served the foregoing document described as **REPLY TO PLAINTIFF'S OPPOSITION TO JP MORGAN CHASE BANK, N.A.'S MOTION TO DISMISS THE COMPLAINT** on the interested parties in this action.

☒ by placing the original and/or a true copy thereof enclosed in (a) sealed envelope(s), addressed as follows:

**SEE ATTACHED SERVICE LIST**

☒ **BY REGULAR MAIL:** I deposited such envelope in the mail at 1 MacArthur Place, Santa Ana, California. The envelope was mailed with postage thereon fully prepaid.

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

**BY THE ACT OF FILING OR SERVICE, THAT THE DOCUMENT WAS PRODUCED ON PAPER PURCHASED AS RECYCLED.**

☐ **BY FACSIMILE MACHINE:** I Tele-Faxed a copy of the original document to the above facsimile numbers.

☐ **BY OVERNIGHT MAIL:** I deposited such documents at the Overnite Express or Federal Express Drop Box located at 1 MacArthur Place, Santa Ana, California 92707. The envelope was deposited with delivery fees thereon fully prepaid.

☐ **BY PERSONAL SERVICE:** I caused such envelope(s) to be delivered by hand to the above addressee(s).

☐ (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒ (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

Executed on March 7, 2008, at Santa Ana, California.

/s/ Veronica Delgado
------------------------
Veronica Delgado

PROOF OF SERVICE

1048748.1

**SERVICE LIST**
Jim E. Moore v. J.P. Morgan Bank, et al.
USDC, Northern District Case No. C 08-0350 SC

| | |
|---|---|
| Thomas Spielbauer, Esq.<br>The Spielbauer Law Firm<br>Spielbauer Law Firm<br>50 Airport Pkwy<br>San Jose, CA 95110 | (408) 451-8499-telephone<br>(610) 423-1395-facsimile<br>thomas@spielbauer.com<br><br>**Attorneys for Plaintiff, Jim E. Moore** |
| Eric D. Houser, Esq.<br>Houser & Allison<br>A Professional Corporation<br>9970 Research Drive<br>Irvine, CA 92618 | (949) 679-1111-telephone<br>(949) 679-1112-facsimile<br>ehouser@houser-law.com<br><br>**Attorneys for Defendant,**<br>**BNC Mortgage, LLC** |
| Edward A. Treder, Esq.<br>Robert E. Weiss Incorporated<br>920 S. Village Oaks Drive<br>Covina, CA 91724 | (626) 967-4302-telephone<br>(626) 339-7103-facsimile<br>etreder@rewlaw.com<br><br>**Attorney for Defendant, NDEx West, LLC** |

PROOF OF SERVICE

1048748.1