JOHN M. SORICH (CA Bar No. 125223)
jsorich@adorno.com
S. CHRISTOPHER YOO (CA Bar No. 169442)
cyoo@adorno.com
ROCIO HERRERA (CA Bar No. 237139)
rherrera@adorno.com
ADORNO YOSS ALVARADO & SMITH
A Professional Corporation
1 MacArthur Place, Suite 200
Santa Ana, California 92707
Tel: (714) 852-6800
Fax: (714) 852-6899

Attorneys for Defendant JPMORGAN CHASE BANK, N.A. erroneously sued as J.P. CHASE MORGAN BANK

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIM E. MOORE,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>CHASE BANK; BNC MORTGAGE, INC.; NDEx West LLC; STIRLING FUNDING CORPORATION; KEVIN CAYLOR; and DOES 1-20,<br><br>　　　　Defendant. | CASE NO.: 3:08-cv-00350-SC<br><br>Assigned to: Judge Samuel Conti<br><br>**REPLY TO PLAINTIFF'S OPPOSITION TO PLAINTIFF'S OPPOSITION TO THE MOTION TO STRIKE THE COMPLAINT (FRCP 12(F));**<br><br>DATE: March 21, 2008<br>TIME: 10:00 a.m.<br>CRTRM: "1", 17th Floor<br><br>**Complaint Filed:** July 25, 2007 |

## MEMORANDUM OF POINTS & AUTHORITIES

Defendant JPMorgan Chase Bank, N.A. erroneously sued as J.P. Chase Morgan Bank ("JPMorgan"), respectfully submits this reply memorandum in response to the opposition to the motion to strike prayer for punitive damages improperly asserted in the complaint ("Complaint") of plaintiff Jim E. Moore ("Moore" or "Plaintiff").

### I. SUMMARY OF ARGUMENT

Like the opposition to the Motion to Dismiss, Plaintiff's entire opposition to the Motion to Strike ("Opposition") relies on colorful language that seeks to distract this Court from the obvious fact that there is no basis for any of Plaintiff's claims against JPMorgan, including a request for punitive damages. Thus, Plaintiff uses words like "draconian" to describe the actions Chase took with respect to the subject loan, namely, commencing a foreclosure action based on Plaintiff's failure to make mortgage payments in 2007. *See*, Complaint ¶ 37, Opposition.

As discussed extensively in the Motion to Dismiss, the premise of this entire action is that Plaintiff was induced by defendants other than JPMorgan, namely Kevin Caylor, BNC Mortgage, and Stirling Funding Corporation, to obtain a mortgage refinancing loan by fraudulently misrepresenting the terms of the loan, providing improper loan disclosure statements, and failing to give Plaintiff sufficient time to review the loan documents prior to signing the agreement. Assuming the allegations asserted are true, which JPMorgan does not concede, JPMorgan did not participate in any of the wrongful conduct, in essence, inducing Plaintiff to refinance. All purported fraudulent conduct was committed by Kevin Caylor, BNC Mortgage, and Stirling Funding Corporation. *See*, Complaint.

There is no allegation that JPMorgan had any involvement in underlying loan transaction, the signing of the loan agreement, or made any misrepresentations regarding the term of the subject loan. *See,* Opposition. Plaintiff, however, merely asserts that by servicing the subject loan and commencing foreclosure based on Plaintiff's failure to make mortgage payments in 2007, JPMorgan has committed wrongdoing. This proposition is nonsensical. In fact, Plaintiff cites no authority, because no such authority exists that would support this flawed contention. The fact remains that,

none of JPMorgan's actions, namely collecting mortgage payments and notifying the trustee pursuant to the deed of trust that the loan was in default, can be deemed improper.

Simply put, Plaintiff has failed to allege <u>any fact</u> showing malicious, wanton or oppressive behavior on JPMorgan's part in this matter. *See*, Complaint. In fact, the Complaint is devoid of any allegations of malicious, wanton or oppressive behavior by JPMorgan. *Id.*

Accordingly, portions of the JPMorgan relating to such requests for punitive or exemplary damages and attorneys fees are improper and should be stricken.

