1  ERIC D. HOUSER (SBN 130079)
   JEFFREY S. ALLISON (SBN 173620)
2  STARLET J. JAPP (SBN 243097)
   HOUSER & ALLISON
3  A Professional Corporation
   9970 Research Drive
4  Irvine, California 92618
   Telephone:  (949) 679-1111
5  Facsimile:   (949) 679-1112

6
   Attorneys for Defendants,
7  BNC MORTGAGE, LLC, erroneously sued
   herein as BNC MORTGAGE, INC.

8

9              **UNITED STATES DISTRICT COURT**

10             **NORTHERN DISTRICT OF CALIFORNIA**

11  JIM E. MOORE,                        ) Case No.: C 08-0350 SC
12                                       )
                                         )
13              Plaintiffs,              ) **DEFENDANT BNC'S NOTICE OF**
                                         ) **MOTION AND MOTION TO**
14  v.                                   ) **STRIKE; MEMORANDUM OF**
                                         ) **POINTS AND AUTHORITIES IN**
15                                       ) **SUPPORT THEREOF**
    CHASE BANK; BNC MORTGAGE,            )
16  INC.; NDEx West LLC; STIRLING        ) DATE: May 9, 2008
    FUNDING CORPORATION; KEVIN           ) TIME: 10:00 a.m.
17  CAYLOR; and DOES 1-20,               ) The Honorable Samuel Conti
                                         ) Courtroom 1, 17th Floor
18              Defendants.              ) 450 Golden Gate Avenue
                                         ) San Francisco. CA 94102
19  _____)

20      **TO THE COURT, TO PLAINTIFF AND THE PARTIES AND THEIR**

21  **COUNSEL OF RECORD:**

22      **PLEASE TAKE NOTICE** that on May 9, 2008 at 10:00 a.m. or as soon

23  thereafter as may be heard, in Courtroom  1, 17th Floor of the above-entitled Court

24  located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant BNC

25  MORTGAGE, LLC, erroneously sued herein as BNC MORTGAGE, INC.

26  (referred to as "BNC"), will and hereby does move this Court to strike the

27  following allegations of Plaintiff's Complaint:

28

---

1    • Paragraphs 98 and 99, by realleging and incorporating by reference
2  the entire complaint into the request for punitive damages, "Jim Moore should
3  recover, in addition to actual damages, damages to make an example of and to
4  punish defendants and each of them for their actions."

5    • Paragraph 10 of the Prayer, asking "For punitive damages."

6    • Paragraph 7, alleging "BNC...and their agents and successors, are
7  debt collectors as defined by...15 USCA § 1692a(6), the Federal Fair Debt
8  Collection Practices Act.

9    • Paragraph 4 of the Prayer, asking "This Court order the remedy of
10  rescission of the loan in this matter."

11    This Motion is based upon this Notice, the attached Memorandum of Points
12  and Authorities, and upon all pleadings, papers and documents on file herein, as
13  well as any oral argument which may be presented at the time of the hearing or
14  any matters of which judicial notice is requested and/or is taken.

15    This Motion is brought pursuant to Federal Rule of Civil Procedure 12(f),
16  and the grounds that the allegations that Plaintiff is entitled to punitive damages
17  and rescission of the loan are improper. Further, that the statements contained in
18  Paragraphs 82 and 7 of the Complaint, alleging "BNC...and their agents and
19  successors, are debt collectors as defined by California Civil Code §1788.2(c), the
20  California Fair Debt Collection Practices Act, and as defined by 15 USCA §

21
22
23
24
25  / / /
26  / / /
27  / / /
28

---

**BNC'S MOTION TO STRIKE PORTIONS OF PLAINTIFF'S COMPLAINT**

2

I:\CIVIL\AURORA LOAN SERVICES\Moore (42262)\Pld\BNC's Motion to Strike\BNC M2S.doc

1  1692a(6), the Federal Fair Debt Collection Practices Act" are misleading,

2  immaterial, and impertinent.

