JOHN M. SORICH (CA Bar No. 125223)
jsorich@adorno.com
S. CHRISTOPHER YOO (CA Bar No. 169442)
cyoo@adorno.com
ADORNO YOSS ALVARADO & SMITH
A Professional Corporation
1 MacArthur Place, Suite 200
Santa Ana, California 92707
Tel: (714) 852-6800
Fax: (714) 852-6899

Attorneys for Defendant JPMORGAN CHASE
BANK, N.A. erroneously sued as J.P. CHASE
MORGAN BANK

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIM E. MOORE,<br><br>        Plaintiffs,<br><br>v.<br><br>CHASE BANK; BNC MORTGAGE, INC.;<br>NDEx West LLC; STIRLING FUNDING<br>CORPORATION; KEVIN CAYLOR; and<br>DOES 1-20,<br><br>        Defendant. | **CASE NO.:** 3:08-cv-00350-SC<br><br>Assigned to: Judge Samuel Conti<br><br><br>**DEFENDANT JP MORGAN CHASE BANK, N.A.'S OPPOSITION TO PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION**<br><br><br>**DATE:**    April 4, 2008<br>**TIME:**    10:00 a.m.<br>**CRTRM**:  "1", 17th Floor<br><br><br>**Complaint Filed:**  July 25, 2007 |

*///*

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

1050918.3

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

1

## MEMORANDUM OF POINTS & AUTHORITIES

2    Defendant JPMorgan Chase Bank, N.A. erroneously sued as J.P. Chase Morgan Bank

3    ("JPMorgan"), respectfully submits this Opposition to plaintiff Jim E. Moore's ("Moore" or

4    "Plaintiff") Motion for Preliminary Injunction.

5    ### I.    SUMMARY OF ARGUMENT

6    Plaintiff's motion for preliminary injunction ("Motion"), like the complaint, directs egregious

7    allegations against JPMorgan, the servicer of the subject loan, that are wholly unsubstantiated.  In

8    essence, Plaintiff states that JPMorgan committed fraud against Plaintiff simply by accepting to

9    service the subject loan and commencing foreclosure of the subject property.  Such a proposition is

10   nonsense, especially in light of the fact that Plaintiff has made no payments on the subject loan since

11   May 2007.  *See,* Motion.

12   In the Motion Plaintiff seeks a preliminary injunction based on the allegation that the

13   foreclosure process in this case is invalid because JPMorgan did not include the "accurate" amount

14   required to reinstate the subject loan in the notice of trustee's sale.  Nothing in the Motion, however,

15   indicates in what way, JPMorgan purportedly failed to provide an accurate reinstatement figure in

16   the notice of trustee's sale.  *See*, Motion.  Irrespective, Plaintiff appears to be alleging a claim for

17   relief for violation of Civil Code § 2924, *et seq.*[1]

18   A preliminary injunction can issue only when certain criteria are met.  The requirements are:

19   1) the likelihood that plaintiff will prevail on the merits at trial; 2) substantial threat that plaintiff will

20   suffer irreparable injury if the injunction is denied, 3) the threatened injury outweighs any damage

21   the injunction might cause to defendant; the injunction will not disserve the public interest.  *Amoco*

22   *Production Co. v. Village of Gambell, Alaska*, 480 US 531, 542 (1987).

23   Despite the citation of numerous inapplicable cases, no preliminary injunction can be issued

24   for a purported violation of Civil Code § 2924, *et seq.*  Civil Code §§ 2924-2924h, inclusive, simply

25   mandate that the procedural requirements be reasonably calculated to inform those who may be

26

27   [1] The complaint, however, does not include a claim for violation Civil Code § 2924, *et seq.*  In fact, the poorly plead complaint simply states in the first claim for declaratory relief that Chase violated Civil Code § 2924f.  *See,* Complaint.

