ERIC D. HOUSER (SBN 130079)
JEFFREY S. ALLISON (SBN 173620)
HOUSER & ALLISON
A Professional Corporation
9970 Research Drive
Irvine, California 92618
Telephone: (949) 679-1111
Facsimile: (949) 679-1112

Attorneys for Defendants,
BNC MORTGAGE, LLC, erroneously sued
herein as BNC MORTGAGE, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIM E. MOORE,<br><br>Plaintiffs,<br><br>v.<br><br>CHASE BANK; BNC MORTGAGE, INC.; NDEx West LLC; STIRLING FUNDING CORPORATION; KEVIN CAYLOR; and DOES 1-20,<br><br>Defendants. | Case No.: C 08-0350 SC<br><br>**DEFENDANT BNC'S OPPOSITION TO PLAINTIFF'S REQUEST TO STRIKE DECLARATION OF LINDA DENICOLA**<br><br>DATE: April 4, 2008<br>TIME: 10:00 a.m.<br>The Honorable Samuel Conti<br>Courtroom 1, 17th Floor<br>450 Golden Gate Avenue<br>San Francisco, CA 94102 |

The Plaintiff has filed a Request to Strike the Declaration of Linda DeNicola. Plaintiff does not cite to any authority or Federal Rules of Evidence to support his purported objections. Rather, Plaintiff asserts argumentative misinterpretations of the testimony.

In the Request to Strike, Plaintiff misstates the contents of Ms. DeNicola's declaration and attempts to have it stricken based upon his assertion that she lacks

sufficient experience because "DeNicola has been an employee of BNC for a mere one year and five months." (Request at p. 1.) The declaration on its face shows this statement is incorrect. Ms. DeNicola testifies that she has been the Senior Vice President of Quality Control for a year and a half. In any event, the length of employment is not determinative of Ms. DeNicola's stated personal knowledge of her testimony. (*Federal Rule of Evidence* 601 – General Rule of Competency)

In addition, Ms. DeNicola is charged with understanding BNC's underwriting process. At least half of the Plaintiff's claims are focused on the origination of his loan. BNC's underwriting process is what determined the creation and terms of the loan BNC extended to Plaintiff. Ms. DeNicola is a person who is qualified to comment not only of the Plaintiff's loan but on BNC's underwriting policies based upon her employment as Senior Vice President of Quality Control. Contrary to Plaintiff's allegation Ms. DeNicola's position and qualifications are not just "a fancy title." (Request at p. 1.) Ms. DeNicola's declaration at paragraphs 7, 8, and 10 set forth that according to her review of the Plaintiff's loan documents the policies and procedures of BNC as it relates to the underwriting process were followed. (*Federal Rule of Evidence* 701 – Opinion Testimony by Lay Witness)

Additionally, Plaintiff inaccurately opines that Ms. DeNicola misstated the contents of two referenced documents. Again Plaintiff misstates Ms. DeNicola's declaration. Ms. DeNicola declared that the "preliminary" Truth in Lending Statement dated September 24, 2004, and the "final" Truth in Lending Statement with the same date contained the same numbers. Plaintiff seems to have confused Ms. DeNicola's statement and in his Request to Strike refers to the earlier Truth in Lending Statement which is dated September 15, 2004. (Request at p. 2.)

Next Plaintiff finds fault with Ms. DeNicola's statement that the promissory note and deed of trust the Plaintiff signed are standard forms used in California. (Request at p. 2.) Plaintiff alleges that Ms. DeNicola's statement somehow meant,

"Ms. DeNicola justifies the incomprehensible exploding ARM note by saying that it is proper since BNC uses these as standard forms in California. Repetitious volume of use makes them legal." Here, the Plaintiff actually drafted a paragraph that does not reflect Ms. DeNicola's statement and then based his Request to Strike off his words not hers. As Ms. DeNicola declared she has reviewed large numbers of loan origination files and would know whether a form is regularly used.