## II. THE REFERENCES TO PUNITIVE DAMAGES IN THE FAC MUST BE STRICKEN

Again, to warrant punitive damages, a complaint must allege conduct of "such severity or shocking character that it warrants the same treatment as that accorded to willful misconduct – conduct in which the defendant intends to cause harm." *Nolan v. National Convenience Stores*, 95 Cal.App.3d 279, 286 (1979). Ultimate facts of the defendant's oppression, fraud or malice must be alleged. *Cyrus v. Havision*, 65 Cal.App.3d 306, 316-317 (1976). Moreover, facts alleging actual malice must be pleaded. *Toole v. Richardson-Merrell, Inc.*, 251 Cal.App.2d 689, 711 (1967).

Under California Civil Code § 3294, punitive damages are permitted only "where defendant has been guilty of oppression, fraud or malice." The terms "oppression," "fraud" and "malice" are defined by Section 3294. Malice is "despicable" conduct of the defendant with a willful and conscious disregard of the rights or safety of others. Oppression is despicable conduct that exposes an individual to cruel and unjust hardship in conscious disregard of that individual's rights. Fraud is intentional misrepresentation, deceit, or concealment of a material fact known to the defendant with the intention on the part of the defendant of thereby depriving a person of property or legal rights or otherwise causing injury.

A pleading is not sufficient if it merely alleges the statutory language. Rather, sufficient <u>facts</u> must be pleaded to show a party's acts are oppressive, fraudulent or malicious. *Hilliard vs. A.H. Robbins Co.*, 148 Cal.App.3d 374, 392 (1983). Moreover, a prayer for punitive damages may

1  not be based on conclusory allegations. *G.D. Searle & Co. vs. Superior Court*, 49 Cal.App.3d 22, 29
2  (1975).
3      Thus, to support a claim for punitive damages Plaintiff must plead <u>fact</u> showing "malice,"
4  "oppression," or "fraud" on <u>JPMorgan's</u> part. The Complaint is completely devoid of <u>specific</u>
5  <u>factual allegations</u> against JPMorgan which indicates "malice," "oppression," or "fraud." Plaintiff
6  alleges that BNC Mortgage Inc., Kevin Caylor, and Stirling Funding Corporation misrepresented the
7  terms of the loan, and failed to comply with the provision of the Federal Truth in Lending Act
8  ("TILA"), and rushed him through the singing of the loan documents. *See,* Complaint ¶ 13-36. <u>In</u>
9  <u>fact, JPMorgan never made any representation to Plaintiff.</u>
10     Rather, Plaintiff simply alleges in conclusory terms that because Plaintiff was purportedly
11 fraudulently induced to enter the loan agreement by <u>other</u> defendants, JPMorgan committed
12 "oppressive, fraudulent, despicable, and malicious" by collecting on the subject loan. *See*
13 Complaint, ¶¶ 61, 70, 99. Such allegations are nonsensical, and the Opposition contains no authority
14 that would support this argument because no such authority exits.
15     Therefore, Plaintiff's prayer for punitive damages is unsupported, irrelevant, and improper,
16 and must be stricken from the Complaint pursuant to FRCP 12(f).

17 **III.   THERE ARE NO ALLEGATIONS THAT JPMORGAN, A CORPORATE**
18       **EMPLOYER, KNEW OF THE ALLEGED OPPRESSION, FRAUD, OR MALICE ON**
19       **THE PART OF ANY OF ITS EMPLOYEES**