3  DATED: March 10, 2008                    HOUSER & ALLISON

4                                           A Professional Corporation

5

6                                           s/ Jeffrey S. Allison

                                            Eric D. Houser

7                                           Jeffrey S. Allison

                                            Starlet J. Japp

8                                           Attorneys for Defendant,

9                                           BNC MORTGAGE, LLC,

                                            erroneously sued herein as BNC

10                                          MORTGAGE, INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

**BNC'S MOTION TO STRIKE PORTIONS OF PLAINTIFF'S COMPLAINT**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

This Motion addresses Plaintiff's requests for punitive damages, as well as, statements regarding BNC, the subject mortgage loan originator, that do not relate to the claim for relief and do not pertain to the issues.  Plaintiff alleges a number of state law based causes of action against multiple parties in an effort to rescind his mortgage loan which Plaintiff entered into over three years ago.  However, it is federal law that actually controls the majority of Plaintiff's claims as set forth in the accompanying Motion to Dismiss.

Plaintiff's claims center on the accusation that the defendants mislead him into accepting a refinancing loan with terms that were less favorable than the terms of the loan which he refinanced.  However, Plaintiff did not raise any of these contentions until over three years later after Plaintiff defaulted on the loan and foreclosure proceedings were instituted.

The Complaint incorporates a request for punitive damages into each claim. Plaintiff's prayer for punitive damages is subject to a motion to strike because the claims do not make specific factual allegations of fraud, oppression or malice against BNC.

In addition, the statement that BNC is a debt collector is incorrect, misleading and must be stricken.  The Complaint also includes a request that the Court order the loan rescinded.  However, as set forth in BNC's concurrently-filed

Motion to Dismiss, any claim for rescission is now time barred because Plaintiff is beyond the three year statute of limitation.

This motion to strike accompanies the factual and procedural background set forth in the Memorandum and Point and Authorities in support of BNC's concurrently-filed Motion to Dismiss.

## II.    ARGUMENT

### A.    Plaintiff's Prayer For Punitive Damages Should Be Stricken

Plaintiff's prayers for punitive damages against BNC are subject to a motion to strike because Plaintiff does not make specific factual allegations of fraud, oppression, or malice against BNC. Instead, Plaintiff simply incorporates a request for punitive damages into all six claims despite any basis to do so. The only claim which would even entertain the request for punitive damages would be the claim for fraud. However, here the request should be stricken even as to the fraud claim because the Plaintiff fails to plead specific factual allegations of fraud, oppression, or malice in relation to BNC alleged acts.

In order to recover punitive damages under California law, a plaintiff must plead the specific factual allegations of fraud, oppression, or malice; vague or conclusory language is not sufficient. *Haigler v. Donnelly*, 18 Cal.2d 674, 680 (1941), 117 P.2d 331; *Brousseau v. Jarrett*, 73 Cal.App.3d 864 (1977), 141 Cal.Rptr. 2000. Plaintiff failed to plead sufficient facts for punitive damages.

Plaintiff has not and cannot properly allege the required factual support to establish that BNC engaged in any "despicable conduct" which was "base," "vile" or "contemptible" which would entitle him to punitive damages. There is no allegation in the Complaint of willful or wanton conduct on the part of BNC. The crux of Plaintiff's claim is the unsupported, conclusory allegation that BNC, through its alleged agents, Caylor and Stirling, as loan originator and loan servicer allowed Plaintiff to enter into a loan that Plaintiff no longer wants to be bound by. Plaintiff's allegations do not support a prayer for punitive damages because there is no evidence of "despicable conduct" under *California Civil Code* § 3294 that is "base," "vile," or "contemptible." Rather, Plaintiff's assertions focus on alleged misrepresentations regarding loan documents that Plaintiff signed over three years ago. Therefore, the Plaintiff's request for punitive damages must be stricken as to BNC.