28

1

affected by a foreclosure sale and who have requested notice in the statutory manner that a default

has occurred and a foreclosure sale is imminent. *Doherty v. Knapp,* 123 Cal.App.4th 76, 88-89

(2004). As discussed extensively in the pending Motion to Dismiss, nothing in Plaintiff's Motion or

complaint indicates that he was not aware that foreclosure proceedings were commenced due to his

failure to make payments on the subject loan.

In fact, the Subject Loan has been in default since May 2007. Therefore, as of March 12,

2008, the subject loan is $33,031.27, in arrears. The outstanding loan balance as of March 12, 2008

is $332,922.83 and exceeds the value of the subject property. At best, the value of the subject

property is approximately between $325,000.00 to $330,000.00. A broker's price opinion ("BPO")

has not been finalized, but it is more likely that the value of the subject property is in reality between

$270,000.00 to $320,000.00. It is widely known that property values in California have decreased

between eighteen to thirty percent. As such, there is no equity left in the Subject Property and the

longer the foreclosure sale is delayed, the greater the loss to the lender. The harm to the defendants

by granting a preliminary injunction is great than any loss to the Plaintiff that has made no payments

on the subject loan since May 2007.

Thus, Plaintiff cannot meet the first or third elements of a claim for preliminary injunction.

Moreover, Plaintiff's confusing Motion, also appears to argue that the injunction should be

granted because the Truth in Lending Act ("TILA") discourages the uninformed use of credit, and

because the documents attached to the complaint prove the subject loan was unconscionable,

oppressive, and should be declared void. *See,* Motion for Preliminary Injunction ("Motion") p. 5:7-

6:6. By Plaintiff's own admission, no claim for violation of TILA has been asserted in the

complaint. *Id.* Furthermore, there is no legal authority to support Plaintiff's incredible contention

that because the complaint is verified, all defendants should be liable for the claims of fraud and

unconsionability alleged in the complaint. *Id.* The entire proposition is nonsensical and cannot

establish any element of a claim for preliminary injunction.

In the event the convoluted Motion is granted, however, the Court should require that

Plaintiff post a bond to adequately protect the parties. When setting the amount of security, the

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

1  district courts should err on the high side. *Johnson & Co. v. Abbott Laboratories*, 201 F.3d 883, 888

2  (7th Cir. 2000). As stated above, the subject loan balance exceeds the value of the subject proprety.

3  Therefore, to minimize losses on the subject property a bond in the amount of at least $50,000.00

4  should be posted by Plaintiff.

5  **II.    SUMMARY OF FACTS**

6  - On or about September 23, 2004, entered into a mortgage loan transaction with BNC

7     Mortgage, Inc. ("BNC") by signing loan documents ("Subject Loan"). A deed of trust

8     securing the Subject Loan and encumbering the Subject Property ("DOT") was recorded on

9     or about October 1, 2004. Mortgage Electronic Registration Systems, Inc. ("MERS") was

10    the nominal beneficiary and BNC was identified as the lender. Declaration of Thomas E.

11    Reardon ("Reardon Decl.") at ¶ 3, Exhibit 1.

12  - Plaintiff had not made payments on the loan since May 1, 2007. Complaint ¶ 37, Reardon

13    Decl. at ¶ 7.

14  - As of March 12, 2008, the subject loan is $33,031.27, in arrears. The outstanding loan

15    balance as of March 12, 2008 is $332,922.83. Reardon Decl. at ¶ 8.

16  - A brokers price opinion ("BPO") has not been conducted on Subject Property. The

17    approximate high value of the Subject Property is estimated by Zillow.com as $327,500.00.

18    However, it is a commonly known that property values in California have decreased between

19    twenty and thirty percent. Therefore, it is more likely that the true value of the Subject

20    Property is between $270,000.00 and $320,000.00. Declaration of S. Christopher Yoo ("Yoo

21    Decl.") at ¶ 3.

22  - The DOT was assigned to LaSalle Bank National Association, trustee for structured asset

23    investment loan trust (SAIL) 2004-BNC2 ("LaSalle") on or about September 24, 2007

24    ("Assignment"). Reardon Decl. at ¶ 4.