Then the Request to Strike questions Ms. DeNicola's opinion regarding the interest rate Plaintiff could have reasonably expected to qualify for. Ms. DeNicola based her testimony upon the Plaintiff's own credit score and credit history at that time. The credit report is attached to the declaration. Ms. DeNicola's stated experience and personal knowledge gives her an understanding of BNC's underwriting process. Ms. DeNicola understands the weight a borrower's credit score carries in terms of the interest rate they are able to obtain.

As shown above, Ms. DeNicola's declaration is admissible and Plaintiff's Request to Strike should be denied.

DATED: April 1, 2008

HOUSER & ALLISON
A Professional Corporation


/s/ Jeffrey S. Allison
Eric D. Houser
Jeffrey S. Allison
Attorneys for Defendant,
BNC MORTGAGE, LLC,
erroneously sued herein as BNC MORTGAGE, INC.

# PROOF OF SERVICE

STATE OF CALIFORNIA   )
                      ) ss.
COUNTY OF ORANGE      )

I am employed in the County of Orange, State of California. I am over the age of eighteen and not a party to the within action. My business address is 9970 Research Drive, Irvine, California 92618.

On April 1, 2008, I served the following document described as:

On the following interested parties in this action:

| Thomas Spielbauer, Esq.<br>THE SPIELBAUER LAW FIRM<br>Spielbauer Law Firm<br>1250 Oakmead Parkway, Suite 210<br>Sunnyvale, CA 94085<br>thomas@spielbauer.com<br>Ph: (408) 451-8499<br>Fax: (610) 423-1395<br>*Attorneys for Plaintiff* | Thomas Spielbauer, Esq.<br>THE SPIELBAUER LAW FIRM<br>Spielbauer Law Firm<br>50 Airport Pkwy<br>San Jose, CA 95110<br>thomas@spielbauer.com<br>Ph: (408) 451-8499<br>Fax: (610) 423-1395<br>*Attorneys for Plaintiff* |
|---|---|
| John Sorich, Esq.<br>Adorno Yoss Alvarado & Smith<br>1 MacArthur Pl Ste. 200<br>Santa Ana, CA 92707<br>(714) 852-6800<br>(714) 852-6899 - FAX<br>*Attorneys for Chase Bank* | Edward A. Treder<br>Law Offices of<br>ROBERT E. WEISS INCORPORATED<br>920 S. Village Oaks Drive<br>Covina, CA 91724<br>(626) 967-4302 Ext. 139<br>(626) 339-7103 - FAX<br>(909) 322-9944 - Mobile<br>etreder@rewlaw.com<br>*Attorneys for NDEx West, LLC* |

[XX]   **VIA OVERNIGHT MAIL/COURIER -- CCP §§ 1013(c), 2015.5** (AS INDICATED IN ATTACHED SERVICE LIST) : By placing a true copy thereof enclosed in a sealed envelope, addressed as above, and placing each for collection by overnight mail service or overnight courier service. I am readily familiar with my firm's business practice of collection and processing of correspondence for mailing with the processing of correspondence for overnight mail or overnight courier service, and any correspondence placed for collection for overnight delivery would in the ordinary course of business, be delivered to an authorized courier or delivery authorized by the overnight mail carrier to receive documents, with delivery fees paid or provided for, that same day for delivery on the following business day.

[ ]  **VIA FIRST CLASS MAIL—CCP §§ 1013(a); 2015.5**: By placing a true copy thereof enclosed in a sealed envelope(s) addressed as above, and placing each for collection and mailing on the date following ordinary business practices. I am readily familiar with my firm's business practice and collection and processing of mail with the United States Postal Service and correspondence placed for collection and mailing would be deposited with the United States Postal Service at Irvine, California, with postage thereon fully prepaid that same day in the ordinary course of business.

[ ]  **VIA FACSIMILE -- CCP §§ 1011, 2015.5:** By arranging for facsimile transmission from facsimile number (949) 679-1112 to the above listed facsimile number(s) prior to 5:00 p.m. I am readily familiar with my firm's practice of collection and processing of correspondence via facsimile transmission(s) and any such correspondence would be transmitted in the ordinary course of business. The facsimile transmission(s) was reported as complete and without error.

I declare under penalty of perjury under the laws of the State of California, that the foregoing is true and correct. Executed on March 10, 2008 at Irvine, California

_____
Courtney Hershey