20     Plaintiff cannot escape the pleading requirements of Civil Code § 3294(b) by stating that this
21 motion is akin to a motion for summary judgment because it requires Plaintiff to allege facts that
22 evidence the JPMorgan was aware of the purported fraud. Section 3294(b) states in relevant part:
23       "…With respect to a corporate employer, the advance knowledge and conscious
24         disregard, authorization, ratification or act of oppression, fraud, or malice must be on
25         the part of an officer, director, or managing agent of the corporation."
26     Here, Plaintiff admits that JPMorgan is each a corporation. *See*, FAC, ¶ 2. As discussed
27 above, and in the accompanying demurrer, the Complaint is completely devoid of any allegation that
28

any officer, director, or managing agent of the defendants had advance knowledge and with conscious disregard, authorized or ratified the acts of oppression, fraud or malice against Plaintiff. *See,* Complaint. As such, no claim for punitive damages can be stated against the defendants and the request for punitive or exemplary damages must be stricken from the Complaint.

### IV. CONCLUSION

For the foregoing reasons, the Motion to Strike must be granted in its entirety.

DATED: March 7, 2008

ADORNO YOSS ALVARADO & SMITH
A Professional Corporation


By: /s/ S. Christopher Yoo
JOHN M. SORICH
S. CHRISTOPHER YOO
ROCIO HERRERA
Attorneys for Defendant JPMORGAN CHASE BANK, N.A. erroneously sued as J.P. CHASE MORGAN BANK

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 years and not a party to the within action. My business address is **ADORNO YOSS ALVARADO & SMITH, 1 MacArthur Place, Santa Ana, CA 92707**.

On March 7, 2008, I served the foregoing document described as **REPLY TO PLAINTIFF'S OPPOSITION TO THE MOTION TO STRIKE THE COMPLAINT (FRCP 12(F))** on the interested parties in this action.

☒ by placing the original and/or a true copy thereof enclosed in (a) sealed envelope(s), addressed as follows:

**SEE ATTACHED SERVICE LIST**

☒ **BY REGULAR MAIL:** I deposited such envelope in the mail at 1 MacArthur Place, Santa Ana, California. The envelope was mailed with postage thereon fully prepaid.

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

**BY THE ACT OF FILING OR SERVICE, THAT THE DOCUMENT WAS PRODUCED ON PAPER PURCHASED AS RECYCLED.**

☐ **BY FACSIMILE MACHINE:** I Tele-Faxed a copy of the original document to the above facsimile numbers.

☐ **BY OVERNIGHT MAIL:** I deposited such documents at the Overnite Express or Federal Express Drop Box located at 1 MacArthur Place, Santa Ana, California 92707. The envelope was deposited with delivery fees thereon fully prepaid.

☐ **BY PERSONAL SERVICE:** I caused such envelope(s) to be delivered by hand to the above addressee(s).

☐ (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒ (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

Executed on March 7, 2008, at Santa Ana, California.

/s/ Veronica Delgado
_____
Veronica Delgado

**SERVICE LIST**
Jim E. Moore v. J.P. Morgan Bank, et al.
USDC, Northern District Case No. C 08-0350 SC

| | |
|---|---|
| Thomas Spielbauer, Esq.<br>The Spielbauer Law Firm<br>Spielbauer Law Firm<br>50 Airport Pkwy<br>San Jose, CA 95110 | (408) 451-8499-telephone<br>(610) 423-1395-facsimile<br>thomas@spielbauer.com<br><br>**Attorneys for Plaintiff, Jim E. Moore** |
| Eric D. Houser, Esq.<br>Houser & Allison<br>A Professional Corporation<br>9970 Research Drive<br>Irvine, CA 92618 | (949) 679-1111-telephone<br>(949) 679-1112-facsimile<br>ehouser@houser-law.com<br><br>**Attorneys for Defendant,<br>BNC Mortgage, LLC** |
| Edward A. Treder, Esq.<br>Robert E. Weiss Incorporated<br>920 S. Village Oaks Drive<br>Covina, CA 91724 | (626) 967-4302-telephone<br>(626) 339-7103-facsimile<br>etreder@rewlaw.com<br><br>**Attorney for Defendant, NDEx West, LLC** |

PROOF OF SERVICE

1048748.1