## B.     Plaintiff Failed To Plead Ratification As Required

Plaintiff fails to allege that BNC ratified any of the purported fraudulent conduct. *California Civil Code* §3294(b) requires specific allegations of ratification by an officer, manager, or director to support the request for punitive damages against a corporate defendant, such as BNC. The California Supreme Court held that punitive damage liability against a corporation is limited to those cases where the malicious conduct is by "those employees who exercise substantial independent authority and judgment over decisions that ultimately

determine corporate policy." *White v. Ulhamar*, 21 Cal.4th 563, 573 (1999), 88 Cal.Rptr.2d 19.

"A corporation is not deemed to ratify misconduct, and thus become liable for punitive damages, **unless its officer, director, or managing agent actually knew about the misconduct and its malicious character.**" (Emphasis added.) *Cruz v. HomeBase*, 83 Cal.App.4th 160, 163 (2000), 99 Cal.Rptr.2d 435.

Here, Plaintiff's complaint alleges in conclusory fashion that the alleged conduct warrants punitive damages. Plaintiff has neither alleged any "malicious" conduct nor that an officer, manager, or director of BNC ratified the alleged conduct. As a result, Plaintiff's request for punitive damages must be stricken from the Complaint.

**C.    BNC Is Not A Debt Collector As Defined By The Federal Fair Debt Collection Practices Act**

Plaintiff erroneously alleges that BNC is a debt collector and thus subject to the FDCPA. A debt collector, as defined by 15 U.S.C. § 1692a(6), means any person who "regularly collects or attempts to collect, directly or indirectly, debts owned or due or asserted to be owed or due to another." Pursuant to 15 U.S.C. § 1692a(4), a creditor is "any person who offers or extends credit creating a debt or to whom a debt is owed…" **The creditor exemption under 15 U.S.C. § 1692a(6) states that creditors collecting their own consumer debts and the creditors officers or employees collecting debts on the creditor's behalf are not debt**

**collectors.** (Emphasis added). Therefore, the FDCPA regulates debt collectors rather than creditors. *Thomas v. Law Firm of Simpson & Cyback*, 392 F.3d 914, 916-917 (7th Cir.2004).

Here, BNC is alleged to be a debt collector. (*See* Cplt.¶7.) However, no specific facts are included in the allegation. Instead, the Complaint admits that BNC was the loan originator. (*See* Cplt. ¶4.) BNC is thus excluded from the FDCPA by definition because the creditor exemption provides that a creditor who attempts to collect in its own name cannot be held liable under the FDCPA. Accordingly, the allegation that "BNC…and their agents and successors, are debt collectors as defined by…the Federal Fair Debt Collection Practices Act" is misleading and immaterial. Therefore, the allegation should be stricken because it does not relate to the issues under consideration.

## III.    **CONCLUSION**

For the foregoing reasons, BNC respectfully requests that the Court grant the instant Motion, and strike Plaintiff's allegations that he is entitled to punitive damages as alleged in the Complaint.

/ / /

/ / /

/ / /

---

**BNC'S MOTION TO STRIKE PORTIONS OF PLAINTIFF'S COMPLAINT**

I:\CIVIL\AURORA LOAN SERVICES\Moore (42262)\Pld\BNC's Motion to Strike\BNC M2S.doc

1   DATED: March 10, 2008                    HOUSER & ALLISON
2                                            A Professional Corporation
3
4
                                             s/ Jeffrey S. Allison
5                                            Eric D. Houser
6                                            Robert W. Norman, Jr.
                                             Starlet J. Japp
7                                            Attorneys for Defendant,
                                             BNC MORTGAGE, LLC,
8                                            erroneously sued herein as BNC
                                             MORTGAGE, INC.
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

---

**BNC'S MOTION TO STRIKE PORTIONS OF PLAINTIFF'S COMPLAINT**

# **PROOF OF SERVICE**

STATE OF CALIFORNIA        )
                             ) ss.