25  - A Substitution of Trustee for the DOT was recorded on about September 24, 2007 whereby

26    NDEX West, LLC ("NDEX") was named as the trustee. Reardon Decl. at ¶ 5.

27  - JPMorgan has no interest in the Subject Property and is merely the loan servicer for the

28

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

1050918.3

1    Subject Loan.  Reardon Decl. at ¶ 6.

2    **III.    PLAINTIFF CANNOT STATE A CLAIM FOR INJUNCTIVE RELIEF**

3    A preliminary injunction can be issued only if plaintiff demonstrates: 1) likelihood of success

4    on the merits; 2) a substantial threat that plaintiff will suffer irreparable injury if the injunction is

5    denied; 3) the threatened injury outweighs any damage the injunction might cause to defendant; and

6    4) the injunction will not disserve the public interest. *Production Co. v. Village of Gambell*, 480 US

7    531, 542 (1987); *Owner-Operator Independent Drivers Association, Inc. v. Swift Transportation Co,*

8    *Inc.*, 367 F.3d 1108, 1111 (9th Cir. 2004).

9    As stated in this Motion to Dismiss, Plaintiff has failed to show that Chase is liable under any

10   cause of action asserted in the Complaint.   Thus, it is not likely that Plaintiff will prevail on the

11   merits at trial as the underlying causes of action on which the injunction is based are defective.  As

12   the requirements for an injunction cannot be met, an injunction cannot be issued.

13   **A.    There is no Likelihood of Plaintiff's Success on the Merits**

14   **1.    There Has Been No Violation of 2924, *et seq.* because an estimate of the**

15   **Total Unpaid Balance Meets the Requirements of Civil Code § 2924, et**

16   **seq.**

17   Plaintiff submits no evidence to support his allegation that the amount due provided in the

18   Notice of Trustee's Sale was not accurate.  Instead, he merely cites a string of cases describing the

19   foreclosure process without linking any of the cases to the facts in this case. *See,* Motion pp. 1-5.

20   For example, Plaintiff cites *Anderson v. Heart Federal Savings,* 208 Cal.App.3d 202 (1989)

21   for the proposition that failing to include an exact figure in the Notice of Trustee's Sale invalidates

22   the entire foreclosure process. *See,* Motion p. 3-4.  However, in *Anderson*, the Court invalidated the

23   foreclosure process because the <u>notice of default</u> did not indicate that the plaintiff had to pay

24   delinquent taxes to cure the default.  Moreover, the figure provided by the trustee prior to the

25   foreclosure sale to reinstate the loan did not include delinquent taxes.  Therefore, defendant's failure

26   to accept plaintiff's tender of monies to cure the loan that did not include delinquent taxes was

27   improper and the foreclosure sale was invalidated.

28

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

1  ///

2       In this case, unlike in *Anderson*, Plaintiff has made no allegation that he attempted to obtain a

3  reinstatement quote prior to the foreclosure sale, or that the reinstatement quote he received was less

4  than the amount he was required to pay to reinstate the loan on the date of the foreclosure sale.

5  Thus, *Anderson* is inapplicable.

6       Irrespective, as discussed extensively in the motion to dismiss currently pending before this

7  Court, Civil Code sections 2924-2924h, inclusive, simply mandate certain procedural requirements

8  <u>reasonably calculated</u> to inform those who may be affected by a foreclosure sale and who have

9  requested notice in the statutory manner that a default has occurred and a foreclosure sale is

10  imminent." *Doherty v. Knapp,* 123 Cal.App.4[th] 76, 88-89 (2004) (emphasis in original); *see also,*

11  *Lupertino v. Cabahal*, 35 Cal.App.3d 742, 746-747 (1973), *Lancaster Security Inv. Corp. v. Kessler,*

12  159 Cal.App.2d 649, 652 (1958).