COUNTY OF ORANGE         )

     I am employed in the County of Orange, State of California. I am over the age of eighteen and not a party to the within action. My business address is 9970 Research Drive, Irvine, California 92618.

     On March 10, 2008, I served the following document described as:

On the following interested parties in this action:

| | |
|---|---|
| Thomas Spielbauer, Esq.<br>THE SPIELBAUER LAW FIRM<br>Spielbauer Law Firm<br>1250 Oakmead Parkway, Suite 210<br>Sunnyvale, CA 94085<br>thomas@spielbauer.com<br>Ph: (408) 451-8499<br>Fax: (610) 423-1395<br>*Attorneys for Plaintiff* | Thomas Spielbauer, Esq.<br>THE SPIELBAUER LAW FIRM<br>Spielbauer Law Firm<br>50 Airport Pkwy<br>San Jose, CA 95110<br>thomas@spielbauer.com<br>Ph: (408) 451-8499<br>Fax: (610) 423-1395<br>*Attorneys for Plaintiff* |
| John Sorich, Esq.<br>Adorno Yoss Alvarado & Smith<br>1 MacArthur Pl Ste. 200<br>Santa Ana, CA 92707<br>(714) 852-6800<br>(714) 852-6899 fx<br>*Attorneys for Chase Bank* | Edward A. Treder<br>Law Offices of<br>ROBERT E. WEISS INCORPORATED<br>920 S. Village Oaks Drive<br>Covina, CA 91724<br>(626) 967-4302 Ext. 139<br>(626) 339-7103 - FAX<br>(909) 322-9944 - Mobile<br>etreder@rewlaw.com<br>*Attorneys for NDEx West, LLC* |

**[XX]**   **VIA OVERNIGHT MAIL/COURIER -- CCP §§ 1013(c), 2015.5** (AS INDICATED IN ATTACHED SERVICE LIST) : By placing a true copy thereof enclosed in a sealed envelope, addressed as above, and placing each for collection by overnight mail service or overnight courier service.  I am readily familiar with my firm's business practice of collection and processing of correspondence for mailing with the processing of correspondence for overnight mail or overnight courier service, and any correspondence placed for collection for overnight delivery would in the ordinary course of business, be delivered to an authorized courier or delivery authorized by the overnight mail carrier to receive documents, with delivery fees paid or provided for, that same day for delivery on the following business day.

---

**BNC'S MOTION TO STRIKE PORTIONS OF PLAINTIFF'S COMPLAINT**

1

1

**[ ]    VIA FIRST CLASS MAIL—CCP §§ 1013(a); 2015.5:** By placing a true copy thereof enclosed in a sealed envelope(s) addressed as above, and placing each for collection and mailing on the date following ordinary business practices. I am readily familiar with my firm's business practice and collection and processing of mail with the United States Postal Service and correspondence placed for collection and mailing would be deposited with the United States Postal Service at Irvine, California, with postage thereon fully prepaid that same day in the ordinary course of business.

2

3

4

5

**[ ]    VIA FACSIMILE -- CCP §§ 1011, 2015.5:** By arranging for facsimile transmission from facsimile number (949) 679-1112 to the above listed facsimile number(s) prior to 5:00 p.m. I am readily familiar with my firm's practice of collection and processing of correspondence via facsimile transmission(s) and any such correspondence would be transmitted in the ordinary course of business. The facsimile transmission(s) was reported as complete and without error.

6

7

8

9

I declare under penalty of perjury under the laws of the State of California, that the foregoing is true and correct. Executed on March 10, 2008 at Irvine, California

10

11

12

Courtney Hershey

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

**BNC'S MOTION TO STRIKE PORTIONS OF PLAINTIFF'S COMPLAINT**

I:\CIVIL\AURORA LOAN SERVICES\Moore (42262)\Pld\BNC's Motion to Strike\BNC M2S.doc