13       In fact, so long as the Default Notice properly stated the nature of the default (failure to make

14  installment payments and to pay late charges), or the amount of the default the erroneous statement

15  does no invalidate the default notice. *Doherty v. Knapp,* 123 Cal.App.4[th] at 98.

16       The fact remains that the Notice of Trustee's Sale provided a reasonably accurate statement

17  of the amount owed at the time of the publication and indicated that the outstanding loan balance,

18  including estimated costs, expenses, and advances was $307,967.68. *See,* Request for Judicial

19  Notice, Exhibit 5. Furthermore, the notice of default complied with the requirements of Civil Code

20  § 2924, *et seq.* because it adequately informed Plaintiff that he failed to make installment payments,

21  and as of August 7, 2007 owed $12,811.17 in arrears. *See,* Request for Judicial Notice, Exhibits 4,

22  5. Thus, all notices complied with section 2924f.

23       Moreover, even if had there been a discrepancy in the notice of trustee's sale, Section

24  2924f(b)(1), the statute purportedly violated, states that:

25            "The notice of sale shall contain a statement of total amount of the unpaid

26            balance of the obligation…; <u>provided that the trustee shall incur no liability</u>

27            <u>for any good faith error in stating the proper amount, including any amount</u>

28

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

1050918.3

1    <u>provided in good faith by or on behalf of the beneficiary</u>.  An inaccurate

2    statement of this amount shall not affect the validity of any sale to a bona

3    fide purcharsor…" (Emphasis added).

4  As such, even assuming that the payoff amount set forth the notice of sale was not exact, the validity

5  of any foreclosure sale conducted pursuant to the notice would not be affected.  <u>Thus, there can be</u>

6  <u>no claim for violation of Civil Code § 2924f(b)(1)</u>.

7        Similarly, Plaintiff's second contention that JPMorgan violated section 2924f because the

8  telephone number included in the notice of trustee's sale automated and provides the current status

9  of property has no legal support.  Instead, Plaintiff merely states that "<u>[i]t would be a huge stretch of</u>

10  <u>the imagination</u> to believe that when the California legislature enacted California Civil Code

11  §2924f(b)(1) requiring telephone numbers on the Notice of Trustee's Sale, it had in mind sales

12  information which would enure to the convenience of bidders at trustee's sales." *See,* Motion p.

13  8:11-14 (emphasis added).  Plaintiff's interpretation of the intentions of the legislature are

14  interesting, however, there is no basis for the interpretation.  Section 2924(b)(1) merely requires that:

15  "The notice shall contain the name…, and either a toll-free number or telephone number in this state

16  of the trustee, and the name of the original trustor, and …"  Simply put, the Notice of Trustee's sale

17  complied with the strict requirements of the Civil Code § 2924f(b) by providing a toll free number.

18        Thus, a preliminary injunction cannot be granted for violations of Civil Code § 2924f.

19    **B.    <u>If the Injunction is Granted, the Harm to the Lender is Greater than Any Harm</u>**

20        **<u>to Plaintiff</u>**

21        The Court should not issue any injunction, because the harm to the lender of the subject loan

22  would be greater than any harm to Plaintiff or anyone else.  The Subject Loan has been in default

23  <u>since May 2007</u>.  Further, the payoff amount of the Subject Loan exceeds $302,600.00.  Therefore,

24  as of March 12, 2008, the subject loan is $33,031.27, in arrears.  *Id.* at ¶ 8.  The outstanding loan

25  balance as of March 12, 2008 is $332,922.83.  *Id.* at ¶ 9.   A BPO has not been conducted on the

26  Subject Property.  The approximate high value of the Subject Property is estimated by Zillow.com as

27  $327,500.00.  However, it is a commonly known that property values in California have decreased

28

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

6
OPPOSITION TO PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION
CASE NO. 08-0350 SC

1   between twenty and thirty percent. Therefore, it is more likely that the true value of the Subject

2   Property is between $270,000.00 and $320,000.00. Yoo Decl. at ¶ 3.

3          In plain words, the Subject Property is "upside down." As stated above, the longer the

4   foreclosure is delayed, the more the lender will be harmed, because the subject unpaid loan balance

5   will CONTINUE TO EXCEED the value of the Subject Property.

6          The underlying loan was made in consideration for the borrower's promise that it would be

7   repaid. If not repaid pursuant to its terms and conditions, the lender has the right to foreclose. The

8   loan has not been repaid according to its terms. If an injunction is issued, JPMorgan will not be able

9   to foreclose on the Subject Property. Such injunction would severely harm the lender, because it

10  will not be able to sell the Subject Property to make up for the unpaid balance on the loan note,

11  which is in excess of $332,500.00. *See*, Yoo Decl., ¶ 5.

12         In short, if JPMorgan is enjoined from exercising the contractual and legal power of sale, the

13  lender will be significantly harmed, because the unpaid loan balance will continue to exceed the

14  value of the Subject Property, and the lender will have no recourse to recoup the difference between

15  the unpaid loan balance and the value of the Subject Property.

16         For all the reasons stated above, Plaintiff will not prevail in this action. Therefore, Plaintiff

17  cannot state a claim for injunctive relief.

18  **IV.    IN THE UNLIKELY EVENT THAT THE COURT ISSUES A PRELIMINARY**

19  **INJUNCTION, CHASE IS ENTITLED TO AN UNDERTAKING**

20         Except for the United States, no party may be granted a temporary restraining order or

21  preliminary injunction without first posting security "in such sum as the court deems proper for the

22  payment of such costs and damages as may be incurred or suffered by any party who is found to

23  have been wrongfully enjoined." Federal Rules of Civil Procedure ("FRCP"), Rule 65. Thus,

24  although the amount of the bond is left to the discretion of the court, the posting requirement is much

25  less discretionary. Absent circumstances where there is no risk of monetary loss to the defendant, the

26  failure of a district court to require a successful applicant to post a bond constitutes reversible error.

27  *Waterfront Com'n of New York Harbor v. Construction and Marine Equipment Co., Inc.* 928

28

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

1    F.Supp. 1388, at1405 -1406 (D.N.J.,1996), *see also, Hoechst Diafoil Co. v. Nan Ya Plastics Corp.,*

2    174 F.3d 411, 421 (4th Cir. 1999).

3         It is generally settled that, with rare exceptions, a defendant wrongfully enjoined has recourse

4    only against the bond. As the Supreme Court held, "A party injured by the issuance of an injunction

5    later determined to be erroneous has no action for damages in the absence of a bond." *W.R. Grace &*

6    *Co. v. Local Union 759, Int'l Union of United Rubber, Cork, Linoleum and Plastic Workers,* 461

7    U.S. 757, 770 n. 14, 103 S.Ct. 2177, 2186 n. 14, 76 L.Ed.2d 298 (1983). And since a preliminary

8    injunction is granted before a trial on the merits, it has a higher possibility of being wrong. *Clark v.*

9    *K-Mart,* 979 F.2d 965, 968 (3d Cir.1992).

10         When setting the amount of security, the district courts should err on the high side.  An error

11    in the other direction produces irreparable injury, because the damages for an erroneous preliminary

12    injunction cannot exceed the amount of the bond. *Johnson & Co. v. Abbott Laboratories*, 201 F.3d

13    883, 888 (7th Cir. 2000).

14         Despite well settled law requiring the posting of a bond and failing to make any mortgage

15    payments since May 2007, Plaintiff contends that the court should entirely dispense with the

16    requirement to post a bond, or at a maximum impose a $100 bond because he has spent money

17    litigating this case. *See,* Complaint ¶ 37; and Motion pp. 12-15.  Furthermore, Plaintiff

18    nonsensically states that "Chase should have no objection to the granting of both preliminary

19    injunction if a condition of the restraining order is that Jim Moore commence making his monthly

20    mortgage payment" based on a <u>reduction</u> of the figure purportedly disclosed in the September 15,

21    2004 Truth in Lending Disclosure. *See,* Motion p. 14:16-23. It is perplexing that despite, in

22    essence, living rent free for at least <u>ten months,</u> Plaintiff can allege that paying his mortgage and his

23    attorneys fee's has strained his financial resources.  Irrespective, a court may, generally, only

24    dispense with bond requirements in noncommercial cases dealing with federal rights or public

25    interests. *See, Temple University v. White,* 941 F.2d 201, 219-20 (3d Cir.1991), *cert. denied.*

26         In *Temple University,* the court laid out a two-part test to determine if a bond should be

27    posted in noncommercial cases.  First, the court should consider the possible loss to the enjoined

28

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

1  party together with the hardship that a bond requirement would impose on the applicant. Second, a

2  court should consider the impact that the bond requirement would have on enforcement of important

3  federal rights or public interests, arising out of comprehensive federal health and welfare statutes. *Id.*

4  at 219.

5          Thus, in both cases cited by Plaintiff, the Court dispensed with the bond requirement because

6  federal rights were at issue and the defendants would suffer no harm if a bond was not posted.  In

7  *Orantes-Hernandez v. Smith,* 541 F.Supp 351 (D.C.Cal., 1982), Salvadoran aliens filed motions

8  seeking a preliminary injunction against certain practices and procedures employed by the

9  Immigration and Naturalization Service in the detention, processing, and removal of Salvadoran

10  aliens. The Court granted preliminary injunctive relief because the Defendants argument that the

11  right to apply for political asylum would impose a tremendous financial burden had no merit because

12  the fiscal impact feared by defendants was largely due to the long-range effects of the notice

13  requirement and was speculative. *Id.* at 386.

14          Similarly, in *Barahona-Gomez v. Reno*, 167 F.3d 1228 (9th Cir. 1999), aliens brought class

15  action challenging enforcement of sections of Illegal Immigration Reform and Immigrant

16  Responsibility Act and enforced preliminary injunction staying deportations. The Court of Appeals

17  held that district court did not abuse its discretion in requiring aliens to post only a nominal bond in

18  connection with the issuance of preliminary injunctions because the defendants would suffer no

19  harm.  Specifically, the Court held that:

20          "In this case, the court found that any cost to the government, in the event it is

21          found to have been wrongfully enjoined, would be minimal. The court specifically

22          noted the public interest underlying the litigation and the unremarkable financial

23          means of the class as a whole. The government argued that its costs-if forced to *not*

24          deport aliens which it would otherwise deport, and appealing this action-were

25          substantial. However, defendants did not tender any evidence on the issue... Absent

26          any showing by defendants of cost, we cannot say the district court clearly abused its

27          discretion in determining the bond amount."

28

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

9

OPPOSITION TO PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION
CASE NO. 08-0350 SC

1050918.3

1    *Id.* at 1237.

2        In contrast, JPMorgan will be harmed if Plaintiff does not post a bond in accordance with

3    FRCP 65.  Plaintiff has not made a payment on the loan since May 2007.  Complaint ¶ 37, Reardon

4    Decl. at ¶ 7.  Therefore, as of March 12, 2008, the subject loan is $33,031.27, in arrears.  *Id.* at ¶ 8.

5    The outstanding loan balance as of March 12, 2008 is $332,922.83.  *Id.* at ¶ 9.    A BPO has not been

6    conducted on the Subject Property.  The approximate high value of the Subject Property is estimated

7    by Zillow.com as $327,500.00.  However, it is a commonly known that property values in California

8    have decreased between twenty and thirty percent.  Therefore, it is more likely that the true value of

9    the Subject Property is between $270,000.00 and $320,000.00.  Yoo Decl. at ¶ 3.

10       Thus, the subject loan is in essence "upside down," as the full amount of the outstanding

11   subject loan can no longer be recovered from a sale of the property because the value of the Subject

12   Property is less than the outstanding loan balance.  *Id.* at ¶ 4.  In the unlikely event that a preliminary

13   injunction should be issued, the amount of undertaking should be no less than $50,000.00 to account

14   for the unpaid mortgage payments, and the attorneys' fees and costs to be incurred in this action.

15   *See*, Reardon Decl. at ¶ 8; and Yoo Decl. at ¶ 6.

16   **V.    CONCLUSION**

17       For the foregoing reasons, there is no reason why a preliminary injunction should be issued

18   in this action.  Such injunction would severely harm the lender, because it will not be able to

19   foreclose on the Subject Property to make up for the unpaid balance on the subject promissory note.

20   In the unlikely event that the Court issues an injunction, JPMorgan respectfully requests that the

21   undertaking be for an amount no less than $50,000.00.

22   DATED:  March 14, 2008                 ADORNO YOSS ALVARADO & SMITH
                                            A Professional Corporation
23

24                                          By:__/s/ S. Christopher Yoo_____
                                                JOHN M. SORICH
25                                              S. CHRISTOPHER YOO
                                                Attorneys for Defendant JPMORGAN CHASE
26                                              BANK, N.A. erroneously sued as J.P. CHASE
                                                MORGAN BANK
27

28

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

1050918.3

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

I am employed in the County of Orange, State of California. I am over the age of 18 years and not a party to the within action. My business address is **ADORNO YOSS ALVARADO & SMITH, 1 MacArthur Place, Santa Ana, CA 92707.**

On March 14, 2008, I served the foregoing document described as **DEFENDANT JP MORGAN CHASE BANK, N.A.'S OPPOSITION TO PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION** on the interested parties in this action.

☒    by placing the original and/or a true copy thereof enclosed in (a) sealed envelope(s), addressed as follows:

**SEE ATTACHED SERVICE LIST**

☒    **BY REGULAR MAIL:** I deposited such envelope in the mail at 1 MacArthur Place, Santa Ana, California. The envelope was mailed with postage thereon fully prepaid.

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

**BY THE ACT OF FILING OR SERVICE, THAT THE DOCUMENT WAS PRODUCED ON PAPER PURCHASED AS RECYCLED.**

☐    **BY FACSIMILE MACHINE:** I Tele-Faxed a copy of the original document to the above facsimile numbers.

☐    **BY OVERNIGHT MAIL:** I deposited such documents at the Overnite Express or Federal Express Drop Box located at 1 MacArthur Place, Santa Ana, California 92707. The envelope was deposited with delivery fees thereon fully prepaid.

☐    **BY PERSONAL SERVICE:** I caused such envelope(s) to be delivered by hand to the above addressee(s).

☐    (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒    (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

Executed on March 14, 2008, at Santa Ana, California.

/s/ Veronica Delgado
_____
Veronica Delgado

1048748.1

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

**SERVICE LIST**
**Jim E. Moore v. J.P. Morgan Bank, et al.**
**USDC, Northern District Case No. C 08-0350 SC**

Thomas Spielbauer, Esq.
The Spielbauer Law Firm
Spielbauer Law Firm
50 Airport Pkwy
San Jose, CA 95110

(408) 451-8499-telephone
(610) 423-1395-facsimile
thomas@spielbauer.com

**Attorneys for Plaintiff, Jim E. Moore**

Eric D. Houser, Esq.
Houser & Allison
A Professional Corporation
9970 Research Drive
Irvine, CA 92618

(949) 679-1111-telephone
(949) 679-1112-facsimile
ehouser@houser-law.com

**Attorneys for Defendant,**
**BNC Mortgage, LLC**

Edward A. Treder, Esq.
Robert E. Weiss Incorporated
920 S. Village Oaks Drive
Covina, CA 91724

(626) 967-4302-telephone
(626) 339-7103-facsimile
etreder@rewlaw.com

**Attorney for Defendant, NDEx West, LLC**

PROOF OF SERVICE

1048748.1